UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | ) |
| | ) |
| Plaintiff. | ) CIVIL ACTION NO. 3:03-CV- 169 (AVC) |
| v. | ) |
| | ) |
| SCHOELLER & HOESCH, NA, INC. and P.H. GLAFELTER COMPANY, | ) |
| | ) |
| Defendants. | ) SEPTEMBER 4, 2003 |

**PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION**

Pursuant to Local Rule 7(b), Plaintiff Ahlstrom Windsor Locks LLC ("Plaintiff") submits this Motion for Clarification and Reconsideration of this Court's Order of August 8, 2003 granting Defendants Schoeller & Hoesch, NA, Inc., and P.H. Glatfelter Company's ("Defendants") Motion to Bifurcate this case [Dkt. # 22]. (Court Order, Covello, J., attached

```
3:03cv0169 (AVC).  October 24, 2003.  The motion for
reconsideration and for clarification is GRANTED.  The relief
requested is also GRANTED as follows.  In the court's August 8,
2003 ruling, the court ordered a stay of discovery on the issues
of damages and willfulness of infringement pending a liability
determination.  The court did not order a stay of discovery with
respect to sales information.  Evidence of sales is relevant to
liability in that it speaks to the issue of commercial success --
an element of non-obviousness of invention under 35 U.S.C. § 103.
The court's August 8, 2003 order therefore does not bar the
plaintiff from discovery of sales information.  The defendants
need only produce such information dated between July 11, 1995
and September 2, 1999.  Further, to the extent there may be a
collateral dispute regarding the relevancy of sales information
for certain paper grades, the court renders no decision on this
issue as more argument is required, and leaves the issue to
counsel to resolve.  If, in fact, this dispute cannot be
resolved, counsel are welcome to seek the assistance of the
court.

SO ORDERED.
                              _____
                              Alfred V. Covello, U.S.D.J.
```