FILED

2003 NOV 17 P 12: 35

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |
| v. | ) | |
| | ) | |
| SCHOELLER & HOESCH, N.A., INC. | ) | |
| and P.H. GLATFELTER COMPANY, | ) | |
| | ) | |
| Defendants. | ) | NOVEMBER 10, 2003 |

### PLAINTIFF'S SURREPLY TO
### DEFENDANTS' MOTION TO COMPEL

Plaintiff, Ahlstrom Windsor Locks LLC ("Ahlstrom"), has moved the Court for permission to file this surreply to respond to issues raised in Defendants' Reply Memorandum [Dkt. #47] in support of their motion to compel the production of certain documents, as to which Ahlstrom claims a work product privilege.

The documents at issue relate to certain tests of Defendants' products made in anticipation of litigation at the request of Ahlstrom's in-house attorney, Michele M. Totonis, a member of the bar of the State of Connecticut, and a table of said test results ("Totonis table") that she prepared for use in her analysis of a prospective case against Defendants. The issue before the Court is whether the contested documents and information are work product and, if so, whether they should be privileged from disclosure to Defendants.

A. **The Totonis Declaration Establishes That The Contested Documents Are Privileged As Work Product**

Defendants argue (Reply, pages 3-4) [Dkt. # 47] that attorney Totonis' Declaration, submitted in connection with Ahlstrom's Brief in Opposition, "reinforces the conclusion" that the information contained in the Totonis table is "non-privileged, non-work product factual information." Defendants say they need this non-privileged information to prepare their case because attorney Totonis, who prepared the table, would have selected those tests and parameters that were, in her opinion, indicative of infringement.

Federal Rule of Civil Procedure 26(b)(3), which codified the work product rule for the federal courts, "... is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries. *Hickman v. Taylor*, 329 U.S. 495, 510-11(1947). *Analysis of one's case 'in anticipation of litigation'* is a classic example of work product .... and receives *heightened protection* under Fed.R.Civ.P. 26(b)(3)." (Emphasis added). *United States v. Adlman*, 134 F.3d 1194, 1196-97 (2nd Cir. 1998).

The tests performed at attorney Totonis' request and the table which she prepared from the underlying documents and data were made with a prospective lawsuit in mind. They are classic work product. Patent infringement investigations, tests or analyses performed by a party's employees for its in-house counsel, prepared or obtained because of the prospect of litigation, are protected from disclosure as work product under Fed.R.Civ.P. 26(b)(3). *Phillips*

2

*Electronics North America Corp. v. Universal Electronics, Inc.*, 892 F.Supp. 108, 110 (D. Del. 1995).

Ahlstrom's actions throughout the pre-litigation phase of this case are clearly consistent with the pre-filing investigation required by Federal Rule of Civil Procedure 11. Following the completion of the tests requested by attorney Totonis, Ahlstrom consulted with outside counsel regarding a possible patent infringement action; the Defendants were informed of Ahlstrom's concerns regarding possible infringement; and, shortly thereafter, a lawsuit was commenced. The entire pre-litigation phase took approximately seven months from the time of the initial investigations to the filing of a complaint.

While all of this activity properly took place prior to commencement of the litigation, Defendants inexplicably argue in their Reply (page 5) [Dkt.# 47] that documents developed once suit has been commenced "are given much more protection than those developed prior to suit..." But that is not the issue here.[1] Pre-litigation investigations are conducted pursuant to a party's obligation under Fed. R. Civ. P. 11(b), which requires that a pleading be to the best of the pleader's knowledge, information, and belief, formed after a reasonable inquiry. The investigations conducted by Ahlstrom at the request of its in-house counsel were consistent

---

[1] Defendants have never contested the fact that the test results or data in the asserted work product were prepared in anticipation of litigation. They only assert that these materials were *not* prepared *after* the commencement of the litigation. However, the law is clear: litigation need not already have commenced for the work product privilege to apply. See *U.S. v. Adlman*, 134 F.3d 1194 (2nd Cir. 1998); see also, Moore's Federal Practice §26.70[3][a] (3rd ed.).

with its obligation under Rule 11(b) and should be protected from disclosure as privileged information, so as not to discourage compliance with the rules.

**B.  Defendants Have Not Demonstrated a Substantial Need for the Documents and Inability Without Undue Hardship to Obtain Substantial Equivalents.**

To defeat a claim of work product privilege, Defendants are required by Rule 26(b)(3) to make a strong showing of: 1) a *substantial need* for this information in the preparation of their case, and 2) their *inability without undue hardship* to obtain the substantial equivalent of the materials by other means. *Walsh v. Seaboard Surety Company*, 184 F.R.D. 494, 496-97 (D. Conn. 1999); *Janicki v. Paul Revere Life Ins. Co.*, 2000 WL 863030 (D. Conn. 2000); *Loftis v. Amica Mutual Insurance Company*, 175 F.R.D. 5, 10 (D. Conn. 1997). Defendants have not made such a showing.

Defendants argue (Reply, page 9) [Dkt. # 47], in conclusory fashion, that they are in substantial need of the contested documents and data in the preparation of their case, without saying why. Defendants also argue that they have no means for obtaining the substantial equivalent of the tests run by Ahlstrom, when the tests were run on their own products. Defendants know the chemical and physical properties of their own products better than anyone else and are certainly able to obtain and test their own products, should they wish to do so. Defendants, therefore, have failed to make the showing required to meet their "burden of proving that the need for the documents overrides the protection of the work product doctrine," as

required by Rule 26(b)(3). *Loftis v. Amica Mutual Insurance Company, supra,* at 11. As the Second Circuit held in *United States v. Adlman, supra,* at 1199, even where a party shows "substantial need" for disclosure and an inability to obtain their equivalent by other means, Rule 26(b)(3) is intended to ratify the principles that "each side's informal evaluation of its case should be protected, that each side should be encouraged to prepare independently, and that one side should not automatically have the benefit of the detailed preparatory work of the other side." That is exactly what Ahlstrom contends in opposing Defendants' motion to compel.

C.  **Conclusion**

For the reasons stated above and in Ahlstrom's brief in opposition to the motion [Dkt. # 45], Defendants' motion to compel the production of Ahlstrom's work product should be denied.

November 10, 2003

                                                                THE PLAINTIFF,
AHLSTROM WINDSOR LOCKS LLC
BY ITS ATTORNEYS

By _____
Basam E. Nabulsi (CT 20897)
Alexandra B. Stevens (CT 20300)
McCARTER & ENGLISH, LLP
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902
(203) 324-1800
(203) 323-6513 (fax)
bnabulsi@mccarter.com
        -and-
Sidney R. Bresnick (CT 16295)
COHEN, PONTANI, LIEBERAN &
    PAVANE
551 Fifth Avenue
New York, NY 10176
(212) 687-2770
(212) 972-5487 (fax)
sbresnick@cplplaw.com

SO ORDERED:

_____
Date

                                                     _____
United States District Judge / Clerk

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing PLAINTIFF'S SURREPLY TO DEFENDANTS' MOTION TO COMPEL has been mailed, postage prepaid, this 10th day of November, 2003 to:

DINA S. FISHER, ESQ.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

MARC J. FARRELL, ESQ.
Reed Smith LLP
213 Market Street, 9th Floor
P.O. Box 11844
Harrisburg, PA 17108-1844

_____
BASAM E. NABULSI

HARTFORD: 602478.01