IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : |
| Plaintiff | : CASE NO. 3:03-CV-0169-AVC |
| v. | : |
| SCHOELLER & HOESCH, NA, INC., | : |
| and | : |
| P. H. GLATFELTER COMPANY | : |
| Defendants | : NOVEMBER 14, 2003 |

## AFFIDAVIT OF DINA S. FISHER, ESQ.

I, Dina S. Fisher, Esq., being duly sworn, do hereby depose and say:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am a partner with the firm of Robinson & Cole LLP, representing the defendants, Schoeller & Hoesch, NA, Inc. and P.H. Glatfelter Company.

3. I had a telephone conference on Thursday, November 13, 2003 with Basam Nabulsi, Esq. of McCarter & English, representing the plaintiff Ahlstrom Windsor Locks LLC, in which we discussed the issues raised in my November 7, 2003 letter addressed to Eric Grondahl, Esq., sent to all plaintiff's counsel (See attached letter). We were unable to reach any resolution as to the issues raised in my letter.

4. In response to a request from Attorney Nabulsi, I am inquiring into whether a representative who could testify as to manufacturing processes from Papierfabrik Schoeller & Hoesch GmbH & Co. KG located in Gernsbach, Germany (an operating division of Defendant P. H. Glatfelter), is planning to be in the United States in the near future, and if so, whether such

person(s) would be available to be deposed, as a possible alternative to conducting a 30(b)(6) deposition in Germany as to manufacturing processes.

_____
Dina S. Fisher

Subscribed and sworn to before me
this 14th day of November, 2003

_____

# ROBINSON & COLE LLP

DINA S. FISHER

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dfisher@rc.com
Direct (860) 275-8237

November 7, 2003

*Via Facsimile and First Class Mail*

Eric E. Grondahl, Esq.
McCarter & English
CityPlace I
185 Asylum Street
Hartford, CT 06103

Re: *Ahlstrom Windsor Locks LLC v. Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company*

Dear Eric:

I am writing to respond to your Notice of Deposition filed pursuant to Federal Rule 30(b)(6), served on Defendant Schoeller & Hoesch, NA, Inc. ("S&H"). We consent to producing Glen Bonetti, Sales Manager, S&H, for the deposition on November 18, 2003 as noticed, and will produce him for deposition in Hartford in a spirit of cooperation. (Corporate offices of S&H are in North Carolina.)

I do want to talk to you about certain areas of questioning that you have identified, and send this letter in advance to let you know our position.

I will go through your list of items "A" through "D" in order.

A.  Manufacturing Processes

There is no one at S&H or its parent company, Glatfelter, who would be qualified to answer questions on the listed topics. All such manufacturing operations, including R&D and product development, take place in Gernsbach, Germany at Glatfelter's subsidiary, Papierfabrik Schoeller & Hoesch GmbH & Co. KG. This entity is not a party to this suit, and is not controlled in any way by S&H. We do not read your 30(b)(6) notice as encompassing this company. At any rate, no one within S&H as



*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK

*www.rc.com*

## ROBINSON & COLE LLP

November 7, 2003
Page 2

you have defined it can address these topics. So, we assume (unless you revise your notice) that we will need to move for protective order on this category.

B. <u>Sales and Marketing</u>

Glen Bonetti will testify as to the categories identified, within the limitations of the Stipulated Protective Order agreed upon and executed by the parties as well as Judge Covello's Orders of August 8 and October 24, 2003. He will also not testify as to any privileged information or information protected by the attorney work product doctrine.

C. <u>The '997 Patent</u>

We object to producing anyone to testify as to any of the categories of questions identified in this section. As to subcategory (2), including this category of questions in your notice of deposition goes far beyond the parties' agreement as to the limited area of discovery to be conducted regarding pre-1999 events, which we agreed would only encompass information regarding (a) the validity and/or enforceability of the '997 patent, (b) the scope and/or content of any claim in the '997 patent, and/or (c) the infringement or non-infringement of one or more claims of the '997 patent by any products. As such, any pre-1999 information outside of those limited exceptions is not discoverable. Further, as to information regarding the validity, enforceability, claim construction and/or infringement of the '997 patent – both pre- and post-1999 - all such information would fall under the attorney/client privilege and/or the attorney work product doctrine.

We intend to move for protective order with respect to this entire topic, and therefore do not intend to produce anyone for deposition on the 18th with regard thereto.

D. <u>Documentation</u>

1. The same answer to "A" above applies here. All information regarding manufacturing is in Germany. S&H has no such information.
2. Glen Bonetti will address this topic.
3. Same as "2" above.
4. Same as "C" above.
5. Same as "C" above.



**ROBINSON & COLE** LLP

November 7, 2003
Page 3

At your convenience, please give me a call so that we can discuss the issues raised in this letter.

In the meantime, we will see you on Monday at the deposition of Michele Totonis, the plaintiff's designated witness for our 30(b)(6) deposition. Please understand that our proceeding with the deposition on Monday in no way constitutes a waiver of our objections to your client's stated intention to claim of privilege as to a number of areas we wish to inquire into, as indicated in our notice.

Very truly yours,

Dina S. Fisher

DSF/sw
cc:  Marc Farrell, Esq.
     Sidney Bresnick, Esq.
     Basam Nabulsi, Esq.

