FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 DEC 16 A 9:10

DISTRICT COURT
HARTFORD CT

AHLSTROM WINDSOR LOCKS, LLC, :
    Plaintiff, :
     :
VS. :   Civil No. 3:03CV0169 (AVC)
     :
SCHOELLER & HOESCH, NA, INC, :
and P.H. GLAFELTER COMPANY, :
    Defendants. :

### ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO COMPEL

This is an action for a damages and declaratory relief. The plaintiff and counterclaim defendant, Ahlstrom Windsor Locks LLC (hereinafter "the plaintiff") alleges that the defendants and counterclaim plaintiffs, Schoeller & Hoesch, NA, Inc., and P.H. Glatfelter Company (hereinafter "the defendants") are infringing upon its rights to U.S. Patent No. 5,431,997 ("the `997 patent"). The `997 patent concerns a fibrous web material used in making infusion packages for brewing. By way of counterclaim, the defendants seek a declaration that the `997 patent is invalid and unenforceable.

The defendants now move to compel the plaintiff to furnish: (1) a complete response to interrogatory number 1, which requests a list of the defendants' products that are alleged to infringe the `997 patent, the claims of the `997 patent that are alleged to be infringed, and an element-by-element comparison of plaintiff's allegedly infringing claims to the defendants' accused products; (2) complete responses to requests for production 5, 9, 15, and 20 concerning materials relating to infringement investigation/ analysis; and (3) a table prepared by

attorney Michelle Totonis that is listed on the plaintiff's privilege log and reflects the results of a hot water test/comparison of the products at issue.

In response to interrogatory number 1, the plaintiff maintains that as a contention interrogatory, no response is required until the end of discovery and that, until the defendants have complied with their discovery obligations, the plaintiff should not be required to furnish any additional information. With respect to the requests for production numbers 5, 9, 15, and 20, the plaintiff maintains that it has already furnished relevant information, and is aware of its continuing obligation to furnish information as it comes into the plaintiff's possession. Finally, with respect to the Totonis table, the plaintiff asserts that it was prepared in anticipation of litigation and is therefore shielded from disclosure by the work product doctrine.

Having reviewed the parties relevant positions, the motion is granted to the extent it seeks to compel responses to interrogatory 1 and requests for production 5, 9, 15, and 20. The court orders, however, a <u>simultaneous</u> exchange of relevant claims information and, in this regard, on February 27, 2004, the parties shall simultaneously exchange their proposed claim constructions. The plaintiff shall provide <u>all</u> facts and identify all information supporting its allegations of infringement, and the defendants shall provide <u>all</u> facts and identify all information supporting their allegations of

invalidity. Failure to properly disclose shall be at the party's peril as, after February 27, 2004, any party seeking to amend, modify or submit any proposed claim construction must either obtain consent of all parties or leave of the court.

Finally, the motion is denied to the extent it seeks disclosure of the Totonis table. Because this item was prepared in anticipation of litigation, it is protected by the work product doctrine. See e.g., Aktiebolag v. Andrx Pharmaceuticals, Inc., 208 F.R.D. 92 (S.D.N.Y. 2002).

## CONCLUSION

The motion to compel (document no. 39) is therefore GRANTED in part and DENIED in part.

It is so ordered this 12th day of December, 2003 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge