UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |
| v. ) | |
| ) | |
| SCHOELLER & HOESCH, N.A., INC. ) | |
| and P.H. GLATFELTER COMPANY, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO RESET EXCHANGE SCHEDULE

### STATEMENT

In an order dated December 12, 2003, the Court set February 27, 2004 as the date for the parties to simultaneously exchange relevant claims information, including all facts and information supporting their allegations of patent infringement and invalidity. Plaintiff respectfully moves the Court to reset the exchange date to April 27, 2004, an extension of 60 days, in order to complete its discovery on these important issues. The grounds for the motion follow.

### GROUNDS FOR THE MOTION

Plaintiff has diligently attempted to obtain discovery on the technical issues relating to infringement since November 2003. It has only been in the past two weeks that this discovery was forthcoming from Defendants, and Plaintiff had to go to Germany to obtain it. The record with respect to Plaintiff's attempts to obtain discovery on the technical issues in this case clearly demonstrates the difficulty Plaintiff has had in obtaining full, complete and timely discovery from Defendants and the need for additional time to complete this discovery.

1. On October 31, 2003, Plaintiff first served a 30(b)(6) notice of deposition on Defendants seeking a deposition on November 18, 2003 with respect, *inter alia*, to relevant information respecting the nature and properties of the alleged infringing products and their method of manufacture, clearly issues of importance. (Exh. A)

2. Defendants initially insisted that Schoeller & Hoesch Germany was a separate corporation from that of Defendant Glatfelter, and not within its control; that they could not arrange for the production of the German witnesses for their deposition; and they filed a motion for a protective order in that regard. (Exh. B) This claim of Schoeller & Hoesch's corporate independence was clearly unfounded, as later events proved true, including the testimony of Glatfelter's corporate accountant, who testified as to the interaction of these corporate entities. Defendants subsequently abandoned that position.

3. Defendants' argument of corporate independence having failed, the 30(b)(6) depositions were rescheduled for December 2, 2003 in Harrisburg, Pennsylvania, for the U.S. witnesses, and during the week of January 12, 2004 in Baden-Baden, Germany (Exh. C) where Defendants agreed voluntarily to produce their technically competent witnesses. Plaintiff was given five witnesses, two of whom were technically competent, whose depositions were to be taken in a four day period. The four day period was determined by Defendants, not Plaintiff. The reason given was that Defendants needed the Monday of that week to prepare their witnesses. During the depositions, four of the witnesses required a German-English interpreter and one required a French-English interpreter.

4.  Despite repeated requests for documents prior to the depositions, Defendants insisted, on December 23, 2003, and again on January 8, 2004, that they did not expect to produce any additional documents during the depositions in Germany. (Exh. D)

5.  At 8 p.m. on Monday, January 12, 2004, just prior to the start of the depositions on the following day, Defendants produced on the order of 1-2 thousand pages of unnumbered German language documents. There was no time to translate these documents for use at the deposition on the following day.

6.  Again, during the depositions, in the early evening of January 14, Defendants produced approximately 1,000 additional pages of unnumbered German language documents in the form of computer printouts of production runs, having a substantial technical content. Plaintiff was then in the middle of a deposition of one of Defendants' technical witnesses, which deposition did not conclude until around 8 p.m. that evening. There was no time to have these documents translated.

7.  Additional large numbers of unnumbered German language documents were produced during the deposition of another witness on January 15, many pages of which were in handwriting and were difficult to read. These documents appear to be relevant to the development of Defendants' alleged infringing products. There was no time to have these documents translated.

8.  At the conclusion of the depositions on Friday, January 16, Defendants offered to bring the German technical witnesses back to the United States to continue their depositions, which had not been completed. A date has not yet been set for these depositions to be taken.

9. The documents produced at the depositions in Germany had to be shipped back to the United States and were received in this office on January 21. A translation service has been retained and translations of the documents began on January 23. It will take at least two weeks to complete the translations.

10. Upon receipt of the translations, Plaintiff's counsel will need to review the documents in preparation for the continued depositions of the German technical witnesses. A time for their depositions will be scheduled as soon as arrangements can be made for the witnesses to travel to the United States.

11. It is estimated that it will require an additional 60 days beyond the presently scheduled exchange date to fully accomplish the document review and depositions needed to collect and present the facts called for in the simultaneous exchange.

12. Despite Defendants' last minute production of approximately 2-3,000 unnumbered German language documents, and the obvious difficulty in examining German witnesses without an opportunity to review the documents beforehand, Defendants' counsel has advised Plaintiff's counsel that Defendants would not agree to this motion for an extension of the exchange date.

## CONCLUSION

For the reasons stated, Plaintiff respectfully requests that the date for the exchange of information respecting patent infringement and invalidity be reset to include a 60 day extension of time to April 27, 2004. This is Plaintiff's first request for an extension of the exchange date. This request will not impact any of the remaining discovery deadlines.

January 26, 2004                    Cohen, Pontani, Lieberman & Pavane

                                    By _/s/ Sidney R. Bresnick_
                                    Sidney R. Bresnick (ct 16295)
                                    551 Fifth Avenue
                                    New York, NY 10176
                                    Tel. 212-687-2770
                                    Fax 212-972-5487
                                        -and-
                                    McCarter & English, LLP
                                    Basam E. Nabulsi, Esq. (ct 20897)
                                    Four Stamford Plaza
                                    107 Elm Street, 9th Floor
                                    Stamford, CT 06902
                                    Tel. 203-965-0601
                                    Fax 203-323-6513

                                    Attorneys for Plaintiff,
                                    Ahlstrom Windsor Locks LLC

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Motion To Reset Exchange Schedule has been mailed, postage prepaid, this 26th day of January, 2004 to:

   Dina S. Fisher, Esq.
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
        -and-
   Marc J. Farrell, Esq.
   Reed Smith LLP
   213 Market Street, 9th Floor
   P.O. Box 11844
   Harrisburg, PA 17108-1844

                    _/s/ Sidney R. Bresnick_
                    Sidney R. Bresnick