IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : |
| Plaintiff | : CASE NO. 3:03-CV-0169-AVC |
| v. | : |
| SCHOELLER & HOESCH, NA, INC., | : |
| and | : |
| P. H. GLATFELTER COMPANY | : |
| Defendants | : MARCH 5, 2004 |

## MOTION TO SHORTEN RESPONSE WINDOW

Pursuant to Local Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, the Defendants, Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company ("Defendants"), respectfully move to shorten the response window in which opposition papers must be filed to Defendants' Motion for Order of Compliance filed on March 3, 2004. The standard 21-day timeframe provided in the Local Rules would require Plaintiff's opposition papers to be filed by March 24, 2004. Due to pressing time constraints and the need to resolve outstanding disputes as to critical documents withheld as work product or privileged, Defendants ask that Plaintiff be required to file its opposition by March 12, 2004.

In support of this motion, the Defendants represent as follows:

1. The Court has set the date of April 27, 2004 for a simultaneous exchange by the parties of their proposed claims construction. *See* Order of the Court dated December 12, 2003 ("12/12/03 Order").

2. Well in advance of that date, the Defendants must resume the deposition of Plaintiff's Rule 30(b)(6) witness, whom Plaintiff designated to be in-house counsel, Michele

Totonis, Esq. This deposition was begun on November 10, 2003.

3. As set forth in more detail in Defendants' Motion for Order of Compliance, Plaintiff and Defendants have drastically different interpretations of the Court's 12/12/03 Order, which in turn results in a dispute as to what the permissible scope of inquiry shall be upon the resumption of Ms. Totonis' deposition.

4. Therefore, the Totonis Deposition cannot be fruitfully resumed until Defendants' Motion for Order of Compliance is ruled upon.

5. The resumption of Ms. Totonis's Rule 30(b)(6) deposition is currently scheduled for March 16, 2004.

6. Defendants have also scheduled the deposition of James Alix, Esq., who was Plaintiff's patent counsel and who has relevant information bearing on the validity and enforceability of the patent-in-suit as well as Plaintiff's claim for breach of contract. Counsel for the Plaintiff has alerted the undersigned counsel that Mr. Alix's deposition, now scheduled for March 19, 2004, must be rescheduled due to his unavailability, but also that Attorney Alix will be claiming attorney/client privilege for most if not all of his requested documents as well as the subject matter of the deposition. (See attached affidavit of Dina S. Fisher, at Tab A.)

7. It would not be productive for either party for Defendants to conduct the deposition of Mr. Alix or Ms. Totonis until the Court has ruled on the pending motion.

8. An additional reason for accelerating the timing of the Court's disposition of the pending motion is Plaintiff's current and continued defiance, in Defendants' estimation, of the 12/12/03 Order to produce full and complete response to its discovery requests. This discovery includes documents which have been improperly withheld on the grounds of privilege and/or the work product doctrine for at least eight months or more. Defendants believed the 12/12/03 Order to have resolved the issue in its favor, but have since learned that Plaintiff remains intent on withholding the sought-after information indefinitely. Without these documents, Defendants'

hands are tied, and they cannot productively move forward in the preparation of their defense.

**WHEREFORE**, Defendants respectfully request that the Court order the Plaintiff, Ahlstrom Windsor Locks LLC, to file its opposition to the Defendants' March 3, 2004 Motion for Order of Compliance no later than Friday, March 12, 2004, so that the Court can proceed to rule on the Motion on an expedited basis, given the time constraints under which both parties are now operating.

Attorneys for Defendants,
Schoeller & Hoesch, NA, Inc. and
P. H. Glatfelter Company

By _____
Dina S. Fisher (ct 14896)
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
dfisher@rc.com

Marc J. Farrell (ct 24539)
REED SMITH LLP
213 Market Street, 9th Floor
P.O. Box 11844
Harrisburg, PA 17108-1844
(717) 257-3044
mfarrell@reedsmith.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served by means of facsimile and federal express, on this the 5th day of March, 2004, upon the following:

> Sidney R. Bresnick, Esquire
> Yunling Ren, Esquire
> Cohen, Pontani, Lieberman & Pavane
> 551 Fifth Avenue
> New York, NY 10176
>
> Basam E. Nabulsi, Esquire
> Alexandra Stevens, Esquire
> McCarter & English LLP
> Four Stamford Plaza
> 107 Elm Street, 9th Floor
> Stamford, CT 06902

_____
Dina S. Fisher

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : |
| Plaintiff | : CASE NO. 3:03-CV-0169-AVC |
| v. | : |
| SCHOELLER & HOESCH, NA, INC., | : |
| and | : |
| P. H. GLATFELTER COMPANY | : |
| Defendants | : MARCH 5, 2004 |

### AFFIDAVIT OF DINA S. FISHER, ESQ.

I, Dina S. Fisher, Esq., being duly sworn, do hereby depose and say:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am a partner with the firm of Robinson & Cole LLP, representing the defendants, Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company.

3. Defendants have still not received all the documents requested of the Plaintiff on May 22, 2003. A number of documents containing facts relevant to the Defendants' defenses have been withheld on work product grounds, and have been the subject of frequent discussions between myself and counsel for the Plaintiff, which discussions have failed to lead to resolution.

4. Because of the April 27, 2004 deadline, and time being of the essence in overcoming issues surrounding Plaintiff's withholding of documents on the grounds of privilege and work product, I spoke today with Sidney R. Bresnick, counsel for the Plaintiff, to obtain agreement as to shortening the timeframe in which Plaintiff would file its opposition to Defendants' March 3, 2004 Motion for Order of Compliance.

5.      Attorney Bresnick stated that he could not say when the Plaintiff's opposition papers would be filed, and that he would not likely be in a position to say until at least the middle of next week (over a week after the filing of our motion).

6.      He also said that additional claims of privilege will be raised by the Plaintiff with respect to the noticed deposition of Attorney James Alix, currently scheduled for March 19, 2004. Mr. Alix is the attorney who prosecuted the patent-in-suit, as well as the attorney primarily responsible for the negotiation of the 1999 Settlement Agreement on behalf of Plaintiff, which is not the subject of Plaintiff's breach of contract claim. Stating that the deposition of March 19 could not go forward due to his own unavailability, Mr. Bresnick suggested that Attorney Alix might be available for deposition during the following week; however, I was cautioned that he would be claiming privilege as to most if not all of the documents requested as well as to likely topics of questioning.

7.      I also inquired as to outstanding documents that were requested on May 22, 2003, which have not yet been produced and which were promised to the Defendants on January 30, 2004. Attorney Bresnick stated that they were still being reviewed, and that additional privilege or work product issues were arising. He could not say when these long overdue documents would be produced.

8.      Attorney Bresnick also agreed with the undersigned that it would likely be unproductive to resume the deposition of Michele Totonis, Plaintiff's Rule 30(b)(6) witness, until the Court resolves the attorney/client privilege and work product issues raised in Defendants' March 3, 2004 motion.

9.   The Defendants did not file the March 3, 2004 motion earlier in part to await the delivery of documents promised on January 30, 2004, to see if additional issues concerning claims of privilege would arise.

_____
Dina S. Fisher

Subscribed and sworn to before me
this 5th day of March, 2004

_____