UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SCHOELLER & HOESCH, N.A., INC. and )<br>P.H. GLATFELTER COMPANY, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |

### DECLARATION OF SIDNEY R. BRESNICK, ESQ.

Sidney R. Bresnick declares and says:

1) I am a member of the bar of the State of New York and of the United States District Court for the District of Connecticut and am of counsel with the law firm of Cohen, Pontani, Lieberman & Pavane, 551 Fifth Avenue, New York, New York 10176, attorneys for plaintiff, Ahlstrom Windsor Locks, LLC.

2) Defendants, Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company, have moved for an order shortening the time for plaintiff to respond to their motion for an order compelling compliance with the Court's order of December 12, 2003. In support of their motion to shorten plaintiff's time to respond, defendants have attached an affidavit of Dina Fisher, Esq., in which Ms. Fisher recounts a phone conversation that I had with her on March 5, 2004 regarding defendants' motion and notices of deposition.

3) Ms. Fisher's recollection of our phone conversation and events subsequent thereto is inaccurate and incomplete. It is also misleading in its suggestion that it in any way supports defendants' motion to shorten plaintiff's response time with respect to the defendants' motion for an order of compliance.

4) In the first place, the subject matter of our phone conversation had nothing to do with the *substance* of defendants' motion for an order of compliance. That order has been fully complied with, as will be shown in plaintiff's opposition papers. Ms. Fisher's telephonic inquiry of me related, instead, to my estimate of when we expected to reply to their motion, the production of certain documents, and the scheduling of depositions that defendants had just noticed.

5) With respect to the motion itself, I only received a copy the preceding day, Thursday, March 4 and had not yet read it. I also received on that same day defendants' notices of deposition for the following persons:

> Michele Totonis on March 16;
> Helen Viazmensky on March 17;
> Peter Scott on March 18;
> Brian Koesher and James Alix on March 19.

6) I advised Ms. Fisher in our phone conversation, as a courtesy, that any nonpublic documents in Mr. Alix's possession would most likely be privileged. (Mr. Alix is the attorney who prosecuted plaintiff's patent-in-suit in the Patent Office.) I also told Ms. Fisher that plaintiff had already produced all of the documents in its files relating to the patent-in-suit, except for those identified in its privilege log, a couple of public record attachments to documents relating to plaintiff's European counterpart patent application, and some computer generated production runs, which would be produced within a few days. It is my understanding that all of these additional documents will be produced to defendants this week, prior to the depositions of Scott and Viazmensky. I also told Ms. Fisher that I had a previously scheduled mediation conference on the 19th, which, if it went forward, would prevent me from attending the depositions of Koesher and Alix on the 18th and 19th. I suggested that we reschedule those depositions.

2

7)   Later on March 5, after making some inquiries and determining the availability of the witnesses, I called Ms. Fisher back about midday and left a message for her that Mr. Scott and Ms. Viazmensky would be available for their depositions on the 16th and 17th, but that I could not say for sure when Mr. Alix would be available because he is not employed by plaintiff, and is retired from his former law firm of Alix, Yale & Ristas.

8)   In the late afternoon on the same day, March 5, Ms. Fisher called me back to say that she had decided *not* to take the depositions of Scott and Viazmensky until defendants could take all five depositions in a single block of time to accommodate her co-counsel, Mr. Farrell. It was then too late in the day for me to make any further inquiries of the witnesses ahead of the weekend.

9)   On Saturday night, March 6, Ms. Fisher left a voice mail on my office telephone saying that she had *changed her mind* and now wanted to take the depositions of Mr. Scott and Ms. Viazmensky on the 16th and 17th. I did not receive that message until Monday morning, March 8, when I returned to my office.

10)  At about 10:30 a.m. on Monday morning, March 8, Ms. Fisher called me again to say that in addition to the depositions of Scott and Viazmensky, she now also wanted to take the depositions of Ms. Totonis on April 1st and Mr. Koesher and Mr. Alix on April 2nd. I said I would check with them and determine their availability.

11)  At no time during any of our phone conversations or in the messages she left for me did Ms. Fisher mention that she had already filed a motion to shorten the plaintiff's time to respond to defendants' motion to compel compliance with the Court's order of December 12. That motion was faxed to my office at about *4:30 p.m. on Friday evening,*

3

but was not delivered to me immediately. I did not receive the fax until shortly after noon on Monday, March 8, after I had spoken with Ms. Fisher earlier that morning.

12) If Ms. Fisher had told me at any time that she was planning to file a motion to shorten the response time, I would have tried to accommodate her as best I could. But she did not give me the chance to do so and, by remaining silent, misled me into thinking that we were now on track with the deposition and briefing schedules.

13) Ms. Fisher's affidavit appears to place the blame for defendants' apparent time bind on plaintiff, but the facts do not support this. As defendants have said, the time for discovery is running short and plaintiff is well aware of that fact. Consequently, plaintiff has taken the following depositions of defendants over the past several months:

| | | |
|---|---|---|
| Bonetti | 11/18/03 | (Hartford) |
| Schreffler | 12/5/03 | (Harrisburg, PA) |
| Alverson | 12/5/03 | (Harrisburg, PA) |
| Dannhauser | 01/12/04 | (Germany) |
| Werner | 01/13/04 | (Germany) |
| Slawik | 01/14-16 | (Germany) |
| Grauer | 01/14-16 | (Germany) |
| Slawik | 02/17-18 | (Philadelphia, PA) |
| Grauer | 02/19-20 | (Philadelphia, PA) |

Many of these depositions were taken under daunting conditions, requiring interpreters and translators for the German witnesses and the 2-3,000 pages of German language documents that were produced *during* the depositions. Defendants could have taken their own discovery during this time, but chose not to do so. The supposed lack of documents is an excuse and nothing more.

14) There is no rational basis in Ms. Fisher's affidavit regarding her phone call to me that supports defendants' motion for a shortened response time. Defendants should not be allowed to rely upon it as a means to force plaintiff to respond to their motion on their

4

shortened schedule, and not by D. Conn. L. Civ. R. 7 (a) (1), which provides for a 21 day response time.

I declare under penalty of perjury that that the foregoing is true and correct. Executed on this 10th day of March, 2004.

_____
Sidney R. Bresnick