61

FILED

2004 MAR -3 P 3: 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : | |
| Plaintiff | : | CASE NO. 3:03-CV-0169-AVC |
| | : | RKW |
| v. | : | |
| | : | |
| SCHOELLER & HOESCH, NA, INC., | : | |
| and | : | |
| P. H. GLATFELTER COMPANY | : | |
| Defendants | : | MARCH 3, 2004 |

## MOTION FOR ORDER OF COMPLIANCE

The Defendants, Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company

3:03cv0169 (AVC). March 16, 2004. This is an action for a damages and declaratory relief. The plaintiff and counterclaim defendant, Ahlstrom Windsor Locks LLC (hereinafter "the plaintiff") alleges that the defendants and counterclaim plaintiffs, Schoeller & Hoesch, NA, Inc., and P.H. Glatfelter Company (hereinafter "the defendants") are infringing upon its rights to U.S. Patent No. 5,431,997 ("the `997 patent"). The `997 patent concerns a fibrous web material used in making infusion packages for brewing. By way of counterclaim, the defendants seek a declaration that the `997 patent is invalid and unenforceable. The defendants now move for an order requiring the plaintiff to comply with the court's December 12, 2003 discovery order. Having reviewed that order and the contentions of counsel, the motion is denied to the extent it seeks production/disclosure of any claims/infringement information prior to the simultaneous disclosure date of April 27, 2004. The motion is also denied to the extent it seeks the test data included in the Totonis table or an order compelling attorney Totonis to give testimony concerning this table because: (1) the data was collected in anticipation of litigation and therefore is protected by the work-product doctrine, Golden Trade, S.r.L. v. Jordache, 143 F.R.D. 508, 511 (S.D.N.Y. 1992) ("although the information sought is, in a sense, factual. . . the disclosure of this body of information. . . will allow the defendants in effect to appropriate the research labors and, to a degree, the analysis of the attorney's agent"); and (2) the defendants have failed to show substantial need or inability to obtain equivalent data. For these reasons, the motion is DENIED.

SO ORDERED.

Alfred V. Covello, U.S.D.J.