UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:03 CV-0169 (AVC) |
| | ) | |
| SCHOELLER & HOESCH, N.A., INC. and | ) | April 6, 2004 |
| P.H. GLATFELTER COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR ORDER OF COMPLIANCE

**I.   Statement**

Schoeller & Hoesch, N.A., Inc. and P. H. Glatfelter Company ("Defendants") have asked the Court to reconsider its order of March 16, 2004 ("the March 16 Order"), in which it denied, on the basis of attorney work product, their motion to compel the production of test data included in the Totonis table and to compel attorney Totonis to give testimony concerning the table. Defendants assert that they are not really seeking work product, but only the facts underlying the work product.

Defendants' motion is unsupportable, both on the facts and the law, and has twice been denied by the Court. Defendants' first motion was to compel production of the Totonis table. That motion was denied by the Court on December 12, 2003, because the table "was prepared in anticipation of litigation, [and] is protected by the work product doctrine." Defendants' second motion, which was styled as a motion to compel compliance, included a request for an order compelling Plaintiff to produce the underlying test data for the Totonis table and compelling attorney Totonis to give

testimony concerning the table. That motion was denied by the Court in the March 16 Order, because "(1) the test data [compiled in the Totonis table] was collected in anticipation of litigation and therefore is protected by the work product doctrine, ... and (2) the defendants have failed to show substantial need or inability to obtain equivalent data." Defendants have now brought a third such motion to compel production of the *same* documents and testimony from attorney Totonis.

## II. The Court Has Properly Determined That The Documents And Testimony Are Work Product

The Court's orders of December 12, 2003 and March 16, 2004 properly -- and very clearly -- held that the Totonis table and the underlying test data that is compiled therein are protected under the work product doctrine. Ignoring the plain import of these rulings, Defendants now say that they "must have miscommunicated the object of [their] motion" and that they "are not seeking work product, but simply the facts underlying the documents withheld as work product." This is disingenuous to say the least. The test data compiled in the Totonis table were *specifically* referred to in the Court's March 16 Order, and held to have been "collected in anticipation of litigation and therefore ... protected by the work-product doctrine."

Defendants also assert that the Court's citation of *Golden Trade S.r.L. v. Jordache*, 143 F.R.D. 508 (S.D.N.Y. 1992), in the March 16 Order, is inapposite because the role of the underlying information in *Golden Trade* involved a prior art search whereas in this case the underlying information allegedly goes to Plaintiff's allegations of infringement. But *Golden Trade*, in addition to its citation in cases involving prior art searches (*Sawgrass Systems, Inc. v. BASF*, 50 U.S.P.Q. 1687 (E.D. MI 1999), has also been cited generally to establish work product protection in cases involving *witness*

2

statements (*Herman v. The Crescent Publishing Group*, 2000 WL 1371311, (S.D.N.Y. 2000); *Bank of New York v. Meridien Biao Bank*, 1996 WL 490710 (S.D.N.Y. 1996)), and *e-mails* containing attorney work product to a nonlawyer family member in a criminal case (*United States v. Martha Stewart and Peter Bacanovic*, 287 F. Supp. 461 (S.D.N.Y. 2003). In the *Martha Stewart* case, Judge Cedarbaum cited *Golden Trade* in reference to the work product doctrine at 465-66:

> In civil litigation, the work product doctrine has experienced tremendous growth through amendments to the Federal Rules of Civil Procedure and through decisional law and now extends its protection far beyond *Hickman's* concern for "the files and the mental impressions of an attorney." *Hickman*, 329 U.S. at 509, 67 S.Ct. 385; *see, e.g., Nobles*, 422 U.S. at 238-39, 95 S.Ct. 2160 (noting that because of the realities of the adversary system, "[I]t is ... necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."; *United States v. Adlman*, 134 F.3d 1194, 1198 (2d Cir. 1998) (stating that to acquire work product protection, a document need not be prepared to assist in litigation, as long as it is prepared in anticipation of litigation); *Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 508-511 (S.D.N.Y. 1992).

