Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC,    )<br>                                                                )<br>            Plaintiff,                             )<br>                                                                )<br>    vs.                                                     )   Case No.: 303-CV-0169 (AVC)<br>                                                                )<br>SCHOELLER & HOESCH, NA, INC. and  )<br>P.H. GLATFELTER COMPANY,        )<br>                                                                )<br>            Defendants.                         )<br>                                                                )   May 6, 2003 | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT SCHOELLER & HOESCH, NA, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Ahlstrom Windsor Locks LLC ("Plaintiff" or "Ahlstrom"), requests that it be permitted to inspect and copy each of the documents described below which are believed to be in the possession, custody or control of Defendant Schoeller & Hoesch, NA, Inc. ("Defendant" or "S&H"). It is requested that production be made within thirty (30) days following the date of service of this Request at the offices of Cohen, Pontani, Lieberman & Pavane, 551 Fifth Avenue, Suite 1210, New York, NY 10176, or at another mutually agreeable location.

In accordance with Rule 26(e) of the Federal Rules of Civil procedure, these discovery requests shall be deemed to be continuing and in the event that Defendant discovers further information or documents which are responsive or which alter or augment the answers already given, it is requested that Defendant promptly provide Plaintiff with such information by amended or supplemental answers.

If Defendant objects to furnishing the information or documents or any part or portion thereof requested by a document request, Defendant should state the basis of its objection(s), identify the type or categories of responsive information or documents to which each objection applies, and furnish all requested information and documents to which an objection does not apply.

Where Defendant contends that an answer, partial answer or document has been furnished in response to an earlier interrogatory or document request, specific reference to the interrogatory or document request and the relevant portion of Defendant's answer should be made.

If Defendant withholds any document or communication on the grounds of privilege, Defendant shall furnish a separate log identifying for each such document or communication (i) its author, (ii) all recipients, (iii) its general subject matter, (iv) its date, (v) for a document, its title, and (vi) the privilege(s) asserted.

Where no responsive documents exist, Defendant should state so. If Defendant maintains that any document or thing requested by Ahlstrom has been destroyed, Defendant shall set forth the content of the document or thing, the date of its destruction, and the name of the person who authorized its destruction.

These discovery requests seek production of all identified documents, tangible things, and information that are in the possession, custody, or control of Defendant.

## DEFINITIONS

1. *Communication.* The term "communication" means the transmittal of information (in the form of facts, ideas, inquires or otherwise).

2. *Document.* The term "document" has the same meaning and is equal in scope to the term as it is used in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term. The term "document" includes every document now or heretofore in existence and known to Defendant and includes every writing or recording of any kind and nature, such as, but not limited to, letters, reports, memoranda, records, notebooks, agreements, telegrams, books, notes, diaries, drawings, sketches, photographs, computer readable files and files stored on computer data storage media, electronic or computerized data compilations and all other forms of recording of words or pictures, including copies of mechanical or photographic reproductions of any of the foregoing items.

3. *Things.* The term "things" as used herein is any tangible object other than a document and includes objects of every kind and nature including but not limited to prototypes, models, specimens, samples and the like.

4. *Person.* The term "person" means a natural person, party, organization, association, firm, corporation or other legal entity and the "acts" of a person include acts of those acting on the person's behalf including directors, officers, owners, members, employees, agents and attorneys.

5. *Identify (with respect to persons).* When referring to a person, "to identify" means to give the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

6. *Identify (with respect to documents)*. When referring to documents, to "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

7. *Concerning*. The term "concerning" means relating to, referring to, describing, evidencing, constituting or comprising.

8. The following rules of construction apply to all discovery requests:

   (1) *All/Each*. The terms "all" and "each" shall be construed as all and each.

   (2) *And/Or*. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

   (3) *Number*. The use of the singular form of any word includes the plural and vice versa.

9. The "Complaint" means the Complaint in this action dated January 24, 2003.

10. "Answer," "Counterclaim," and "Affirmative Defense" mean respectively the Answer, Counterclaim, and Affirmative Defenses in the Answer of Defendants Schoeller & Hoesch, NA, Inc. and P.H. Glatfelter Co. to Plaintiff's Complaint, with Affirmative Defenses and Cross-Claim, which is dated March 25, 2003.

11. "The '997 patent" means U.S. Patent No. 5,431,997.

12. "Plaintiff" or "Ahlstrom" refers to Ahlstrom Windsor Locks LLC, and its predecessors, parents, subsidiaries and affiliates.

13. "Dexter" means the Dexter Corporation and its predecessors, parents, subsidiaries and affiliates.

14. "S&H" means Schoeller & Hoesch, NA, Inc. and its predecessors, parents, subsidiaries and affiliates.

4

15. "PHG" means P.H. Glatfelter Co. and its predecessors, parents, subsidiaries and affiliates.

16. "Defendants" means S&H and PHG, jointly and individually.

17. "Settlement Agreement" means the September 24, 1999 agreement between Defendants and Dexter, concerning the dispute over the '997 patent.

18. "S&H Grade 012/RL-T and/or S&H Grade 212/LEUT Products" means any fibrous web material presently or previously manufactured, used, sold or offered for sale in the United States by Defendants that is substantially the same as either the S&H Grade 012/RL-T or S&H Grade 212/LEUT Products.

19. "Fibrous Web Material Products" means any fibrous web materials, including porous fibrous web materials, for making infusion packages for brewing beverages that Defendants have manufactured, used, sold or offered for sale in the United States since July 11, 1995.