Exhibit E



**COHEN PONTANI LIEBERMAN & PAVANE**

551 Fifth Avenue, New York, NY 10176  phone 212.687.2770  fax 212.972.5487  www.cplplaw.com

Myron Cohen
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

Sidney R. Bresnick
Of Counsel

Yunling Ren, Ph.D.
Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Jeremy A. Kaufman
Teodor J. Holmberg
F. Brice Faller
Lisa A. Ferrari
Richard D. Margiano
Thomas T. Keating

Enshan Hong
Reg. Patent Agent

October 31, 2003

**VIA TELEFAX NO. 717-236-3777**
Marc J. Farrell, Esq.
Reed Smith LLP
213 Market Street, 9th Floor
P.O. Box 11844
Harrisburg, PA 17108-1844

**VIA TELEFAX NO. 860-275-8299**
Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Re:   Ahlstrom v. Schoeller & Hoesch and Glatfelter Company
      <u>Our File No.: 1783-125L</u>

Dear Marc and Dina:

This will summarize the disposition of the issues that we discussed in our telephone conference call yesterday. You have stated with respect to Ahlstrom's discovery requests that:

1.   Defendants have now produced <u>all</u> documents in Defendants' possession concerning Defendants' manufacturing processes and products including the compositions or formulations of Defendants' binder system for treating tea bag papers, the laboratory notebooks and/or any other documents describing the manufacturing processes. But you have said that you will verify this with your client and get back to us in a few days.

2.   Defendants have now produced <u>all</u> tea bag paper samples requested by Plaintiff except those that no longer exist. You said that will give us a list of the non-existing paper grades in a few days.

3.   You have confirmed that there are no documents, whether privileged or non-privileged, dated prior to September 24, 2003, relating to a) the validity and/or enforceability of the '997 patent; b) the scope and/or content of any claim in the '997 patent, and/or c) the infringement or non-infringement of one or more claims of the '997 patent by any of Defendants' products.

Marc J. Farrell, Esq.
Dina S. Fisher, Esq.
October 31, 2003
Page 2

4.  You said that you will send us a formal response to our Second Set of Document Requests.

5.  In view of Judge Covello's Order dated October 24, 2003, you said that you will revisit our document requests concerning sales information and prepare a summary of the sales information for each grade of Defendants' tea bag papers in chronological order.

With regard to your fax letter to me earlier today in which you raised two additional issues, we also have the following comments. In view of the Court's order we will provide Defendants with sales information in summary form, as the Defendants have said that they would produce to Ahlstrom. With respect to the point raised in your letter regarding the Totonis table, we will provide you with additional identification information in a supplemental privilege log.

If you believe that my summary of the discovery conference with respect to these matters is in any respect incorrect, please let me know as soon as possible.

Very truly yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Sidney R. Bresnick

SRB/aw

cc: Basam Nabulsi, Esq.

Exhibit F

# ReedSmith

Marc J. Farrell
Direct Phone: 717.257.3044
Email: mfarrell@reedsmith.com

213 Market Street
9th Floor
P.O. Box 11844
Harrisburg, PA 17108-1844
717.234.5988
Fax 717.236.3777

November 3, 2003

VIA FACSIMILE: (212) 972-5487

Sidney R. Bresnick, Esquire
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Re:   Response to Your October 31 Facsimile
      Ahlstrom Windsor Locks v. Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Co.
      Our File No.: 861266-20096

Dear Mr. Bresnick:

In response to your facsimile dated October 31, 2003, in which you purported to "summarize the disposition of the issues that we discussed in our telephone conference call [on October 30]", I offer the following corrections:

1. I believe you have a very specific type of document in mind when you use the term "laboratory notebooks," and therefore I do not want the record to reflect that Defendants represented they had in fact produced any such "laboratory notebooks" or that any such "laboratory notebooks" even existed. Nevertheless, I did indicate that Defendants are believed to have produced or otherwise identified all documents in its possession concerning Defendants' manufacturing processes and products relevant to this litigation. I will, however, confirm as much with Defendants and verify same with you shortly.

2. I did not say that Defendants have produced all tea bag paper samples requested by Plaintiff except those that no longer exist. What I did say is that Defendants have produced samples of all six (6) of its non-heatsealable tea bag papers available for sale in the U.S., and that four (4) of those six (6) contain no binder and as such are not relevant to this litigation (but were produced out of an overabundance of caution, and to avoid troubling the Court with a needless discovery dispute). I will indeed provide you shortly with a list of the grades for which no samples are available.

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON
FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE

reedsmith.com

HBGUS-0049085.01-MJFARREL
November 3, 2003 5:10 PM

Sidney R. Bresnick, Esquire                                                          **ReedSmith**
November 3, 2003
Page 2

3.  I did <u>not</u> confirm that there were no documents, whether privileged or non-privileged, dated prior to September 24, 2003 relating to items (a), (b) and/or (c) as set forth in your October 31 facsimile. What I did say was that thus far no documents have been found, privileged or otherwise, dated prior to September 24, <u>1999</u>, which relate to items (a), (b) and/or (c). Any such documents dated *between* September 24, 1999 and January 24, 2003 have in fact been produced or otherwise identified.

4.  Defendants will indeed formalize their previous responses to Plaintiff's Second Set of Document Requests, as first set forth in my e-mail to Yunling Ren dated September 5, 2003 (amending those responses where appropriate, of course, to take into account the Judge's Order dated October 24).

5.  Defendants will indeed provide appropriate responses to Plaintiff's previous discovery requests having to do with sales information as called for by Judge Covello's October 24 Order.

Lastly, with regard to the documents, data and other information underlying or otherwise related to the Totonis table, I would appreciate it if you could please produce or otherwise identify those materials as soon as possible, so that we may have them in advance of Ms. Totonis' deposition a week from today. You have admitted to having the sought-after documents and information in your possession since at least as early as September 16, *over a month and a half ago*. Yet for reasons that remain unexplained, you have continued to completely withhold those items. Therefore, it behooves you to make them available to us immediately.

Very truly yours,

Reed Smith LLP

By  *Mark J. Farrell*
Mark J. Farrell

mjf

cc: Dina S. Fisher, Esquire (via facsimile)
Basam E. Nabulsi, Esquire (via facsimile)