# ReedSmith

Marc J. Farrell
Direct Phone: 717.257.3044
Email: mfarrell@reedsmith.com

213 Market Street
9th Floor
P.O. Box 11844
Harrisburg, PA 17108-1844
717.234.5988
Fax 717.236.3777

July 22, 2003

**VIA FACSIMILE: (212) 972-5487**

Myron Cohen, Esquire
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Re:    Ahlstrom Windsor Locks v. Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Co.
       Our File No.: 861266-20096

Dear Mike:

I am just back in the office today for the first time since July 11, 2003, following vacation. As such, both your July 11 and your July 21 facsimiles are only now coming to my attention.

With regard to your July 11 fax, now that we have an idea what size samples you would like, we will obtain the appropriate samples and send them to you shortly. I can almost assure you, however, that we cannot accomplish that in what now amounts to three working days' time pursuant to your demand of a one-week turnaround. With regard to your Document Requests Nos. 36 and 37, we will not be producing any documents at this time, for the reasons set forth in our respective responses.

With regard to Request No. 37 and related requests asking for documents and information having to do with the Settlement Agreement, and/or the time period prior to September 24, 1999, and/or S&H Grade 012/RL-T and/or S&H Grade 212/LEUT Products, setting aside the other objections we have to those requests such as their overbreadth, I still fail to see the basis for your position that such documents bear even the slightest relevance to the present litigation. That agreement explicitly put to rest "any and all claims, demands, and rights of action, whether known or unknown, which either [your client] or [our client] may have related to the Dexter Patent or arising from or in connection with actions relating to the Dexter Patent, which claims arose or are based on acts which occurred prior to the Effective Date [September 24, 1999]," leaving open for further dispute only those claims arising from activity "undertaken or performed after [September 24, 1999]." The statements in your July 21 fax that "the present litigation includes claims for both patent infringement and breach of contract" and that "Defendants' conduct prior to and after the entry into the contract on September 24, 1999 are not only highly relevant but also material to these claims," do nothing in the way of making a connection between those documents and their relevancy to this case. I am not trying to be obstinate here. I am happy to hear you out regarding the argument you would advance in a Rule 37 motion to demonstrate the relevancy of such documents and information. Until you are able to articulate the supposed connection with more specificity, however, our position will remain unchanged.

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON
FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE

reedsmith.com

HBGLIB-0047153.01-MJFARREL
July 22, 2003 5:43 PM

05/17/04 MON 15:32 [TX/RX NO 5951]

Myron Cohen, Esquire  
July 22, 2003  
Page 2

**ReedSmith**

With regard to D 0014 and D 0017, those documents were included in the packet we sent you, but in any event I am enclosing copies of same with this letter for your reference.

As far as your concern regarding the absence of correspondence, memoranda, etc., we are still in the process of gathering and reviewing additional documents and expect to produce them shortly, together with an appropriate privilege log. I note that you likewise have failed to produce any such privilege log, despite the repeated objections based on privilege asserted in your responses to our document requests.

With regard to "Fibrous Web Material Products," we did indeed follow what you characterize as one of the only two courses available: we objected for legally sufficient reasons. Then, rather than simply leave it at that, we attempted – in what was clearly a demonstration of good faith on our part – to reach an acceptable middle ground as far as a more reasonable definition of "Fibrous Web Material Products." Your agreement to limit the definition solely to non-heatsealable materials is noted with appreciation. However, given the limited nature of your client's patent claims, such a definition continues to be far too broad, encompassing products that no one could reasonably argue have any relevancy to the present litigation. It is not unreasonable, therefore, to consider as relevant only those products that contain high molecular weight cross-linked acrylic polymers; silicones; fluorohydrocarbons; paraffins; alkyl ketene dimers and/or stearylated materials, as called for by each of the claims of your client's patent. Certainly such a limitation is at least as appropriate, and no doubt much more so, than the limitation to non-heatsealable materials to which you have already agreed.

The documents you have produced arrived in today's mail. I trust they are as fully inclusive as you have demanded with respect to our production, but will be sure to notify you of any deficiencies once we have had a chance to go through them thoroughly.

Very truly yours,

Reed Smith LLP

By *[signature]*  
Marc J. Farrell

MJF

Enclosures

cc: Dina S. Fisher, Esquire (via fax, w/encls.)  
Yunling Ren, Esquire (via fax, w/encls.)  
Basam E. Nabulsi, Esquire (via fax, w/encls.)  
Alexandra B. Stevens, Esquire (via fax, w/encls.)