IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

AHLSTROM WINDSOR LOCKS LLC,  :

       Plaintiff,  :  CASE NO. 3:03-CV-0169-AVC

                :

v.  :

                :

SCHOELLER & HOESCH, NA, INC., and  :
P. H. GLATFELTER COMPANY,  :

                :

       Defendants.  :  MAY 13, 2004

## DEFENDANTS' MOTION FOR LEAVE TO
## AMEND ANSWER AND COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 15, defendants Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company (collectively, "Defendants"), hereby apply to this Court for leave to amend their Answer and Counterclaim. In support of this motion, Defendants state as follows:

1.      Defendants seek to amend their Answer and Counterclaim to more clearly plead their claim of inequitable conduct and therefore definitively raise "the spectre of plaintiff's patent being invalid for inequitable conduct…." (Letter of Sidney R. Bresnick, Esq., dated April 20, 2004, attached as Ex. A.) In the April 20, 2004 letter to the Court, plaintiff's counsel contended that inequitable conduct was not in this case. (Ex. A.) Defendants, however, have long believed that the claim of inequitable conduct <u>is</u> "in the case" – through the pleading of unenforceability of the patent in suit as well as by virtue of Defendants' claim of unclean hands. (Answer; Aff. Defenses ¶¶ 3, 6; Counterclaim, ¶¶ 9, 11.)

2.      Despite its recent assertion to the contrary, Plaintiff has likewise demonstrated its understanding from the very early stages of this case that inequitable conduct was at issue. Perhaps the clearest example of this is the Report of Parties' Planning Meeting filed on April 18,

2003 - three weeks after Defendants filed their Answer. In the portion of Plaintiff's submission addressing the discovery it anticipated needing (Section V.E.), Plaintiff stated in pertinent part: "Plaintiff currently intend [sp] to seek discovery on ... all patent-related defenses advanced by Defendants, e.g., purported patent invalidity and ***inequitable conduct*** ...." Report of Parties' Planning Meeting, p. 7 (emphasis added). Clearly Plaintiff itself understood inequitable conduct to be subsumed within Defendants' original Answer and Counterclaim. For Plaintiff to now assert over a year later that "inequitable conduct is not even in this case" (Ex. A) is misleading.

3.      Nonetheless, in light of Plaintiff's representation in its April 20, 2004 letter that it does not understand this defense to have been pled, in an abundance of caution and to preserve their right to attempt to prove this defense, Defendants hereby request the Court's permission to amend their Answer and Counterclaim in accordance with the Proposed Amended Answer and Counterclaim attached hereto as Exhibit B. This will more specifically put Plaintiff on notice of this ground of unenforceability of the patent in suit that Defendants seek to prove.

4.      Defendants have already pled that "the '997 patent is invalid, void, and/or unenforceable, inter alia, because the patent fails to comply with the requirements of the patent laws of the United States...." (Answer; Affirmative Defenses, ¶ 3.)

5.      The patent laws deem a patent unenforceable if a patent applicant engaged in inequitable conduct during prosecution. 37 C.F.R. § 1.56 imposes a duty of candor and good faith on every person involved in the filing and prosecuting of a U.S. patent application. These duties require an applicant to disclose to the U.S. Patent and Trademark Office "all information known to that individual to be material to patentability[.]" 37 C.F.R. § 1.56. Failure to disclose a known material reference during the patent's prosecution breaches these duties and is considered "inequitable conduct." See Kingsdown Med. Consultants, Ltd. v. Hollister, Inc., 863

F.2d 867, 872 (Fed. Cir. 1988). A determination of inequitable conduct renders all of the patent's claims unenforceable. See Hewlett Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1563 (Fed. Cir. 1989).

