UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2004 MAY 20 P 1:26
U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SCHOELLER & HOESCH, N.A., INC. and  )<br>P.H. GLATFELTER COMPANY,  )<br>)<br>Defendants.  ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |

### DECLARATION OF SIDNEY R. BRESNICK, ESQ.

Sidney R. Bresnick declares and says:

1) I am a member of the bars of the State of New York and the United States District Court for the District of Connecticut. I am of counsel with the law firm of Cohen, Pontani, Lieberman & Pavane, 551 Fifth Avenue, New York, New York 10176, attorneys for plaintiff, Ahlstrom Windsor Locks, LLC. I make this declaration in support of Plaintiff's Motion Pursuant To Rule 15, Fed.R.Civ.P., For Leave To File An Amended Complaint.

2) Plaintiff's motion to amend is based on the results of its experts' (Dr. Hsu and Dr. Hoagland) findings that the surfactant in defendants', Schoeller & Hoesch, N.A., Inc. and P. H. Glatfelter Company (collectively, "Defendants"), tea bag paper is very rapidly and easily removed (less than 2 seconds) in hot water rendering the paper hydrophobic as claimed in U.S. patent No. 5,431,997 (the "997 patent"). Drs. Hsu and Hoagland also found that the surfactant in Defendants' tea bag papers had little or no effect on the paper other than to raise its water climb level.

3) As a consequence of the experts' findings, it became clear that Plaintiff had grounds for additional claims of inducement of infringement under 35 U.S.C. § 271(b) and for contributory infringement under 35 U.S.C. § 271(c) against Defendants. The basis for these two additional alternative claims of infringement is discussed in Plaintiff's memorandum of law in support of the motion to amend, but in summary, they are as follows:

a) When the ultimate consumer of tea bags made with Defendants' paper puts the tea bag into hot water the surfactant coated on the surface of the paper immediately dissolves and washes off and the paper exhibits all of the hydrophobic properties claimed in the '997 patent. Thus the ultimate consumer is a direct infringer by "using" an infringing product. Obviously, a patentee, such as Plaintiff, can not and would not even attempt to sue the individual consumers who use its patented product, which is why the patent law provides that a person who induces another to infringe (as by selling a product knowing that it will be used in an infringing manner) is liable for the act of inducement under 35 U.S.C. § 271(b). Defendants have knowingly and actively engaged in such illegal activities and are liable to Plaintiff for inducement of infringement;

b) Defendants also contribute to the ultimate consumers' infringement by manufacturing and selling an article of commerce that becomes an infringing product when it is placed in hot water (which it must if it is to become tea) and the surfactant washes out. With the masking effect of the surfactant having been washed away, the tea bag paper becomes hydrophobic, and the ultimate consumer becomes a direct infringer. Defendants have thus contributed to the ultimate consumers' direct

infringement by manufacturing and selling a product that is a component of a patented material (the tea bag paper) that constitutes a material part of the invention, knowing the same to be especially made or adapted for use in an infringement of the patent, and not a staple article of commerce suitable for substantial noninfringing use.

    4)    The information on which the additional alternative claims of infringement have been made became known to Plaintiff's counsel through their experts, who have studied and analyzed Defendants' tea bag papers in connection with the litigation. Dr. Shaw Ling Hsu and Dr. David A. Hoagland were retained by Plaintiff in mid-to-late February 2004, after plaintiff received information in January concerning defendants' method of manufacture of the accused infringing products through the depositions of their personnel in Germany. Drs. Hsu and Hoagland commenced their work in March 2004, and their report, dated May 14, 2004, is attached as exhibit A.

I declare under penalty of perjury that that the foregoing is true and correct. Executed on this 19th day of May, 2004.

*/s/ Sidney R. Bresnick*
Sidney R. Bresnick, Esq. (ct 16295)

3

**CERTIFICATE OF SERVICE**

       This is to certify that a copy of the foregoing Declaration Of Sidney R. Bresnick, Esq. has been sent by first class mail, postage prepaid, this 20th day of May, 2004 to:

>Dina S. Fisher, Esq.
>Robinson & Cole LLP
>280 Trumbull Street
>Hartford, CT 06103-3597
>    -and-
>Marc J. Farrell, Esq.
>Buchanan Ingersoll PC
>One South Market Square, 3rd Floor
>Harrisburg, PA 17101-2121

_C. E. Bresnick_