UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCHOELLER & HOESCH, N.A., INC. and ) <br> P.H. GLATFELTER COMPANY, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM**

Plaintiff, Ahlstrom Windsor Locks LLC ("Ahlstrom" or "Plaintiff"), submits this Memorandum of Law in opposition to defendants, Schoeller & Hoesch, N.A., Inc. ("S&H") and P.H. Glatfelter Company ("Glatfelter") (collectively "Defendants")' Motion for Leave to Amend Answer and Counterclaim on the grounds that Defendants' proposed inequitable conduct defense and counterclaim are defective and futile.

I.   **BACKGROUND**

On January 24, 2003, Ahlstrom filed a complaint in this Court against S&H and Glatfelter for infringement of U.S. Patent No. 5,431,997 (the '997 patent) and breach of the Settlement Agreement entered into on September 24, 1999 between Dexter Corporation ("Dexter"), Ahlstrom's predecessor in interest, and Defendants.

Briefly, the invention in the '997 patent relates to certain porous fibrous web materials for making infusion packages for brewing beverages and a process of manufacturing such porous fibrous web materials. The porous fibrous web materials of the invention are used, for example, as tea bag papers. Tea bag papers are generally known as either heat sealable (the seams of tea bags are sealed by heat) papers or non-heat sealable (the seams of tea bag papers are sealed mechanically such as by folding and crimping) papers. Prior to the invention of the '997 patent, mechanically sealed tea bags made from non-heat sealable tea bag papers frequently broke at the crimped seams during tea brewing due to water penetration into the fibrous web of the paper. The invention at issue resolves the problem of seam failure by chemically treating the tea bag papers with a system containing a hydrophobic agent that renders the papers sufficiently hydrophobic to prevent water penetration into the web to reduce the seam failure rate.

On March 25, 2003, Defendants answered the complaint and counterclaimed against Plaintiff, alleging invalidity and noninfringement of the '997 patent.

On May 13, 2004, Defendants moved this Court for leave to amend their Answer and Counterclaims to add an affirmative defense and a counterclaim of inequitable conduct. Plaintiff hereby opposes that motion.

## II. ARGUMENT

Leave to amend is inappropriate when there is evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmovant, or

2

futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Mar. Admin v. Cont'l. Nat'l Bank*, 889 F.2d 1248, 1254 (2nd Cir. 1989)(citing *Foman*, 371 U.S. 178); *Schlacter-Jones v. Gen. Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991) (holding that the policy toward permitting the amendment of pleadings must be "tempered with considerations of [the *Foman* factors]"); *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1990) (denying leave to amend due to the presence of *Foman* factors). Defendants' proposed inequitable conduct defense and counterclaim are fatally defective since they fail to meet the heightened pleading requirements for such claims under Fed. R. Civ. P. 9(b). Defendants' inequitable conduct defense and claim are also futile since they could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    A.    **Defendants' Proposed Inequitable Conduct Affirmative Defense And Counterclaim Fail To Meet The Heightened Pleading Requirements Of Fed. R. Civ. P. 9**

Fed. R. Civ. P. 9 states: "[I]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b)(2004). A majority of federal courts have found that allegations of inequitable conduct (i.e. fraud before the Patent Office) in patent cases, like other allegations of fraud, are subject to the requirements of Rule 9(b). *See Agere Systems Guardian Corp. v. Proxim Inc.*, 69 USPQ2d 1429 (D Del 2002); *In re Papst Licensing, GMBH Litig.*, 174 F. Supp. 2d 446, 448 (D. La. 2001); *Videojet Sys., Int'l, Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998); *EMC Corp. v. Storage Tech. Corp.*, 921 F. Supp. 1261, 1286 (D. Del. 1996); *Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 221-22 (N.D. Cal. 1994); *Solarex Corp. v. Arco Solar, Inc.*, 121 F.R.D. 163, 178 (E.D.N.Y. 1988). *See also Ferguson Beauregard/Logic Controls, Division of Dover Resources Inc. v. Mega Systems*

3

*LLC*, 69 USPQ2d 1001, 1013 (Fed. Cir. 2003) ("inequitable conduct, while a broader concept than fraud, must be pled with particularity"). Allegations of fraud must be specific enough to give the accused notice of the particular misconduct which is alleged to constitute the fraud charges so that the accused can defend against the charge. The courts have a strong interest in weeding out allegations of inequitable conduct that are asserted in bad faith. *Chiron Corp.*, 156 F.R.D. 219. Given the Federal Circuit's concern for allegations made "on the slenderest ground," *Burlington Industries, Inc. v. Dayco Corporation,* 849 F.2d 1418, 1421 (Fed. Cir. 1988), "enforcing Rule 9(b)'s requirement that averments of fraud be pled with particularity is a simple, logical, and fair way to protect patent litigants." *Chiron Corp.*, 156 F.R.D. 219.

