IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, : | |
| : | |
| Plaintiff : | CASE NO. 3:03-CV-0169-AVC |
| : | |
| v. : | |
| : | |
| SCHOELLER & HOESCH, NA, INC., : | |
| : | |
| and : | |
| : | |
| P. H. GLATFELTER COMPANY, : | |
| : | |
| Defendants : | JUNE 8, 2004 |

### DEFENDANTS' MOTION FOR PROTECTIVE ORDER
### REGARDING PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION

Defendants, P. H. Glatfelter Company and Schoeller & Hoesch, NA, Inc. (collectively "Defendants") hereby move for a protective order with respect to a Notice of Deposition served by the Plaintiff, Ahlstrom Windsor Locks LLC ("Plaintiff" or "Ahlstrom") on P. H. Glatfelter Company ("Glatfelter") on May 5, 2004 pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("Plaintiff's 30(b)(6) Notice") (attached hereto at Tab A).

As set forth more fully below, Plaintiff's 30(b)(6) Notice is unduly burdensome and harassing in light of the depositions and discovery already completed in this case. In addition, Plaintiff's deposition notice and associated document request entirely overlaps with an ongoing discovery dispute that has not yet been decided by the Court. Plaintiff filed a motion to compel production of documents on April 26, 2004, a mere week before serving the instant 30(b)(6) Notice. On May 17, 2004, Defendants filed their objection to the motion to compel. As stated in their objection to the pending motion, Defendants have more than complied with Plaintiff's

discovery requests. This latest deposition notice is an attempt to endrun this Court's ruling on the pending motion.

## I. ARGUMENT

Defendants object to Plaintiff's 30(b)(6) Notice on three grounds. First, as discussed sufficiently above, the Notice ignores the discovery dispute that is currently pending before this Court. It is therefore premature. Once this Court decides the pending Motion to Compel, then the parties will have a better idea of what areas can and cannot be inquired into further. Before that is decided, any effort to preempt the Court's decision is inappropriate.

A second objection, more fully discussed below, centers on the fact that the Plaintiff has already taken over 70 hours of deposition in this case, and has had more than enough opportunity to inquire into relevant areas. It is unduly burdensome to ask the Defendants to incur the very substantial expense of engaging in further deposition of people in Germany.

Third, aside from the topics in Plaintiff's 30(b)(6) Notice that have already been the subject of exhaustive inquiry, the remaining topics are, by and large, entirely outside the scope of permissible discovery.

### A. PLAINTIFF'S 30(b)(6) NOTICE IDENTIFIES SUBJECTS OF INQUIRY THAT ARE ENTIRELY OUTSIDE THE SCOPE OF PERMISSIBLE DISCOVERY.

In its latest 30(b)(6) notice, Plaintiff asks Glatfelter to produce one or more corporate representatives to testify – either in the United States or in Germany – on subjects that have no bearing on any matter at issue in this case. Before setting out Defendants' specific objections to the "Areas of Inquiry" included in the Notice, Defendants state the following general objections:

1.      As stated in the pending Objection to Plaintiff's First Motion to Compel, Plaintiff persists in pressing for discovery of documents or processes or procedures that predate the September 1999 Agreement (the " '99 Agreement") between the parties. As the parties long ago agreed, except as to three limited areas (none of which are implicated by Plaintiff's 30(b)(6) Notice), there is no need for discovery of any matter that predates the '99 Agreement.

2.      Plaintiff seeks information about paper grades that are not at issue in this case – that is to say, <u>almost all</u> of what is produced by Defendant Glatfelter's subsidiary, non-defendant Papierfabrik Schoeller & Hoesch GmbH ("S&H GmbH"). As framed by the pleadings in this case, the controversy at bar concerns only non-heatsealable tea bag papers containing a binder system, and within that category <u>only</u> papers that were sold or offered for sale in the United States after September 24, 1999. Documentation as to this small fraction of the overall production at S&H GmbH is not easily winnowed from the millions of pages of documents and electronic data (the vast majority of which in no way relates to this case) at the S&H GmbH facility. Nonetheless, Defendants have done so. In spite of that massive effort, Plaintiff continues to demand voluminous discovery about paper sold in Europe, about paper manufactured for sale in the Far East, about paper manufactured prior to the '99 Agreement. This is the very definition of unduly burdensome and harassing discovery.

