Source: Legal > / . . . / > **NY Federal & State Cases, Combined**
Terms: **name(astra)** (Edit Search)

✔Select for FOCUS™ or Delivery
☐

2000 U.S. Dist. LEXIS 2513, *

**ASTRA** AKTIEBOLAG, et al., Plaintiffs, v. GENPHARM INC., Defendant.

98 Civ. 3657 (BSJ)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2000 U.S. Dist. LEXIS 2513

February 21, 2000, Decided
March 8, 2000, Filed

**DISPOSITION:** [*1] Plaintiffs' motion to strike defendant's patent invalidity defenses withdrawn, motion to strike allegations of patent unenforceability due to inequitable conduct granted and motion to strike allegations of patent misuse granted without prejudice.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff argued defendant failed to meet the specific pleading requirements of Fed. R. Civ. P. 9(b) with respect to defendant's inequitable conduct allegations surrounding a patent.

**OVERVIEW:** Defendant alleged plaintiffs knowingly withheld "prior art more material" than the prior art they disclosed to the patent examiner, including "at least European Patent No. 124,495," during prosecution of the patent. To the extent plaintiff argued this gave them notice of one specific piece of prior art but was insufficient to place them on notice of any other allegedly material omissions, they were correct. Plaintiff argued defendant failed sufficiently to plead materiality by failing to explain why the alleged omission was material and to plead intent. Defendant's allegation that plaintiff had omitted "more material prior art" than the prior art they did disclose during the prosecution of the patent was sufficient. If true, the omission worked a fraud on the Patent and Trademark Office (PTO) breaching the duty of candor to the PTO, rendering the patent unenforceable. The court struck the patent misuse defense without prejudice.

**OUTCOME:** Plaintiffs' motion to strike defendant's patent invalidity defenses withdrawn, motion to strike allegations of patent unenforceability due to inequitable conduct granted only insofar as the words "includes at least" were stricken, and motion to strike allegations of patent misuse granted without prejudice.

**CORE TERMS:** patent, patent misuse, inequitable conduct, notice, plead, unenforceable, particularity, omission, motion to strike, unlawful attempt, failed to meet, unenforceability, identification, fraudulent, invalidity, knowingly, withdrawn, examiner, stricken, withheld, speaker, coupled, candor, duty

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Pleadings > Heightened Pleading Requirements
Criminal Law & Procedure > Criminal Offenses > Fraud > False Pretenses

**HN1** An allegation of inequitable conduct sounds in fraud and therefore must comply with Fed. R. Civ. P. 9(b). This flows from the simple principle that a patent applicant must prosecute an application with candor, good faith and honesty in the Patent and Trademark Office. A breach of this duty constitutes inequitable conduct. Inequitable conduct may be established with evidence of a failure to disclose material information coupled with an intent to deceive. Rule 9(b) provides that pleadings alleging fraud must state "the circumstances constituting fraud with particularity." This has generally been held to require the identification of the statements alleged to be fraudulent, the speaker, where and when the statements were made and an explanation of why the statements were fraudulent. More Like This Headnote

Antitrust & Trade Law > Intellectual Property > Misuse of Rights
Patent Law > U.S. Patent & Trademark Office Prosecution Procedures > Interferences
Patent Law > Inequitable Conduct > Burdens of Proof
Patent Law > Jurisdiction & Review > Standards of Review

**HN2** Fed. R. Civ. P. 9(b) provides that "intent may be averred generally." A defendant's allegation that withholding of material information was done "knowingly and with intent to mislead" especially when coupled with the allegation that the same patent was cited by the applicants in the specification of a related patent and that the examiners were different are more than enough to meet the requirement. More Like This Headnote

Antitrust & Trade Law > Intellectual Property > Misuse of Rights

**HN3** Practices such as "tying" arrangements may under certain circumstances form the basis for patent misuse. Where, however, a defendant offers nothing more than conclusory allegations which provide no factual basis for this defense, it leaves the plaintiffs utterly without notice of the misconduct alleged. Accordingly, the court will strike the patent misuse defense. More Like This Headnote

**COUNSEL:** For ASTRA AKTIEBOLAG, AKTIEBOLAGET HASSLE, plaintiffs: Thomas L. Creel, Kaye, Scholer, Fierman, Hays & Handler, LLP, New York, NY.

