UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |
| ) | |
| SCHOELLER & HOESCH, N.A., INC. and ) | |
| P. H. GLATFELTER COMPANY, ) | |
| ) | |
| Defendants. ) | JUNE 22, 2004 |

### SURREPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM

Plaintiff has respectfully moved the Court for permission to file this surreply brief to address material misstatements of fact in Defendants' Reply Memorandum dated June 17, 2004 that the Court may find to be determinative of their motion to amend the pleadings.

Defendants' Motion to Amend Answer and Counterclaim [Dkt. # 78] is based on the *sole* ground that Plaintiff's predecessor, the Dexter Corporation ("Dexter"), is guilty of inequitable conduct because it did not advise the PTO of the Yadlowski application ("Yadlowski") during the prosecution of the '997 patent. Plaintiff has opposed the motion by asserting, *inter alia*, that Defendants have failed to provide evidence of Yadlowski's materiality, i.e., that the information contained therein establishes a *prima facie* case of unpatentability,

without which their amended affirmative defense and counterclaim could not withstand a motion to dismiss.

At pages 7-8 of their Reply, Defendants attempt to demonstrate Yadlowski's materiality by reference to a recent opposition proceeding in the European Patent Office ("EPO") in which the J. R. Crompton Company ("Crompton") in England, sought to invalidate Plaintiff's European counterpart patent to the '997 patent ("the '997 Counterpart patent"). The EPO considered three prior art references cited by Crompton in the opposition: (D1) U. S. patent No. 3,386,834 to Noiset (the "Noiset patent"); (D2) EP-A-O-170 461 (the "Yadlowski application" or "Yadlowski") and (D3) U. S. patent No. 3,616,166 to Kelley (the "Kelley patent"). Defendants have seriously misstated the basis for the decision of the EPO with respect to the purported significance of the Yadlowski application as a relevant prior art reference and as a factor in the invalidation of certain claims in the '997 Counterpart patent.

Defendants state that "the fact that *this prior art [Yadloswski] . . . was the subject of a hearing by the European Patent Office on Ahlstrom's European Counterpart patent . . . resulting in a finding of invalidity as to claims identical in scope to those in the '997 Patent*, only underscores *the Yadlowski Application's relevance.*" (Reply, at pg. 2) (emphasis added). Defendants also state that claims in the '997 Counterpart patent were "*struck down by the EPO as being unpatentable in light of the Yadlowski Application*" (Reply, at pg. 7) (emphasis added). These statements were made by Defendants to establish the materiality of the Yadlowski

2

application and to persuade the Court to rule favorably on their motion. They are untrue. As is any suggestion that the Yadlowski application had *any* bearing on the outcome of the opposition.

The following facts are shown in the recent decision of the EPO ("Summary of Facts and Submissions"), attached as Exhibit A:

**FACT**: The Main Request, in which claims directed to a tea bag paper, suited for making infusion packages, was held to be unpatentable for lack of novelty, was decided by the EPO *solely* on the basis of (D3), the Kelley patent. *There was no reference to Yadlowski nor was Yadlowski relied upon by the EPO in connection with this ruling.* (Ex. A, ¶¶ 4.1-4.3, pgs. 3-5).

**FACT**: The First auxiliary request, in which claims were amended to cover a tea bag paper of the non-heat seal type, suited for making infusion packages, was rejected on technical grounds under Art. 123(2) of the European Patent Convention (Exhibit B), which provides that a European patent or patent application may not be amended in such a way that it contains subject matter which extends beyond the content of the application as filed. Thus, there could be no novelty over the Kelley patent as discussed in connection with the main claims. The *only* prior art reference cited by the EPO in connection with these claims was (D3) the Kelley patent. *There was no reference to Yadlowski nor was Yadlowski relied upon by the EPO in connection with this ruling.* (Ex. A, ¶¶ 5.1-5.4, pgs. 5-7).

**FACT**: The Second auxiliary request, in which claims were also amended to cover a tea bag paper of the non-heat seal type, suited for making infusion packages, was ruled

3

D1", the Noiset patent (Ex. A, ¶ 7.3, pg. 8), but that the Noiset "teaches away from" the claimed invention. The EPO further ruled that neither the disclosure of (D3) the Kelley patent nor (D2) Yadlowski, "can conduct the skilled person to disregard the teaching of document D1" (the Noiset patent). (Ex. A, ¶ 7.3, pgs. 8-9). Thus, when considered in connection with both the novelty and inventive step of the claims of the Third auxiliary request, the Yadlowski application was rejected by the EPO as an invalidating reference.

Significantly, those references that the EPO considered to be the most relevant to the '997 Counterpart application, the Kelley patent and the Noiset patent, were *both* considered by the PTO during the prosecution of the '997 patent. The Noiset patent was incorporated by reference directly into the specification of the '997 patent (Exhibit C, Col. 1, lines 55-58) and the Kelley patent was cited by the applicants to the PTO in an information disclosure statement (Exhibit D).

Finally, when comparing the claims that were *allowed* in the '997 patent by the PTO in the United States with those that were *allowed* by the EPO in Europe, as Defendants have done, the differences in the patent laws of these two jurisdictions must be considered. It is not surprising, therefore, that the '997 patent issued with claims of a different scope than those in the '997 Counterpart patent.

Thus, after all the hoopla regarding how "particularly relevant" and material Yadlowski is to patentability of the '997 patent, and how the EPO "struck down" the '997 Counterpart patent as unpatentable in light of Yadlowski, and how all of this is evidence of

5

inequitable conduct, Defendants reveal that they really do understand that they have grossly misstated their case by making the tepid statement buried in the Conclusion to their Reply, where they say: "The Yadlowski Application is *at the very least colorably relevant* to the '997 patent." (Reply, at pg. 10) (emphasis added). Ahlstrom Windsor Locks respectfully disagrees and therefore requests that the Court deny Defendants' Motion to Amend Answer and Counterclaims.

Respectfully submitted,

June 22, 2004

                                      AHLSTROM WINDSOR LOCKS
                                      BY ITS ATTORNEYS

                                      By _____
                                      Sidney R. Bresnick (CT 16295)
                                      Yunling Ren
                                      COHEN, PONTANI, LIEVERMAN & PAVANE
                                      551 Fifth Avenue
                                      New York, NY 10176
                                      Tel. 212-687-2770
                                      Fax 212-972-5487
                                      sbresnick@cplplaw.com
                                         -and-
                                      Basam E. Nabulsi (CT 20897)
                                      Eric E. Grondahl (CT 08988)
                                      Alexandra B. Stevens (CT 20300)
                                      MCCARTER & ENGLISH, LLP
                                      Four Stamford Plaza
                                      107 Elm Street, 9th Floor
                                      Stamford, CT 06902
                                      Tel. 203-965-0601
                                      Fax 203-323-6513
                                      astevens@mccarter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing SURREPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM has been sent via facsimile and regular mail, postage prepaid, this 22nd day of June, 2004 to:

>Dina S. Fisher, Esq.
>ROBINSON & COLE LLP
>280 Trumbull Street
>Hartford, CT 06103-3597
>
>Marc J. Farrell, Esq.
>BUCHANAN INGERSOLL PC
>One South Market Square, 3rd Floor
>Harrisburg, PA 17101-2121

ALEXANDRA B. STEVENS

HARTFORD: 617521.01

7