UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |
| | ) | |
| SCHOELLER & HOESCH, N.A., INC. and | ) | |
| P.H. GLATFELTER COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff, Ahlstrom Windsor Locks LLC ("Ahlstrom" or "Plaintiff"), submits this reply memorandum ("Reply Memo") to defendants', Schoeller & Hoesch, N.A., Inc. ("S&H") and P.H. Glatfelter Company ("Glatfelter") (collectively "Defendants")' opposition ("Opposition Memo") to Plaintiff's motion for leave to file an amended complaint ("Motion").

Plaintiff brought the instant Motion for leave to amend the Complaint adding claims for active inducement under 35 U.S.C. §271(b) and contributory infringement under 35 U.S.C. §271(c) based on newly discovered evidence that Defendants' tea bag papers are transformed into products that directly infringe the '997 patent when they are made from such papers and used under the conditions for which they are intended. Defendants filed an Opposition to Plaintiff's Motion arguing that Plaintiff's proposed amendment would be futile as there is no direct infringement by tea bag consumers. Defendants based their argument primarily on two grounds: 1)

Defendants' interpretation of the claims; and 2) Defendants' interpretation of the term "used tea bags". Defendants have failed to state any valid ground in opposition to Plaintiff's motion for leave to amend the complaint, since they do not and cannot deny the facts underlying Plaintiff's proposed amendment.

I.  **Standard for Motion for Leave to Amend the Complaint**

Defendants relied on this Court's decision *Senich v. American-Republican, Inc.*, 215 F.R.D. 40 (D. Conn. 2003), as appropriate legal authority on a motion for leave to amend the complaint, (Opposition Memo, at 3.) We agree. In *Senich*, the Court granted plaintiff's motion for leave to amend.

Under Rule 15, the motion for leave to amend shall be freely granted when justice so requires. Fed.R.Civ.P. 15. In the instant case, Defendants' sole basis for opposition to Plaintiff's Motion is the futility of the amendment. "In order to be considered futile, the complaint as amended would fail to withstand a motion to dismiss for failure to state a claim." *Senich*, 215 F.R.D. at 41, citing *Dougherty v. Town of North Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). "*While futility is a valid reason for denying a motion to amend ... this is true only where it is 'beyond doubt that the plaintiff can prove no set of facts in support of his amended claims.*" *Senich*, 215 F.R.D. at 41, citing *Pagburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999). (emphasis added) "Finally, consistent with the appropriate standards for a motion to dismiss, the court must accept as true all factual allegations in the complaint and draw inferences from these allegations in the light most favorable to the plaintiff. *Senich*, 215 F.R.D. at 41,

citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996).

The issue is whether Plaintiff can prove, beyond doubt, *any* set of facts that will support its amended claims. As discussed below and in Plaintiff's initial motion to amend, Plaintiff has already provided sufficient facts on which it can base its amended complaint by demonstrating that Defendants' tea bag papers under the normal and usual conditions of use in tea bags directly infringe the '997 patent. Defendants' selling of such products for such use clearly constitutes inducement of infringement.

## II.     Plaintiff's New Discovery Provides A Sufficient Basis to Amend the Complaint

A patent is directly infringed when anyone, without authority, makes, uses, sells or offers for sale the patented invention within the United States during the term of the patent. 35 U.S.C. § 271(a).

Defendants argue that the consumers could not be direct infringers of the '997 patent since the claims of the '997 patent are not directed to tea bags but to tea bag paper. (Opposition Memo, at 4-5). This argument is meritless. It is well established in patent law that a product claim encompasses all items that are made from such product. See *SunTiger Inc. v. Scientific Research Funding Group*, 189 F.3d 1327, 1336 (Fed. Cir. 1999) ("*. . . we have never required that a claim read on the entirety of an accused devise in order to infringe.* If a claim reads merely on a part of an accused device, that is enough for infringement.") Thus, anyone who uses the *tea bags* made from the claimed tea bag paper would inevitably use the claimed tea bag papers. Such unauthorized use is an act of infringement. Since the use of the tea bags infringes the '997 patent, the tea bag

consumers are *direct infringers*, whether under the direct infringement theory or, in the alternative, under the indirect infringement theory (active inducement and/or contributory infringement).