The data compiled in the Totonis Table is test data that was specifically prepared in anticipation of litigation. The data was compiled "to aid in anticipated litigation and its fruits come squarely within the ambit of the work-product doctrine. Although the information sought is, in a sense, factual ... [its disclosure] will allow defendants in effect

3

to appropriate the research labors and, to a degree, the analysis of the attorney's agent ... and in that respect the request for disclosure trenches not merely upon the literal definition of work product found in Rule 26(b)(3), but also upon one of the policies embodied by the rule, which is to preclude one attorney from "perform[ing] [his] function either without wits or on wits borrowed from the adversary. (citing *Hickman v. Taylor*)" *Golden Trade*, supra, at 512.

### III. Defendants' Argument That The Test Data Underlying The Totonis Table Is Needed Because It Might Refute Plaintiff's Claim Of Infringement Is Wholly Without Merit

Of all the arguments made by Defendants in attempting to obtain the production of Plaintiff's work product, its assertion that it needs the test data that is compiled in the Totonis table because it might refute Plaintiff's claim of infringement is the most inapposite. The data compiled in the Totonis table, was collected prior to filing suit as part of an investigation by attorney Totonis in accordance with a Plaintiff's obligations under Rule 11, Fed. R. Civ. P. Once an action has commenced, the parties are expected to use the discovery process provided in the Federal Rules of Civil Procedure to obtain the evidence they need to prove their case. To permit a party to invade an attorney's prefiling investigation on the assumption that it might refute evidence later obtained during a lawsuit through the discovery process is too facile a reason for piercing the work product privilege. To do so would reveal the attorney's mental impressions, conclusions and case strategy and would have a pernicious effect on the work product doctrine.

In *Loftis v. Amica Mutual Insurance Company*, 175 F.R.D. 5, 10-12 (D. Conn. 1997), the Court held that "[t]he work product doctrine shields from disclosure

documents and other materials prepared in anticipation of litigation or trial by a party or a party's representative, absent a showing of substantial need. ... By establishing a zone of privacy for strategic litigation planning, the work product doctrine prevents one party from piggybacking on the adversary's preparation." The *Loftis* Court then discussed the degree of protection to be afforded the work product and held that this was "dependent upon whether the work product *is ordinary or opinion* work product. ... Opinion work product, which reflects the mental impressions, conclusions or opinions of an attorney, receives greater protection. Disclosure of opinion work product is particularly disfavored by the courts and requires a far stronger showing of necessity and unavailability by other means. (citing cases) (party seeking discovery of opinion work product must demonstrate "extraordinary justification" ... )." See also, *General Electric Capital Corp. v. Directv, Inc. & Hughes Electronics*, 1998 WL 849389 (D. Conn. 1998), at *9, citing *Amica, supra*; and *SEC v. Cavanagh*, 1998 WL 132842 (S.D.N.Y. 1998) (notes of SEC attorneys of prelitigation interview of defendants are "classic" opinion work product, not discoverable by defendants).

### III.  Conclusion

The arguments presented by Defendants in support of their motion for reconsideration have twice been considered and twice denied by the Court. To allow Defendants to obtain the test data that is contained in the Totonis table would effectively reveal the table and the associated work product. Defendants' motion should be denied.

5

|  |  |
|---|---|
| | Respectfully submitted, |
| April 6, 2004 | Cohen, Pontani, Lieberman & Pavane |

By /s/ Sidney R. Bresnick
Sidney R. Bresnick, Esq. (ct 16295)
Yunling Ren, Esq.
David Badanes, Esq.
551 Fifth Avenue
New York, NY 10176
Tel. 212-687-2770
Fax 212-972-5487
        -and-
McCarter & English, LLP
Basam E. Nabulsi, Esq. (ct 20897)
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902
Tel. 203-965-0601
Fax 203-323-6513

Attorneys for Plaintiff,
Ahlstrom Windsor Locks LLC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Opposition to Motion for an Order of Compliance has been sent by first class mail, postage prepaid, this 6th day of April, 2004 to:

>Dina S. Fisher, Esq.
>Robinson & Cole LLP
>280 Trumbull Street
>Hartford, CT 06103-3597
>              -and-
>Marc J. Farrell, Esq.
>Reed Smith LLP
>213 Market Street, 9th Floor
>P.O. Box 11844
>Harrisburg, PA 17108-1844

_____
Sidney R. Bresnick