6.      The Federal Rules of Civil Procedure establish "a liberal policy in favor of allowing amendments" to pleadings. Warboys v. Proulx, 303 F.Supp.2d 111, 115 (D. Conn. 2004) (holding that a party should be allowed to amend its pleading even after its scheduling deadline for such amendment has passed); see also Fed. R. Civ. P. 15(a). Rule 15(a) "reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." Advanced Cardiovascular Systems v. SciMed Life Systems, 989 F.Supp. 1237, 1241 (N.D.Cal. 1997) (defendant/alleged patent infringer granted leave to amend its answer to assert new defense of unenforceability due to inequitable conduct two years into the litigation). Motions for leave to amend should be freely granted in the absence of countervailing factors such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, futility of amendment, and previous amendment of the relevant pleading by the amending party. Id.

7.      The Defendants' proposed amendment to the Answer and Counterclaim does not raise any of the aforementioned concerns. Defendants have not intentionally delayed asserting this defense. Rather, this defense has been "on the table" from the very beginning of this case (as evidenced by Plaintiff's own words in the Report of Parties' Planning Meeting). Thus, Defendants had no reason prior to April 20, 2004 even to think that their Answer and Counterclaim required any sort of amendment as to the issue of inequitable conduct. Defendants only now move to amend in light of Plaintiff's recent statements suggesting that it did not understand that Defendants intended to prove the patent in suit to be unenforceable due to

inequitable conduct. Through discovery, no evidence has been produced to refute Defendants' belief that the Plaintiff or its agents engaged in inequitable conduct during prosecution of the '997 Patent.

8.    Amending the Answer and Counterclaim at this time does not unduly delay or prejudice the Plaintiff. Over three months remain until the close of discovery. Therefore, the plaintiff has plenty of time to conduct additional discovery if necessary to adequately address the alleged inequitable conduct.

WHEREFORE, the Defendants Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company respectfully request that this Court grant their Motion for Leave to Amend Answer and Counterclaim.

Attorneys for Defendants,
Schoeller & Hoesch, NA, Inc. and
P. H. Glatfelter Company

By _____
Dina S. Fisher (ct 14896)
e-mail: dfisher@rc.com
Brett J. Boskiewicz (ct25632)
e-mail: bboskiewicz@rc.com
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Marc J. Farrell (ct 24539)
e-mail: farrellmj@bipc.com
BUCHANAN INGERSOLL, P.C.
213 Market Street, 3rd Floor
Harrisburg, PA  17101-2121
(717) 237-4820

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by means of facsimile and

federal express, on this the 13th day of May, 2004, upon the following:

Sidney R. Bresnick, Esq.
Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY  10176

Basam E. Nabulsi, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT  06902

Brett J. Boskiewicz

**COHEN PONTANI LIEBERMAN & PAVANE**

551 Fifth Avenue, New York, NY 10176  *phone* 212.687.2770  *fax* 212.972.5487  www.cplplaw.com

Myron Cohen
Thomas C. Pontani, Ph.D.
Lance J. Lieberman
Martin B. Pavane
Thomas Langer
Michael C. Stuart
William A. Alper
Edward M. Weisz
Kent H. Cheng, Ph.D.

Sidney R. Bresnick
Of Counsel

Yunling Ren, Ph.D.
Julia S. Kim
Mindy H. Chettih
Vincent M. Fazzari
Alfred W. Froebrich
Alfred H. Hemingway, Jr.
Roger S. Thompson
Jeremy A. Kaufman
Teodor J. Holmberg
F. Brice Faller
Lisa A. Ferrari
Richard D. Margiano
Darren S. Mogil
David P. Badanes
Steven R. Bartholomew

Enshan Hong
Reg. Patent Agent

April 20, 2004

**VIA FEDERAL EXPRESS**
The Honorable Alfred V. Covello
United States District Court
450 Main Street
Hartford, CT 06103

Re:  *Ahlstrom Windsor Locks LLC v. Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company*
Docket No. 3:03-CV-0169 AVC
**Our ref.:**  1783-125L

Dear Judge Covello:

I have received a copy of Dina Fisher's letter to you of April 15.  While it is not in the form of a Motion, I shall treat I as a Motion to Recuse.