Specifically, an inequitable conduct claim must be established *by clear and convincing evidence* that (1) someone substantively involved in the prosecution of the patent at issue withheld or misrepresented *material information,* and (2) the nondisclosure was made with the *intent to deceive* the U.S. Patent and Trademark Office ("PTO"). *Regents of the Univ. of Cal. V. Eli Lilly & Co.*, 119 F.3d 1559, 1570 (Fed. Cir. 1997); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995). Defendants have failed to plead any of these required elements with the particularity mandated by Fed. R. Civ. P. 9(b) to give Plaintiff a fair and sufficient notice.

      a.    ***Defendants Failed To Plead Materiality With Particularity***

Information is material only if it establishes a *prima facie* case of unpatentablity or is inconsistent with a position taken by the applicant. See 37 C.F.R. 1.56(b)(2003). Moreover, concerning the inequitable conduct pleading, the Federal Circuit has stated that at the minimum the "time, place and substance" of any

misrepresentation or material omission must be identified. *Solarex*, 121 F.R.D. at 178, adopted 870 F.2d 642 (Fed. Cir. 1989). *See also Advanced Cardiovascular Systems Inc. v. Medtronic Inc.* 41 USPQ2d 1770, 1775 (N.D. Cal. 1996) (Inequitable conduct pleading must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *Dataquill Ltd. V. Handspring Inc.*, 60 U.S.P.Q. 2d 1920, 1921-22 (N.D. Ill. 2001); *Townsend v. Rockwell Int'l Corp.*, 55 U.S.P.Q.2d 1011, 1024 (N.D.. Cal. 2000); *Astra Aktiebolag v. Genpharm Inc.*, 2000 WL 257119*1 (S.D.N.Y. Mar. 8, 2000).

Defendants, however, failed to identify who failed to disclose the allegedly material information to the PTO and what information in the nondisclosed reference materially affected patentability of the '997 patent. *See* Defendants' Proposed Pleading, ¶¶ 7 and 12. Thus, the proposed allegation is defective.

### b. *Defendants Failed To Plead Intent To Deceive With Particularity*

Defendants' proposed inequitable conduct claim is also defective as it failed to plead with sufficient particularity that Plaintiff allegedly withheld the information with intent to deceive the PTO. Intent to deceive is an essential element of a charge of inequitable conduct. *See FMC Corp. v. Manitowoc Co., Inc.*, 835 F.2d 1411, 1415 (Fed. Cir. 1987). Withholding with the intent to deceive the PTO cannot be inferred "solely from the fact that information was not disclosed; there must be a factual basis for a finding of deceptive intent." *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1116 (Fed. Cir. 1996). See also *Akron Polymer Container Corp. v. Exxel Container, Inc.*, 148 F.3d 1380, 1384 (Fed. Cir. 1998) ("without a factual basis to establish a threshold level of deceitful intent, the inequitable conduct analysis is at an end."); *Therma-Tru Corp. v. Peachtree Doors*

*Inc.*, 44 F.3d 988, 996 (Fed. Cir. 1995) (holding that intent to deceive cannot be inferred from the fact that certain information was not provided to the examiner); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1181 (Fed. Cir. 1995) ("clear and convincing evidence must show that the applicant made a deliberate decision to withhold any known material reference"); *Xilinx, Inc. v. Altera Corp.*, 1994 WL 782236 (N.D. Cal. 1994) ("However, failing to cite prior art to the PTO… is not necessarily tantamount to doing those same intentional acts with an intent to deceive the PTO.")

The intent to deceive allegation falls far short of the requirement of Rule 9(b). Other than stating "[o]n information and belief, Dexter intentionally withheld and/or concealed the existence of the Yadlowsky Application with the purpose of deceiving the USPTO", Defendants offered nothing to particularize such allegation. *See* Defendants' Proposed Pleading, ¶¶ 7 and 12. The Second Circuit has held that such an allegation fails to meet the particularity requirements of Fed. R. Civ. P. 9(b). *Segal v. Gordon*, 467 F.2d 602, 608 (2nd Cir. 1972).

Thus, Defendants' proposed inequitable conduct defense and counterclaim are grossly defective.