The following are Defendants' specific objections to individual subjects of inquiry identified in Plaintiff's latest Notice of Deposition – subjects that are completely irrelevant to material issues in controversy in this case. (Italicized type represents Plaintiff's requests, paraphrased for brevity.)

    *A.*    *Quality Control and Competitive Testing:*

        *1. Management, personnel and functions involved in quality control activities for infusion paper at S&H GmbH.*
        *2. Quality control ("QC") tests performed anywhere on various types of paper*

3

> *sold by/for S&H GmbH.*
> 3. *Types and locations of all QC records.*

**Objection:** Topics 1 – 3 have already been the subject of inquiry – in the deposition of Guenter Grauer and Gerhard Slawik. These are the people identified by Defendants as best able to answer questions on these topics. They have been deposed for over 20 hours each, and should not be subjected to further deposition.

> 4. *QC tests performed on paper sold to Teekanne Europe.*

**Objection:** Topic 4 is irrelevant. There is nothing that can be ascertained as to QC testing on paper sold to S&H's largest European and worldwide customer that could make any material fact any more or less probable.

> 5. *QC tests performed on paper sold to S&H's US customer Redco.*

**Objection:** This topic has already been the subject of inquiry – in the deposition of Guenter Grauer and Gerhard Slawik. These are the people identified by Defendants as best able to answer questions on these topics. They have been deposed for over 20 hours each, and should not be subjected to further deposition.

> 6. *QC tests performed on paper made by Plaintiff.*

**Objection:** Topic 6 is irrelevant. Leaving aside the oddness of the idea of performing "QC" tests on a competitors' product, there is nothing that could be ascertained as to testing on Plaintiff's paper that could make any material fact any more or less probable.

> 7. *All QC tests performed [on any paper at any time] for wettability and water climb according to the "Dexter Method."*
> 8. *All customer specification records (for Teekanne Europe, for Redco and any other US customer) since 1997.*

4

**Objection**: Topics 7 and 8 have already been the subject of inquiry – in the deposition of Guenter Grauer and Gerhard Slawik. These are the people identified by Defendants as best able to answer questions on these topics. They have been deposed for over 20 hours each, and should not be subjected to further deposition. Furthermore, Mr. Slawik already produced the highly confidential customer specifications to Plaintiff in January.

> 9. *All testing and comparision of tea bag paper and tea bags (ever made, and ever done).*
> 10. *Location and custody of all testing data ever created.*
> 11. *All quality control tests ever performed on paper sold in Europe (Teekanne Europe) or US (Redco Foods) for wettability according to the Grauer patent.*

**Objection**: These topics are entirely overbroad and burdensome. Their overbreadth is apparent on their face. Futhermore, this subject has already been the focus of inquiry – in the deposition of Guenter Grauer and Gerhard Slawik. These are the people identified by Defendants as best able to answer questions on these topics. As stated above, they have been deposed for over 20 hours each, and should not be subjected to further deposition.

### B.    *Customer Specifications*

> 1. *Customer specifications for Redco Foods.*
> 2. *Customer specifications for Teekanne Europe since 1997.*
> 3. *Customer specifications for any other U.S. tea bag manufacturers since 1997.*

**Objection**: See objection to topics 7-8 above. These documents were produced to Plaintiff in January at the first round of deposition of Gerhard Slawik. Defendants then brought Mr. Slawik to the United States for deposition in February. Plaintiff had the opportunity to question him about the specifications at that time

B.   **PLAINTIFF'S 30(b)(6) NOTICE INCLUDES REQUESTS FOR DOCUMENTS THAT PLAINTIFF EITHER ALREADY HAS, OR ARE THE SUBJECT OF THE PENDING MOTION TO COMPEL.**

In its 30(b)(6) Notice, Plaintiff demands production of documents belonging to a list of six categories. Plaintiff's 30(b)(6) Notice also includes the demand that the requested documents be delivered three days prior to the noticed deposition date.