For ASTRA MERCK ENTERPRISES INC., ASTRA MERCK INC., plaintiffs: Robert L. Baechtold, Fitzpatrick, Cella, Harper & Scinto, New York, NY.

For GENPHARM INC., defendant: Edgar H. Haug, Frommer, Lawrence & Haug LLP, New York, NY.

For GENPHARM INC., counter-claimant: Edgar H. Haug, Frommer, Lawrence & Haug LLP, New York, NY.

For ASTRA AKTIEBOLAG, AKTIEBOLAGET HASSLE, counter-defendants: Thomas L. Creel, Kaye, Scholer, Fierman, Hays & Handler, LLP, New York, NY.

For ASTRA MERCK ENTERPRISES INC., ASTRA MERCK INC., counter-defendants: Robert L. Baechtold, Fitzpatrick, Cella, Harper & Scinto, New York, NY.

**JUDGES:** BARBARA S. JONES, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** BARBARA S. JONES

**OPINION:** MEMORANDUM OPINION AND ORDER

BARBARA S. JONES
UNITED STATES DISTRICT COURT

Originally filed before this [*2] Court were motions by the plaintiffs Astra Aktiebolag, Aktiebolaget Hassle, Astra Merck Enterprises Inc., and Astra Merck Inc. (collectively "Astra") to strike certain affirmative defenses and counterclaims of the defendant Genpharm. First, Astra moved to strike certain patent unenforceability and invalidity defenses based upon the fact that Genpharm had failed to provide proper notice under the Food and Drug Administration statute. See 21 U.S.C. § 355(j)(5)(B)(ii). Recognizing this deficiency, Genpharm subsequently filed a supplemental notice and a second lawsuit was filed by Astra based upon that second notice. Accordingly, at a conference on December 3, 1999, this motion was withdrawn by the plaintiffs.

Second, Astra argued that Genpharm failed to meet the specific pleading requirements of Fed. R. Civ. P. 9(b) with respect to Genpharm's inequitable conduct allegations surrounding the '230 patent. This Court disagrees.

At the outset the Court notes that there is no dispute that HN1 an allegation of inequitable conduct sounds in fraud and therefore must comply with Rule 9(b). This flows from the simple principle that a patent applicant must prosecute an application [*3] with candor, good faith and honesty in the Patent and Trademark Office ("PTO"). A breach of this duty constitutes inequitable conduct See Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995). The parties also agree that inequitable conduct may be established with evidence of a failure to disclose material information coupled with an intent to deceive.

Rule 9(b) provides that pleadings alleging fraud must state "the circumstances constituting fraud ... with particularity." Id. This has generally been held to require the identification of the statements alleged to be fraudulent, the speaker, where and when the statements were made and an explanation of why the statements were fraudulent. See Poly-America, Inc. v. GSE Lining Tech., Inc., 1998 U.S. Dist. LEXIS 9996, No. Civ. A. 3:96- CV-2690, 1998 WL 355477 (N.D. Tex. June 29, 1998); Rainin Instrument Company, Inc. v. Osmo Souvanimei, 1997 U.S. Dist. LEXIS 13976, 96 Civ. 7073 (HB), 1997 WL 576008 (S.D.N.Y. Sept. 16, 1997). Genpharm's pleadings meet these requirements. First, Genpharm alleged in its answer that: "The applicants and/or their agents knowingly withheld prior art more material than the prior art they disclosed to [*4] the examiner during prosecution of the '230 patent . . . ." (P 68.) This identifies the speakers as the applicants and or their attorneys and the time and place of the non disclosure as during the prosecution of the '230 patent. In the next paragraph Genpharm identifies the non-disclosed statement by identifying the material art withheld to include "at least European Patent No. 124,495, "Omeprazole Salts." To the extent that Astra argues that this gives them notice of one specific piece of prior art but is insufficient to place them on notice of any other allegedly material omissions they are correct. Accordingly, the phrase "includes at least" in paragraphs 69 and 157 is stricken.