The active inducement and contributory infringement theories were codified in the Patent Act of 1952[1, 2], based on a theory of joint tortfeasance, wherein one who intentionally caused, or aided and abetted, the commission of a tort by another was jointly and severally liable with the primary tortfeasor. *See S. Rep. No. 1979, 82d Cong., 2d Sess.* 8, 28 (1952). They dealt with the situation where a seller would sell a product ". . . which was not itself technically covered by the claims of a product or process patent, but which had no other use except with the claimed product or process." *See Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990). *See also, Oak Industries Inc. v. Zenith Electronics Corp.*, 697 F. Supp. 988, 992 (N.D. Ill. 1988) ("That concept 'exists to protect patent rights from subversion by those who, without directly infringing the patent themselves, engage in acts designed to facilitate infringement by others.") "Without the concept of indirect infringement there would be little incentive for inventors to conceive new methods for uses and unpatentable devices." *Oak Industries*, 697 F. Supp. at 992.

While proof of active inducement requires Plaintiff to show that Defendants had knowledge of the patent-in-suit and the intent to cause the infringing act

---

[1] 35 U.S.C. §271(b) provides that "Whoever actively induces infringement of a patent shall be liable as an infringer."

[2] 35 U.S.C. § 271(c) provides that "Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, *knowing the same to be especially made or especially adapted for use in an infringement of such patent*, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."

by another, (see, *Moba B.V. v. Diamond Automation Inc.*, 325 F.3d 1306, 1318 (Fed. Cir. 2003)), contributory infringement, while requiring knowledge of the patent, does not require such intent to infringe. *Hewlett-Packard*, at 1469.

The instant case is a typical active inducement and/or contributory infringement case[3], because Defendants purposefully encourage the tea bag consumers to use their infringing product, namely, by selling the tea bag paper that has *no* other use. It is undisputed that Defendants had knowledge of the '997 patent. After all, they previously settled an earlier infringement claim of Plaintiff's based on the '997 patent. it is also undisputed that Defendants began to develop, manufacture and sell tea bag papers treated with hydrophobic agents that are designed to reduce the seam failure rate of the mechanically sealed tea bags *after* Defendants had learned of the '997 patent. It is also undisputed that the tea bags made from such treated tea bag papers are intended to be sold to the tea bag manufacturers who in turn sell the tea bags to the ultimate consumers who use the tea bags for brewing tea. Undoubtedly, Defendants had full knowledge and intent to cause the tea bag consumers to use the their treated tea bag papers . *See Moba B.V. v. Diamond Automation*, 325 F.3d at 1318 ("The only intent required of [defendant] is the intent to cause the acts that constitute infringement."); *see also Oak Industries*, 697 F. Supp. at 993 ("The fact that defendant does not actually instruct the ultimate users of the product in its use does not prevent our finding active inducement or infringement, *since the intended manner or use of the product is readily apparent*."); *Mendenhall v. Astec Industries Inc.*, 1988 WL 188449, *53-54, 13 U.S.P.Q.2d 1913 (E.D. Tenn. 1988).

Defendants argue in conclusory fashion that Plaintiff has failed to provide evidence for the assertion that Defendants' tea bag papers "are not staple articles of

---

[3] Plaintiff also maintains its allegation of direct infringement under 35 U.S.C. § 271(a).

commerce suitable for substantial noninfringing uses", (Opposition Memo, at 13). But they do not deny that the accused tea bag papers are used for one and only one purpose: making tea bags for brewing tea. There is no evidence whatsoever that the accused tea bag papers are suitable for *any* other use.

Defendants cannot avoid infringement although they have been zealously trying to distinguish their tea bag papers from the claims of the '997 patent by arguing that the addition of a water soluble surfactant to their tea bag papers increases the hydrophilicity of the papers so that such papers would exhibit "appreciable water climb"[4]. (Opposition Memo, at 10). "It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device." *SunTiger,* 189 F.3d at 1336.

Even assuming *arguendo* that Defendants' products exhibit "appreciable water climb" as they sell it to the tea bag manufacturers, thereby not directly infringing the '997 patent, such "appreciable water climb" would subsist only until the tea bag papers are used under the intended condition, i.e. tea brewing. The factual basis for the proposed active inducement and contributory infringement claims arise out of the experts' testing the accused products. Plaintiff has already presented evidence in connection with its proposed amendment that once the surfactant treated papers are immersed in hot water at the commencement of tea brewing, the surfactant is washed away *in two seconds*. (Motion, Ex. A). After the surfactant is washed away, the tea bag papers are literally the paper claimed in the '997 patent and exhibit *no* water climb at all. (Motion, Ex. A). The papers become completely hydrophobic exhibiting all <u>properties</u> required by the claims of the '997 patent. (Motion, Ex. A). Since tea brewing process requires the tea bag users

---

[4] The claims of the '997 patent requires that the paper exhibits "no appreciable water climb".

to place tea bags in hot water, which washes the surfactant away from the tea bags, the tea bags virtually contain no surfactant at all when they are in use.