As such, the motion is woefully deficient.  Motions for recusal are normally based upon carefully drawn factual affidavits accompanied by a supporting legal memorandum.  I see nothing of the kind in or accompanying Ms. Fisher's letter.

> "Motion for disqualification of judge is legally insufficient under 28 USC §§144 and 455, where affidavit and motion are comprised of either irrelevant matters or mere conclusory assertions and allegations, and wholly fail to set forth adequate and specific facts suggesting that judge is personally biased or prejudiced in any manner whatsoever against plaintiff, or that his complete impartiality might reasonably be questioned; mere conclusory assertions and allegations are not enough to require judge to recuse himself or to require that judge be disqualified, because affidavit of prejudice must state facts with sufficient particularity, and must be such as to convince reasonable man that actual bias or prejudice exists, and that such bias is personal, as opposed to judicial in nature. *Radamache v. Phoenix* (1977, DC Ariz) 442 F Supp 27."

Here there is none of what is required.  All we see in Ms. Fisher's letter is "irrelevant matter or mere conclusory assertion and allegations".  *Radamache v. Phoenix* (id); *Grand Entertainment Group Ltd. V. Arazy* (1987, ED Pa) 676 F. Supp. 616.) 442 F Supp 27.

Indeed, Ms. Fisher never even alludes to the controlling statute, 28 USC 455, a copy of which is attached.  As one reviews this provision, sub-section(a) relates to recusal by the Judge when he/she believes that his/her "impartiality might <u>reasonably</u> be questioned.  Sub-section(b) sets forth numerous circumstances which might give rise to a party reasonably questioning your impartiality.  Parts (1), (2), (3) and (4) of sub-section (b) are so unrelated to what Ms. Fisher seems to be complaining of that I will not take up the Court's time to refute them.  The only part of 28 USC 455(b) that might have some bearing on Ms. Fisher's "facts" is part (5) which relates to your honor, your spouse, or a person within the third degree of relationship to either of you, or

The Honorable Alfred V. Covello
April 20, 2004
Page 2

the spouse of such a person. Assuming your son is in the third degree of relationship, which I believe he is, then his spouse comes within the scope of part (5) of sub-section (b). But part (b)(6) relates to you, your spouse or your relative (i) being a party, (ii) acting as a lawyer in the proceeding, (iii) having an interest in this case or (iv) is likely to be a material witness in the proceeding.

There is no suggestion in Ms. Fisher's letter that your daughter-in-law is a party as required by part (i) a lawyer in this case (ii) or has an interest (iii) or will be a witness (iv). Indeed, Ms. Covello is not a party, nor acting as a lawyer in this proceeding, nor does she have an interest in the outcome. In Ms. Fisher's letter regarding the firm for whom your daughter-in-law works, Alix Yale & Ristas LLP, it has no economic interest in this proceeding and even if it did, Ms. Covello is not a partner in the firm and would therefore not be affected by this proceeding. Finally, we know of no reason for Ms. Covello to be called as a witness.

In her letter, Ms. Fisher raises the spectre of plaintiff's patent being invalid for inequitable conduct as a result of the conduct of Alix Yale & Ristas. The casual dropping of such an idea typifies Ms. Fisher's entire approach. Inequitable conduct is not even in this case; it has never even been pleaded. And now Ms. Fisher suggests that since Alix Yale & Ristas might have been guilty of inequitable conduct, plaintiff might bring on an action for malpractice against Alix Yale & Ristas. And even if this series of guesses were to come to pass, what effect would that have on Ms. Covello, a part-time associate in AY&R? NONE! While it is true that Attorney Diane Covello was an associate of AY&R at the time the patent application was filed, there is no evidence that she was involved in its preparation or prosecution, and all present indications are that she was not. Indeed, the privilege log provided to defendants in connection with the deposition of Mr. Alix does not identify Ms. Covello with respect to a single withheld document. Mr. Alix testified that she *may* have been involved in *other* cases for The Dexter Corporation (the assignee of the patent) , but he gave no indication at all that she was involved in the preparation or prosecution of the patent in suit. In fact, Mr. Alix testified that he didn't know if Ms. Covello handled *any* Dexter cases.