**B.     The Inequitable Conduct Defense and Counterclaim Alleged in Defendants' Proposed Amendment Could Not Survive A Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)**

Defendants did not and could not plead their inequitable conduct claim with the requisite particularity simply because it cannot be made. The evidence that supports such an allegation does not exist. Under the Second Circuit law, amendments that could not survive a motion to dismiss pursuant to Fed. R. Civ.P. 12(b)(6) should be denied with prejudice. *See Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2nd.

Cir. 1991) (holding that where a party is unable to allege any facts sufficient to support its claim, complaint should be dismissed with prejudice). Even if this Court were to allow Defendants to re-plead its affirmative defense and counterclaim to include the particularity required under Fed. R. Civ. P. 9(b), the proposed pleading would still fail.

### a. *The Reference Cited By Defendants Is Not Material*

As stated above, information is only material if it establishes a *prima facie* case of unpatentability. See 37 C.F.R. § 1.56(b)(2004). Moreover, information is not material if it is cumulative to or less relevant than other information that the PTO has considered. *Regents of Univ. of Cal v. Eli Lilly & Co.*, 119 F.3d 1559, 1574-75 (Fed. Cir. 1997); *Halliburton Co. v. Schlumberger Tech. Corp.*, 925 F.2d 1435, 1440 (Fed. Cir. 1991) ("patentee has no obligation to disclose an otherwise material reference if the reference is cumulative or less material than those already before the examiner").

In their proposed amendments, Defendants cited European Patent Application EP-A-0170461 (the "Yadlowsky Application") without any suggestion as to how this reference could be material to the '997 patent. Contrary to Defendants' ill-pleaded allegation, the Yadlowsky Application is not even relevant, much less material, to the invention of the '997 patent.

The invention at issue is directed to a chemically treated tea bag paper that imparts to the tea bags made from such paper a superior property, i.e., reduction of bursting of the tea bags during tea brewing. The invention requires the use of a *hydrophobic* agent in the chemical treating system. However, the Yadlowsky Application does not teach a chemically treated non-heat sealable tea bag paper for reducing breakage of the bags but a chemically coated coffee filter paper for preventing absorption of the

7

coffee oil by the paper. The chemical used in the Yadlowsky Application is a *hydrophilic* agent, the very opposite of a *hydrophobic* agent as required in the '997 patent. Thus, Yadlowsky Application neither teaches nor suggests any element of the claims in the '997 patent. Simply put, Yadlowsky is immaterial to the claims of the '997 patent and thus, cannot support Defendants' inequitable conduct claim.

      **b.**      ***There Is No Evidence That The Yadlowsky Application Was Knowingly Withheld With An Intent To Deceive The PTO, Or That The PTO Relied On Such Nondisclosure In Its Decision To Grant The '997 Patent***

Not only is the Yadlowsky Application immaterial, but also no evidence exists that anyone substantively involved in the prosecution of the '997 patent withheld it with an intent to deceive the PTO, or that this reference would have had any effect on the decision by the PTO to grant the '997 patent. Despite the fact that Defendants have so far conducted substantial fact discovery by obtaining documents and taking depositions, they still cannot substantiate their proposed inequitable conduct allegation. Under Second Circuit law, the policy favoring amendments under Fed. R. Civ. P. 15(a) is intended to redress a wrong, not serve as a license to search for one. *See Segal v. Gordon*, 467 F.2d 602, 607-08 (2nd. Cir. 1972) ("A [claim] alleging fraud should…serve to seek redress for a wrong, not to find one. Thus, Defendants should not be allowed to add an inequitable conduct allegation until it can make the requisite showings.

      **c.**      **Substantial Doubt Exists Even As To The Relevance Of The Yadlowski Reference Based Upon The Recent Action Of The European Patent Office**

The Yadlowski Application, upon which Defendants rely in support of their motion, was the subject of a hearing held on May 6, 2004, by the European Patent

Office, Opposition Division, in connection with Ahlstrom's European patent application corresponding to the '997 patent in suit. While a written opinion has not yet been received, but is expected within several weeks, the hearing panel ruled orally as follows[1]:

> Account being taken of the amendments made by the patent proprietor during the opposition proceedings, the patent and the invention to which it relates are found to meet the requirements of the European Patent Convention. The currently valid documents are those according to the Claims of auxiliary request 3.

The claim as amended and presumptively *allowed* in the European patent application is commensurate in scope with that of a mechanically sealed, non-heat sealable tea bag made from paper in accordance with claim 1 of the '997 patent. That being the case, the relevance of the Yadlowski Application to the issue of patentability, or even materiality, is seriously in doubt, and a very weak reed upon which to base a claim of inequitable conduct.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Leave to Amend Pleading.