Defendants object to this document request.

First, it seeks documents that Plaintiff already has in its possession (with respect to testing of paper sold or offered for sale to Redco Foods and others in the U.S. after 1999, and customer specifications for the various grades of non-heatsealable tea bag paper sold or offered for sale into the U.S. after 1999.

Second, it seeks production of documents that are irrelevant and outside the scope of permissible discovery. All of the document requests are for documents created prior to September 24, 1999 – the date of the Settlement Agreement. Defendants object to this overbreadth.

Moreover, many of the document requests also seek documents relating to Teekanne Europe and other customers' paper that is not sold in the United States. (See request nos. 1, 4, 6.) The U.S. patent laws do not extend to products sold outside the United States. The '99 Agreement did not apply to products sold outside the United States. It is entirely unclear why Plaintiff would believe it has the right to obtain discovery as to such irrelevant topics. Such requests should be denied.

Finally, Plaintiff requests records of testing of Ahlstrom paper. (See request no. 3.) To the extent such records of comparative research exists, they have been disclosed. However, a

6

request for "quality control" testing on Dexter paper since 1997 is overbroad, duplicative, vague and should be denied.

Finally, as stated earlier, customer specifications for relevant paper grades have already been produced. Therefore, request no. 5 is duplicative and should be denied.

### C.  PLAINTIFF'S 30(b)(6) NOTICE DUPLICATES SUBJECTS OF INQUIRY THAT HAVE ALREADY BEEN EXHAUSTED.

As stated above in objecting to particular topics of inquiry identified in Plaintiff's latest 30(b)(6) notice, Plaintiff already possesses the information it now claims to lack.

Over 70 hours of depositions have been conducted by the Plaintiff. The Plaintiff has deposed the following people in Germany and in the United States:

> Horst Dannhauser, General Sales Manager, Glatfelter: Questioned as to sales of products in the United States, manufacturing, paper grades, and a variety of sales-related topics.

> Fabrice Werner, Business Unit Director: Questioned to sales of products in the United States, manufacturing, paper grades, and a variety of sales-related topics.

> Guenter Grauer, Product Engineer: Deposed for approximately 24 hours in both Germany and the United States (where S&H brought him and Mr. Grauer, see below, for the continuation of their depositions, at its own expense), on technical topics ranging from the invention of S&H's nonheatsealable hydrophilic paper to sales activities and meetings to S&H processes and manufacturing to recipes for S&H paper.

> Gerhard Slawik, General Business Development Manager, Long Fiber and Overlay Papers: Deposed for approximately 22 hours in all, on much the same topics as

Mr. Grauer, also including sales activity, policies and processes.

<u>William Alverson</u>, General Manager, Sales for North America, S&H N.A.: Deposed on issues relating to sales of S&H paper in North America.

<u>Stan Schreffler</u>, Corporate Tax Manager: Deposed concerning corporate structure and responsibilities.

<u>Glen Bonetti</u>, Sales Manager, North America, S&H NA: Deposed as to sales activities in the United States.

Plaintiff has conducted, so far, approximately 70 hours of deposition. It has far exceeded the Rules' limit of seven hours per deposition. Defendants agreed, because of the need for German translation in several of the depositions, to extend the time for the depositions of Messrs. Slawik and Grauer. However, Defendants made clear to Plaintiff at the close of those depositions that they believed Plaintiff had by then exceed the time allotted for such discovery, and that Defendants would object to the renoticing the depositions of Messrs. Slawik and Grauer.

As a result, Plaintiff has instead issued a blanket 30(b)(6) notice that purports to seek deponents other than these two fully-deposed individuals, to avoid running afoul of the seven-hour limit. However, as Defendants' counsel has explained to Plaintiff's counsel, to the extent that this new Deposition Notice seeks any information that is relevant to this case, such information has already been given to Plaintiff in Mr. Grauer's deposition, Mr. Slawik's deposition, and in the mountains of paper produced to Plaintiff.