Finally and more importantly, Astra argues that Genpharm has failed sufficiently to plead materiality in failing to explain why the alleged omission was material and also failed to plead intent with particularity. This Court finds that Genpharm's allegation that Astra omitted "more material prior art" than the prior art they did disclose during the prosecution of the patent is sufficient. If true, the omission works a fraud on the PTO by virtue of the fact that it breaches the duty of candor to the PTO [*5] and renders the patent unenforceable. See Poly-America, 1998 WL 355477, at *4. Read together with the identification of the specific patent allegedly omitted, the plaintiffs have sufficient notice of the inequitable conduct claim and will not be prejudiced by the pleadings. See Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co., 820 F. Supp. 150, 154 (D. Del. 1992).

As to Genpharm's obligation to plead intent with particularity, HN2 Rule 9(b) provides that "intent may be averred generally." Fed. R. Civ. P. 9(b). Genpharm's allegation that the

withholding was done "knowingly and with intent to mislead" (P 68,) especially when coupled with the allegation that the same patent was cited by the applicants in the specification of a related patent and that the examiners were different (PP 69, 70,) are more than enough to meet the requirement.

Third, Astra argued that Genpharm failed to meet the specific pleading requirements of Fed. R. Civ. P. 9(b) with regard to its allegations of patent misuse. In its opposition papers, however, Genpharm represented that its "patent misuse allegations are not grounded upon inequitable conduct before the PTO," "Genpharm [*6] has not made fraud-based allegations," and "Genpharm has not alleged patent misuse due to the attempted enforcement of a patent known to be invalid or unenforceable." Based upon these representations Astra, in its reply papers, withdrew "this portion of its motion directed to patent misuse."

The question of whether Genpharm has sufficiently plead the defense of patent misuse under Fed. R. Civ. P. 12(f), however, remains. The allegation that Genpharm makes as to the 794, '305 and '342 patents is that the "patent and all the claims thereof are unenforceable due to patent misuse, and an unlawful attempt to extend patent rights." Presumably the phrase "an unlawful attempt to extend patent rights" is intended by the defendant as an allusion to conduct on the part of the plaintiff/patentee with an anticompetitive effect. See Virginia Panel Corp. v. MacPanel Co., 133 F.3d 860, 868 (Fed. Cir. 1997). For instance, HN3 practices such as "tying" arrangements may under certain circumstances form the basis for patent misuse. Here, however, Genpharm offers nothing more than conclusory allegations which provide no factual basis for this defense -- leaving the plaintiffs utterly without [*7] notice of the misconduct alleged. Accordingly, the Court strikes the patent misuse defense without prejudice and with leave to replead.

CONCLUSION

For the foregoing reasons plaintiffs' motion to strike defendant's patent invalidity defenses is withdrawn, the motion to strike the allegations of patent unenforceability due to inequitable conduct is granted only insofar as the words "includes at least" are stricken, and the motion to strike the allegations of patent misuse is granted without prejudice.

SO ORDERED:

BARBARA S. JONES

UNITED STATES DISTRICT JUDGE

Dated: New York, New York

February 21, 2000

Source: Legal > / . . . / > NY Federal & State Cases, Combined
Terms: name(astra) (Edit Search)
View: Full
Date/Time: Thursday, June 17, 2004 - 2:02 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
▲ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
▲ - Citing Refs. With Analysis Available

- Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

About LexisNexis | Terms and Conditions

Copyright © 2004 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.