Thus, Plaintiff have presented evidence demonstrating that infringement occurs when the tea bag consumers put the tea bags into hot water to make tea, which is a sufficient basis for the proposed amendment.

### III.     Defendants Have Failed to State Any Basis for Denying Plaintiff's Motion

As set forth above, the Court may deny Plaintiff's motion to amend only if it is 'beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Senich*, 215 F.R.D. at 41. In the instant motion, Defendants have failed to raise any doubt about the evidence provided by Plaintiff.

#### A.     *Lack of Direct Infringement Based on Defendants' Interpretation of "Used Tea Bags" Is Not A Basis for Denying Plaintiff's Motion*

Defendants do not deny the fact that the water soluble surfactant on Defendants' tea bag papers is washed away in two seconds but merely argue that the tea bags once immersed in hot water are "used tea bags" and the "used tea bags" cannot infringe the '997 patent. (Opposition Memo, at 8). This argument is not a basis for denying Plaintiff's Motion.

In supporting their "used tea bags" argument, Defendants cited two "product wear" cases that predated the Patent Act of 1952. Defendants, however, have acknowledged that these two cases had long ago been distinguished in *Stash, Inc. v. Palmgard Int'l, Inc.*, 937 F.Supp. 531, 537 (D. Md. 1996), as being inapplicable to the situation where the alleged infringement is the intended use of the infringing product. (Opposition Memo, at 10). In the instant case, infringement occurs at the exact time that the tea bags are *in the intended use*, i.e. *at the outset of tea brewing*. No reasonable

7

person would expect that a tea brewing process could be accomplished in two seconds. Thus, Plaintiff's allegation of infringement is *not* directed to the "discarded tea bags" or "used tea bags" but to the tea bags at the time when the tea bags are immersed in hot water for making tea, i.e., when the tea bags are used under the intended conditions. This is entirely consistent with the *Stash* court's position.

### B. Lack of Direct Infringement Based on Defendants' Claim Interpretation Is Not A Basis For Denying Plaintiff's Motion

Defendants' claim interpretation should not prevent this Court from granting Plaintiff's Motion. Again, Defendants do not deny the facts presented by Plaintiff in support of its proposed amendment but argue that the claims of the '997 patent must be limited to the tea bag papers "prior to its ever having been used as a tea bag to brew a beverage". (Opposition Memo, at 6). According to their interpretation, Defendants argue that the tea bag consumers cannot be direct infringers because a tea bag in use cannot be the tea bag paper "prior to its use". However claim interpretation is a matter of law and a legal argument on claim interpretation is not a basis for denying Plaintiff's Motion. Thus, this argument is clearly irrelevant to the instant Motion.

## IV. Conclusion

For the forgoing reasons and the reasons set forth in Plaintiff's initial Motion, it is respectfully requested that Plaintiff's Motion for Leave to Amend the Complaint be granted.

Respectfully submitted,

Date: June 28, 2004

COHEN, PONTANI, LIEBERMAN & PAVANE

By _____
Sidney R. Bresnick, Esq. (CT 16295)
Yunling Ren, Esq. (CT 21078)
551 Fifth Avenue
New York, NY 10176
Tel. 212-687-2770
Fax 212-972-5487
      -and-
McCarter & English, LLP
Basam E. Nabulsi, Esq. (CT 20897)
Mark D. Giarratana, Esq. (CT 10410)
Alexandra Stevens, Esq. (CT 20300)
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902
Tel. 203-965-0601
Fax 203-323-6513

*Attorneys for Plaintiff,*
Ahlstrom Windsor Locks LLC

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File an Amended Complaint has been hand delivered this 28th day of June, 2004 to:

>Dina S. Fisher, Esq.
>Robinson & Cole LLP
>280 Trumbull Street
>Hartford, CT 06103-3597

-and-

sent by Federal Express to:

>Marc J. Farrell, Esq.
>Buchanan Ingersoll PC
>One South Market Square
>213 Market Street, 3rd Floor
>Harrisburg, PA 17101-2121

_/s/ Joy Whitney_