The last straw in Ms. Fisher's letter is that AY&R might be involved in a motion to compel production of documents. Given all the facts before this Court, how would such a motion bring Ms. Covello into the scope of 28 USC §455(b)(5)? It can't.



The Honorable Alfred V. Covello
April 20, 2004
Page 3


No matter how your Honor decides to treat Ms. Fisher's letter, as a motion or a "heads up" or whatever, we urge your honor to stay the course. This case has already been pending for about a year-and-a-half. Your withdrawal, when there is absolutely no reason for it, would severely adversely effect plaintiff who would have to spend substantial time to familiarize a successor.


Respectfully yours,
COHEN, PONTANI, LIEBERMAN & PAVANE

Sidney R. Bresnick

SRB/jc
Enc.

cc: Dina S. Fisher, Esq. (via first class mail)
    Marc. J. Farrell, Esq. (via first class mail)
    Basam Nabulsi (via first class mail)

Service: **Get by LEXSTAT®**
TOC:    United States Code Service; Code, Const, Rules, Conventions & Public Laws > *I...I* >
       CHAPTER 21. GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES > **§ 455. Disqualification**
       **of justice, judge, or magistrate [magistrate judge]**
Citation: **28 USC 455**

☛Select for FOCUS™ or Delivery
☐

28 USCS § 455

UNITED STATES CODE SERVICE
Copyright © 2004 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 108-217, APPROVED 4/05/04 ***

TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE
PART I. ORGANIZATION OF COURTS
CHAPTER 21. GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES

## ♦ GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION

28 USCS § 455 (2004)

§ 455. Disqualification of justice, judge, or magistrate [magistrate judge]

(a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
      (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
      (ii) Is acting as a lawyer in the proceeding;
      (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
      (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate [magistrate judge] shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate [magistrate judge], or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate [magistrate judge], bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

**HISTORY:**

(June 25, 1948, ch 646, § 1, 62 Stat. 908; Dec. 5, 1974, P.L. 93-512, § 1, 88 Stat. 1609; Nov. 6, 1978, P.L. 95-598, Title II, § 214(a), (b), 92 Stat. 2661; Nov. 19, 1988, P.L. 100-702, Title X, § 1007, 102 Stat. 4667.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

Prior law and revision:

Based on title 28, U.S.C., 1940 ed., § 24 (Mar. 3, 1911, ch. 231, § 20, 36 Stat. 1090).

Section 24 of title 28, U.S.C., 1940 ed., applied only to district judges. The revised section is made applicable to all justices and judges of the United States.

The phrase "in which he has a substantial interest" was substituted for "concerned in interest in any suit."

The provision of section 24 of title 28, U.S.C., 1940 ed., as to giving notice of disqualification to the "senior circuit judge," and words "and thereupon such proceedings shall be had as are provided in sections 17 and 18 of this title," were omitted as unnecessary and covered by section 291 et seq. of this title relating to designation and assignment of judges. Such provision is not made by statute in case of disqualification or incapacity, for other cause. See sections 140, 143, and 144 of this title. If a judge or clerk of court is remiss in failing to notify the chief judge of the district or circuit, the judicial council of the circuit

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

AHLSTROM WINDSOR LOCKS LLC,        :
                                    :
            Plaintiff,              :    CASE NO. 3:03-CV-0169-AVC
                                    :
v.                                  :
                                    :
SCHOELLER & HOESCH, NA, INC., and   :
P. H. GLATFELTER COMPANY,           :
                                    :
            Defendants.             :    MAY 13, 2004