Respectfully submitted,

Date:   June 3, 2004          COHEN, PONTANI, LIEBERMAN & PAVANE

By _____
Sidney R. Bresnick, Esq. (CT 16295)
Yunling Ren, Esq. (CT 21078)
551 Fifth Avenue
New York, NY 10176
Tel. 212-687-2770
Fax 212-972-5487
        -and-

---

[1] Copy of the minutes of the oral proceedings are attached as Exhibit A.

9

McCarter & English, LLP
Basam E. Nabulsi, Esq. (CT 20897)
Alexandra Stevens, Esq. (CT 20300)
Eric E. Grondahl (CT 08988)
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902
Tel. 203-965-0601
Fax 203-323-6513

*Attorneys for Plaintiff,*
Ahlstrom Windsor Locks LLC

Exhibit A



| | EPA EPO OEB | Europäisches | European | Office européen |
| | D-80298 München | Patentamt | Patent Office | des brevets |
| | +49 89 2399-0 | | | |
| | TX 523 656 epmu d | | | |
| | FAX +49 89 2399-4465 | Generaldirektion 2 | Directorate General 2 | Direction Générale 2 |

Mercer, Christopher Paul
Carpmaels & Ransford
43, Bloomsbury Square
London WC1A 2RA
ROYAUME-UNI

| Application No. / Patent No. | Ref. | Date |
|---|---|---|
| 94 303 680.6 - 2113 / 0632163 / | P12227EP | 01.06.2004 |
| Proprietor | | |
| Ahlstrom Windsor Locks LLC | | |

**Provision of a copy of the minutes in accordance with Rule 76(4) EPC**

The attached copy of the minutes of the oral proceedings is sent to you in accordance with Rule 76(4) EPC.



Meyer, C
Formalities Officer
Tel. No.: +49 89 2399 - 8134

ORAL9, (OREX) coded

2 6. 05. 04 MC

Enclosure(s):   Copy of the minutes (Form 2309)

"Exhibit A"

Page 2/1                                                                 Application No.: 94 303 550.6

After deliberation of the opposition division,

- the chairman announced the following decision:

"Account being taken of the amendments made by the patent proprietor during the opposition proceedings, the patent and the invention to which it relates are found to meet the requirements of the European Patent Convention. The currently valid documents are those according to the Claims of auxiliary request 3."

The party/parties was/were informed that the minutes of the oral proceedings and a written reasoned decision (including an indication of the possibility of appeal) will be notified to him/them as soon as possible.

The chairman closed the oral proceedings on   06.05.2004   at   11:30   hours.

CONNOR M T
Chairman

GOERS B
Minute writer

Annex(es):
Amended Title (1 page), amended description (3 pages)
Form 2339.4

| Europäisches Patentamt | European Patent Office | Office européen des brevets |
|---|---|---|
| GD2 - Einspruch | DG2 - Opposition | DG2 - Opposition |

Application No.:   94 303 680.6

Patent No.:   EP 0632163 B

## Minutes of the oral proceedings before the OPPOSITION DIVISION

The proceedings were public.

Proceedings opened on   06.05.2004   at   9:00   hours

Present as members of the opposition division:

Chairman:      CONNOR M T
1st member:    PERSICHINI C
2nd member:    GOERS B

Minute writer:   GOERS B

Present as or for the party or parties:

- For the Proprietor(s):   Ahlstrom Windsor Locks LLC

    DONNAN M J (representative)
    TOTONIS M M (Intellectual property officer),
    VIAZMENSKY H (inventor, technical expert)

- For the Opponent 1:   J. R. CROMPTON LIMITED

The identity of the person/s (as well as, if applicable, that of the witness or witnesses) and, where necessary, the authorisation to represent/authority to act were checked.

The chairman confirmed that ATKINSON P B (representative of the Opponent) who had not appeared had been duly summoned.

Essentials of the discussion and possible relevant statements of the parties:

## CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Leave to Amend Answer and Counterclaim has been sent by first class mail, postage prepaid, this Third day of June, 2004 to:

        Dina S. Fisher, Esq.
        Robinson & Cole LLP
        280 Trumbull Street
        Hartford, CT 06103-3597
            -and-
        Marc J. Farrell, Esq.
        Buchanan Ingersoll PC
        One South Market Square
        213 Market Street, 3rd Floor
        Harrisburg, PA 17101-2121

_____
Eric E. Grondahl

11