Accordingly, Defendants submit that Plaintiff's 30(b)(6) Notice is unduly burdensome, and harassing. It is unfair to subject Defendants to further expense (in a case that has already proven unfairly expensive and burdensome to Defendants) simply because Plaintiff recasts old

discovery requests in new terms, in an effort to create its case.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully move for a protective order as to the entire Notice of Deposition served by Plaintiff pursuant to Rule 30(b)(6) on May 5, 2004.

Attorneys for Defendants,
Schoeller & Hoesch, NA, Inc. and
P. H. Glatfelter Company

By *[signature]*
Dina S. Fisher (ct 14896)
280 Trumbull Street
Brett J. Boskiewicz (ct 25632)
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
dfisher@rc.com

Marc J. Farrell (ct 24539)
BUCHANAN INGERSOLL PC
One South Market Square, 3rd Floor
Harrisburg, PA 17101-2121
Tel. No.: (717) 237-4820
Fax No.: (717) 233-0852
farrellmj@bipc.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served by means of facsimile and the United States mail, first class, postage prepaid, on this the 8th day of June, 2004, upon the following:

>Sidney R. Bresnick, Esquire
>Yunling Ren, Esquire
>Cohen, Pontani, Lieberman & Pavane
>551 Fifth Avenue
>New York, NY 10176

>Basam E. Nabulsi, Esquire
>McCarter & English LLP
>Four Stamford Plaza
>107 Elm Street, 9th Floor
>Stamford, CT 06902

>Eric E. Grondahl, Esquire
>Alexandra Stevens, Esquire
>McCarter & English LLP
>City Place I
>185 Asylum Street, 36th Floor
>Hartford, CT 06103-3495

_____
Brett Boskiewicz

Counsel for Defendants,
Schoeller & Hoesch, NA, Inc., and
P. H. Glatfelter Company

A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AHLSTROM WINDSOR LOCKS LLC, )
                                                          Plaintiff, ) CIVIL ACTION NO. 3:03-CV-0169 (AVC)
v. )
SCHOELLER & HOESCH, N.A., INC. )
and P.H. GLATFELTER COMPANY, )
                                                    Defendants. )

### NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(6) FED. R. CIV. P.

To:   P. H. Glatfelter Company
c/o Dina S. Fisher, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
      -and-
Marc J. Farrell, Esq.
Buchanan Ingersoll PC
One South Market Square, 3rd Floor
Harrisburg, PA 17101-2121

        Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff, Ahlstrom Windsor Locks LLC. will take the deposition of Defendant, P. H. Glatfelter Company (Glatfelter), through its subsidiary, Papierfabrik Schoeller & Hoesch GmbH, Gernsbach, Germany ("S&H GmbH"), commencing at 9:00 a.m. on June 9, 2004 at the offices of McCarter & English, LLP, CityPlace 1, 185 Asylum Street, 36th Floor, Hartford, CT 06103-3495 (Tel. 860-275-6700), or, for the convenience of the witnesses, at Dorint Maison Messmer Hotel in Baden Baden, Germany, before a person duly authorized to administer oaths, and continuing thereafter

from day to day until completed. The deposition will be recorded stenographically and by videotape.

In accordance with Rule 30(b)(6), Glatfelter shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf. Said person or persons shall be qualified to testify on behalf of Glatfelter as to facts known or reasonably available to Glatfelter, which shall relate to and include the subject matter identified in Exhibit A, attached hereto. Glatfelter is requested to identify the person or persons designated to testify and the subject matter as to which each designated person will testify on or before June 4, 2004. Glatfelter shall also produce the documents requested in Exhibit B hereof at least 3 days prior to the deposition.

You are invited to attend and participate as provided by the Federal Rules of Civil Procedure.