**PROPOSED AMENDED ANSWER OF
DEFENDANTS, SCHOELLER & HOESCH, NA, INC. AND
P. H. GLATFELTER COMPANY, TO PLAINTIFF'S COMPLAINT,
WITH AMENDED AFFIRMATIVE DEFENSES AND AMENDED COUNTERCLAIM**

Defendants, Schoeller & Hoesch, NA, Inc. ("S&H") and P. H. Glatfelter Company

("Glatfelter") hereby submit the following responses to Plaintiff's Complaint with amended

Affirmative Defenses and amended Counterclaim.  The amendments add new paragraph 7 to the

Affirmative Defenses and new paragraph 12 to the Counterclaim.

**THE PARTIES**

1.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the averments set forth in this paragraph, and the same are therefore denied.

2.     Admitted in part and denied in part.  It is denied that Defendant S&H is in the

business of manufacturing a variety of fibrous web materials for making infusion packages for

brewing beverages, such as tea bags. The remainder of the averments set forth in this paragraph are admitted.

3.    It is admitted that Glatfelter has *a* principal place of business at 228 South Main Street, Spring Grove, Pennsylvania 17362, and that Glatfelter, through its subsidiaries, is engaged in the business of manufacturing and marketing, *among other things*, a variety of fibrous web materials for making infusion packages for brewing beverages, such as tea bags.

## COUNT I
## PATENT INFRINGEMENT

4.    Denied. The averments set forth in this paragraph state conclusions of law to which no response is required.

5.    Admitted in part and denied in part. It is admitted that U.S. Patent No. 5,431,997, as shown in Exhibit A to Plaintiff's Complaint, indicates on its face that it was issued on July 11, 1995 and is entitled "Process of Producing Porous Web Materials Used for Making Infusion Packages for Brewing Beverages and the Web Materials Thus Produced." Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments concerning the patent's expiration date, and the same are therefore denied. The remainder of the averments set forth in this paragraph state conclusions of law to which no response is required, and the same are therefore denied.

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and the same are therefore denied.

7.    Denied.

8.      Admitted in part and denied in part.  It is admitted that Defendants were aware of the '997 patent since at least as early as 1999.  The remainder of the averments set forth in this paragraph state conclusions of law to which no response is required.  In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants deny same.

9.      Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.  To the extent that the averments in this paragraph state that Defendants committed a patent infringement, such averments are denied.  In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

10.     Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.  To the extent the averments in this paragraph state that Defendants committed a patent infringement, such averments are denied.  In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

11.     Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.  In addition, to the extent that the averments set forth in this

paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

WHEREFORE, Defendants request that Count I of Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs and attorneys fees incurred in defending against the Complaint.

## COUNT II
## BREACH OF CONTRACT

12.    Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.

13.    Admitted in part and denied in part.  It is denied that in 1999 Defendant S&H was engaged in manufacturing or using fibrous web materials for making infusion packages for brewing beverages, including the products designated as S&H Grade 012/RL-T and/or S&H Grade 212/LEUT.  It is admitted that in 1999 Defendant Glatfelter, through its subsidiaries, was engaged in manufacturing, offering for sale and selling fibrous web materials for making infusion packages for brewing beverages, including the products designated as S&H Grade 012/RL-T and/or S&H Grade 212/LEUT.  The remainder of the averments set forth in this paragraph are denied.

14.    Denied.

15.    Admitted in part and denied in part.  It is admitted that Exhibit B attached to Plaintiff's Complaint is a copy of an agreement dated September 24, 1999, between Dexter

Corporation and Defendants. It is further admitted that a portion of Paragraph 2 of the document attached as Exhibit B to Plaintiff's Complaint reads as set forth in paragraph 15 of Plaintiff's Complaint. The remainder of the averments set forth in this paragraph are denied.