Cohen, Pontani, Lieberman & Pavane

By _____
Sidney R. Bresnick (ct 16295)
551 Fifth Avenue
New York, New York 10176
Tel. 212-687-2770
Fax 212-972-5487
  -and-
Basam E. Nabulsi (ct 20897)
Eric E. Grondahl (ct 08988)
McCarter & English
Four Stamford Plaza
107 Elm Street, 9th Floor
Tel. 203-965-0601
Fax 203-323-6513

Attorneys for Plaintiff,
Ahlstrom Windsor Locks LLC

Date:  May 19, 2004

2

## EXHIBIT A

The following definitions apply to the areas of inquiry and document requests listed below:

1. "Glatfelter" shall mean the defendant, P. H. Glatfelter Company, as well as its parents, subsidiaries, divisions, corporate predecessors, joint ventures, and other legal entities, including specifically Papierfabrik Schoeller & Hoesch GmbH, Gernsbach, Germany ("S&H GmbH"), its officers, directors, attorneys, managing agents, agents, consultants, experts, representatives, and other individuals or business entities acting or purporting to act on its behalf.

2. "Infusion paper" or "tea bag paper" shall mean porous web materials used for making mechanically sealed (non-heat sealable) infusion packages for brewing beverages.

3. The "'997 patent" shall mean U.S. patent No. 5,431,997, issued July 11, 1995, the patent in suit.

4. The "Grauer patent" shall mean U.S. patent No. 6,510,949, issued January 28, 2003.

5. "Main laboratory" shall mean the laboratory at S&H GmbH referred to by Guenter Grauer in his deposition of January 16, 2004, pages 108-117.

6. "Data sheets" shall mean the data sheets referred to by Guenter Grauer in his deposition of January 16, 2004, pages 108-117.

7. "Customer specifications" shall mean those physical, chemical or other properties of infusion paper required by customers of S&H GmbH in the

3

manufacture of their tea bag paper as understood by Guenter Grauer in his deposition of January 16, 2004, pages 108-117.

8.  "LOP/L" shall mean that department at S&H GmbH identified by Guenter Grauer in his deposition of January 16, 2004, pages 116-118 as the Long Fiber and Overlay Paper Department in which customer specifications are kept.

## AREAS OF INQUIRY

### A.  Quality Control and Competitive Testing

1.  The management, personnel and functions involved in quality control activities for infusion paper at S&H GmbH.

2.  The physical, chemical and/or other types of quality control tests performed at its main laboratory or other location on various grades and types of infusion paper manufactured, marketed and/or sold by, for, or on behalf of S&H GmbH.

3.  The types and locations of quality control records kept at S&H GmbH's main laboratory or other location, including, without limitation, Data sheets and other quality control records.

4.  Quality control tests performed on infusion paper for Teekanne Europe.

5.  Quality control tests performed on infusion paper for Redco Foods, Inc. for use in the United States.

6.  Quality control tests performed on infusion paper manufactured by Ahlstrom in the United States.

7. Quality control tests performed on infusion paper for wettability, time and water climb tests by the "Dexter method."

8. Customer specification records for Teekanne Europe, Redco Foods, Inc. in the United States and all other customers in the United States since 1997.

9. The testing and comparison of infusion papers and tea bags made from such paper by, for, or on behalf of S&H GmbH.

10. The location and custody of quality control and/or testing of competitive companies and products with respect to infusion paper made by, for, or on behalf of S&H GmbH.

11. Quality control tests performed on infusion paper manufacture for Teekanne Europe and Redco foods, Inc. in the United States for wettability, time and water climb tests according to the "Grauer patent."

B. **Customer Specifications**

1. Customer specifications for infusion paper for Redco Foods, Inc. in the United States since 1997.

2. Customer specifications for infusion paper for Teekanne Europe since 1997.

3. Customer specifications for infusion paper for any other tea bag manufacturers in the United States since 1997.

5

## EXHIBIT B

### Document Production

The witnesses are requested to produce at least 3 days prior to the deposition and be prepared to testify with respect to the following documents:

1. Data sheets or other records containing the results of quality control tests on paper for Teekanne Europe since 1997.

2. Data sheets or other records containing the results of quality control tests on paper for Redco Foods, Inc. in the United States since 1997.

3. Data sheets or other records containing the results of quality control tests on paper manufactured by Ahlstrom and/or Dexter Corporation since 1997.

4. Data sheets or other records containing the results of quality control tests on paper for Teekanne Europe since 1997.

5. Customer specifications for various grades of infusion paper for Redco Foods, Inc. in the United States since 1997.

6. Customer specifications for various grades of infusion paper for Teekanne Europe since 1997.