16.     It is denied that Exhibit B to Plaintiff's Complaint is a settlement agreement. As to the remainder of the averments set forth in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

17.     Denied.

18.     Denied.

19.     Denied. The averments set forth in this paragraph state conclusions of law to which no response is required. To the extent the averments of this paragraph state that Defendants committed a breach of contract, such averments are denied. In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

20.     Denied. The averments set forth in this paragraph state conclusions of law to which no response is required. In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

WHEREFORE, Defendants request that Count II of Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs and attorneys fees incurred in defending against the Complaint.

**AFFIRMATIVE DEFENSES**

Further answering, Defendants allege as follows:

1.     Plaintiff's Complaint fails to state a cause of action on which relief can be granted against Defendants under any theory.

2.     Defendants do not infringe any valid claim of U.S. Patent No. 5,431,997 (the "'997 Patent") as correctly construed, either directly or as inducing or contributory infringers.

3.     Each of the claims of the '997 Patent is invalid, void, and/or unenforceable, inter alia, because the patent fails to comply with the requirements of the patent laws of the United States as set forth, inter alia, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.     Plaintiff's claims for damages and/or other relief are barred by the doctrine of prosecution history estoppel.  On information and belief, during prosecution of the '997 Patent, the named inventors and/or persons acting on their behalf and on the behalf of Plaintiff and/or its predecessor in interest, as assignee of the application, made arguments, admissions, representations, and concessions that limited the claims and/or defined the specification such that Plaintiff is now estopped and cannot seek or maintain any constructions of the claims of the '997

Patent that are sufficiently broad to cover literally or under the doctrine of equivalents any

product made, used, offered for sale or sold by Defendants.

  5.  Upon information and belief, Plaintiff has suffered no damages due to the actions

of Defendants alleged in the Complaint.

  6.  Plaintiff's claims for damages and/or other relief under all counts are barred by

the equitable doctrines of unclean hands, laches and/or estoppel.

  7.  All of the claims of the '997 Patent are invalid and unenforceable due to

inequitable conduct the occurred during its prosecution. Plaintiff's predecessor-in-interest, The

Dexter Corporation ("Dexter"), filed the application which led to the '997 Patent on July 1, 1993

(the "Underlying U.S. Application"). On May 23, 1994, Dexter filed a corresponding European

patent application (the "European Counterpart"), claiming priority to the Underlying U.S.

Application. The European Patent Office issued a European Search Report in connection with

its examination of the European Counterpart on or about September 23, 1994 and identified

European Patent Application EP-A-0 170 461 (the "Yadlowsky Application") as being a

"particularly relevant" prior art reference. The Yadlowsky Application was material to the

patentability of the invention disclosed and claimed in the Underlying U.S. Application. At the

time, the European Search Report was issued, the Underlying U.S. Application remained

pending; the '997 Patent had not yet been allowed or issued. Dexter had a duty to disclose this

"particularly relevant" material prior art reference, the Yadlowsky Application, to the United

States Patent and Trademark Office ("USPTO"). Despite becoming aware of the Yadlowsky

Application prior to the USPTO's allowance of the '997 Patent in February of 1995, Dexter did

not disclose it to the USPTO. On information and belief, Dexter intentionally withheld and/or

concealed the existence of the Yadlowsky Application with the purpose of deceiving the

USPTO.

**COUNTERCLAIM**

As their Counterclaim, Defendants allege:

1.    Defendants incorporate by reference herein their responses in Paragraphs 1

through 20 of their Answer above.

2.    This Counterclaim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202

arises under the Patent Laws of the United States, United States Code, Title 35, and seeks a

declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 that Defendants do not infringe a patent

purportedly owned by Plaintiff and that the claims of this patent are invalid.

3.    By filing the within action, Plaintiff has submitted itself to the personal

jurisdiction of this Court.

4.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a)

and venue is proper under the doctrine of pendant jurisdiction.

5.    Venue is proper in this judicial district under 28 U.S.C. §1391(b) and § 1400(b).

6.    Plaintiff has alleged in Paragraph 6 of the Complaint that it is the owner of United

States Patent No. 5,431,997 (hereinafter the "'997 Patent"). A copy of the '997 Patent is attached

to the Complaint as Exhibit A.

7.      There exists an actual and justifiable controversy between the parties with respect to the alleged infringement of the '997 Patent by Defendants and the validity of the claims of the '997 Patent.

8.      Defendants have not infringed any valid claim of the '997 Patent as correctly construed.

9.      Each and every claim of the '997 Patent are invalid pursuant to one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

10.     On information and belief, by virtue of the proceedings in the United States Patent and Trademark Office ("USPTO") during prosecution of the '997 Patent and by virtue of the admissions, representations and concessions made on behalf of the named inventors, Plaintiff is estopped from construing any claims of the '997 Patent to remain valid and at the same time to cover any product made, used or sold by Defendants.

11.     Plaintiff is precluded by virtue of unclean hands, laches and/or equitable estoppel from asserting that Defendants infringe or have infringed any claims of the '997 Patent.

12.     All of the claims of the '997 Patent are invalid and unenforceable due to inequitable conduct the occurred during its prosecution.  Plaintiff's predecessor in interest, The Dexter Corporation ("Dexter"), filed the application which led to the '997 Patent on July 1, 1993 (the "Underlying U.S. Application").  On May 23, 1994, Dexter filed a corresponding European Patent application (the "European Counterpart") claiming priority to the Underlying U.S. Application.  The European Patent Office issued a European Search Report in connection with

its examination of the European Counterpart on or about September 23, 1994 and identified

European Patent Application EP-A-0 170 461 (the "Yadlowsky Application") as a "particularly

relevant" prior art reference.  The Yadlowsky Application was material to the patentability of

invention disclosed and claimed in the Underlying U.S. Application.  At the time, the European

Search Report was issued, the Underlying U.S. Application remained pending; the '997 Patent

had not yet been allowed or issued.  Dexter had a duty to disclose this "particularly relevant"

material prior art reference, the Yadlowsky Application, to the United States Patent and

Trademark Office ("USPTO").  Despite becoming aware of the Yadlowsky Application prior to

the USPTO's allowance of the '997 Patent in February of 1995, Dexter did not disclose it to the

USPTO.  On information and belief, Dexter intentionally withheld and/or concealed the

existence of the Yadlowsky Application, with the purpose of deceiving the USPTO.

WHEREFORE, DEFENDANTS pray for relief as follows:

A.      That PLAINTIFF take nothing by reason of its Complaint;

B.      That the Complaint in this action be dismissed with prejudice;

C.      That the Court adjudge and declare that Defendants do not infringe and have not

infringed, in any way, any valid claim of United States Patent No. 5,431,997;

D.      That each and every claim of United States Patent No. 5,431,997 be declared

invalid;

E.      That DEFENDANTS be granted their costs of suit in this matter, including

reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.      For such other and further relief as the Court deems just and proper.

                            Attorneys for Defendants,
                            Schoeller & Hoesch, NA, Inc. and
                            P. H. Glatfelter Company


                        By_____
                            Dina S. Fisher (ct 14896)
                            e-mail:  dfisher@rc.com
                            Brett J. Boskiewicz (ct25632)
                            e-mail:  bboskiewicz@rc.com
                            280 Trumbull Street
                            Hartford, CT  06103-3597
                            Tel. No.: (860) 275-8200
                            Fax No.: (860) 275-8299

                            Marc J. Farrell (ct 24539)
                            e-mail:  farrellmj@bipc.com
                            BUCHANAN INGERSOLL, P.C.
                            213 Market Street, 3rd Floor
                            Harrisburg, PA  17101-2121
                            (717) 237-4820

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by means of facsimile and federal express, on this the 13th day of May, 2004, upon the following:

Sidney R. Bresnick, Esq.
Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Basam E. Nabulsi, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902


_____
Brett J. Boskiewicz