UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHOELLER & HOESCH, N.A., INC. and )<br>P.H. GLATFELTER COMPANY, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC)<br><br><br>August 18, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL ALL PRE-SUIT
TESTING DATA AND COUNTER-REQUEST FOR COSTS**

Plaintiff, Ahlstrom Windsor Locks LLC ("Ahlstrom" or "Plaintiff"), submits this Memorandum of Law in opposition to defendants, Schoeller & Hoesch, N.A., Inc. ("S&H") and P.H. Glatfelter Company ("Glatfelter") (collectively "Defendants")' Motion to Compel All Pre-Suit Testing Data ("2nd Motion") and a Request for Costs.

I.   **BACKGROUND**

The dispute in the instant motion arises from Plaintiff's pre-suit testing data. Defendants filed a "First Motion to Compel" production of Plaintiff's pre-suit testing data (1st Motion) on September 22, 2003. Plaintiff contended that these pre-suit testing data are attorney work product as they were prepared in anticipation of this litigation. The Court, by Order dated December 12, 2003 (**Exhibit A**), *denied* Defendants' 1st Motion to the extent it sought the disclosure of the Totonis Table, which includes the pre-suit testing data. The Court explicitly stated in the Order:

> Because this item was prepared in anticipation of litigation, it is protected by the work product doctrine. See e.g., *Aktiebolag v. Andrx Pharmaceuticals, Inc.*, 208 F.R.D. 92 (S.D.N.Y. 2002).

Despite the Court's Order ruling that the Totonis Table is protected by the work product doctrine, Defendants in their Motion for Order of Compliance argued that the testing data underlying the Totonis Table is not protected by work product doctrine. The Court again *denied* Defendants' motion seeking disclosure of this information in an Order dated March 16, 2004 (**Exhibit B**), in which it held:

> The motion is also denied to the extent it seeks the test data included in the Totonis table or an order compelling attorney Totonis to give testimony concerning this table because : (1) *the data was collected in anticipation of litigation and therefore is protected by the work-product doctrine, Golden Trade, S.r.L. v. Jordache, 143 F.R.D. 508, 511 (S.D.N.Y. 1992) ("although the information sought is , in a sense, factual ... the disclosure of this body of information ... will allow the defendants in effect to appropriate the research labors and, to a degree, the analysis of the attorney's agent"); and (2) the defendants have failed to show substantial need or inability to obtain equivalent data.* (emphasis added).

Thereafter, Defendants submitted a Motion for Reconsideration of the 3/16/04 Order and asked the Court to rule on this very same issue again. On April 12, 2004, the Court once again *denied* Defendants' motion (**Exhibit C**) and ruled that:

> The plaintiff need not furnish the information requested at this juncture as it is protected by the work product doctrine. The court will, however, revisit this issue upon request of the defendants after the April 27, 2004 information exchange. On this date, the plaintiff will be providing all facts forming the basis of its claims. If such facts are withheld as privileged or as protected by the work product doctrine, the court will reexamine its March 16, 2004 conclusion that the disclosure is not authorized because the defendants have failed to show substantial need or inability to obtain equivalent information. (emphasis added).

In this ruling, the Court indicated that it would reexamine its March 16, 2004 conclusion with respect to Defendants' substantial need for and inability to obtain information substantially equivalent to that which it held protected by the work product doctrine, but did *not* order Plaintiff to turn over any attorney work product. Accordingly, Plaintiff did not provide Defendants with the requested pre-suit testing data as these data have been consistently held by the Court as being protected by the work product doctrine.

On July 30, 2004, Defendants filed the instant motion to compel Plaintiff to produce the same pre-suit testing data that the Court had on three separate prior occasions denied them. Plaintiff hereby responds to Defendants' 2nd Motion to Compel.

**II.     ARGUMENT**

The requested pre-suit testing data are privileged as attorney work product. This has been unequivocally determined by the Court. The sole issue to be determined in this motion is whether Defendants (1) have established a substantial need of these data in the preparation of their case *and* (2) are unable without undue hardship to obtain the substantial equivalent of these data by other means. Fed. R. Civ. P. 26(b)(3).

Where the requested material has been established as attorney work product, the burden is squarely on the requesting party to make a special showing of substantial need and inability, without undue hardship, to obtain the substantial equivalent information to justify disclosure of the protected information. *See, Hedrick v. Avis Rent A Car Sys.*, 916 F.Supp. 256, 260

(W.D.N.Y. 1996). Here, Defendants have offered only conclusory assertions that they might need this information for impeachment, (2nd Motion at 5), and that they are unable to obtain equivalent information elsewhere, (2nd Motion at 6). However, such conclusory statements have never been held as a sufficient basis to warrant production of documents protected by work product doctrine[1].

As discussed below, Defendants fall far short of a showing of substantial need and inability to obtain without hardship the substantial equivalent of the pre-suit testing data by other means.

### A. Defendants Have Failed To Show Any Substantial Need Of The Pre-Suit Testing Data In Preparation Of Their Case

Fed. R. Civ. P. 26(b)(3) requires the requesting party to establish that it has substantial need of the requested information *in the preparation of the requesting party's case*, i.e., the requested information must be an essential element in the requesting party's *prima facie* case. See Fletcher v. Union Pacific Railroad Company, 194 F.R.D. 666, 671 (S.D. Cal., 2000). The requesting party's desire to find corroborating evidence is insufficient to establish substantial need. *Id. See also, Republic Gear Company v. Borg-Warner Corporation*, 381 F.2d 551,

---

[1] *See Republic Gear Company v. Borg-Warner Corporation*, 381 F.2d 551, 557 (2d. Cir. 1967) (Seeking disclosure to impeach the deposition testimony is not a sufficient showing.); *Gilhuly v. Johns-Manville Corp., et al.*, 100 F.R.D. 752 (D. Conn. 1983) (denying Defendant's motion to compel information protected by work product doctrine for failure to make requisite showing); *Hodgson v. Carl Roessler, Inc.*, 1973 WL 1102, 1103 (D. Conn. 1973) (*Motion denied*. "[T]o the extend that such materials deal with information derived from defendant's own records and personnel the Court is not convinced that defendant is and has been 'unable without undue hardship to obtain the substantial equivalent" through its own efforts."); *Poulin v. Greer*, 18 F.3d 979, 986 (1st Cir. 1994) (District court did not abuse its discretion in denying motion to compel production of the protected photographs, as the party seeking production could have taken its own photographs.); *Fletcher v. Union Pacific Railroad Company*, 194 F.R.D. 666, 674 (S.D. Cal., 2000) (*Motion denied*. "Conclusory allegations do not establish that no substantially equivalent source of information exists."); *Spruill v. Winner Ford of Dover, Ltd.*, 175 F.R.D. 194, 202 (D. Del. 1997) ("[T]he possibility of impeachment does not satisfy the showing required by Rule 26."); *see also*, 8 Wright & Miller, Federal Practice and Procedure, § 2025 (mere surmise that a party might find impeaching material in requested documents has not been held sufficient to justify production.).

557 (2d. Cir. 1967) ("[D]iscovery is not permitted merely to aid opposing counsel 'to help prepare himself and to make sure that he has overlooked nothing.'").

In determining whether the requesting party has a "substantial need" for the information, whether the information will be used at trial is a significant factor. *See Fletcher*, 194 F.R.D. at 670, citing *Fisher v. National Railroad Passenger Corp.*, 152 F.R.D. 145, 158 (S.D. Ind. 1993) ("[I]t is difficult to conceive of any circumstances which might prove so compelling as to justify disclosure of non-evidentiary videotapes and the concomitant intrusion into attorney work product.").

Furthermore, mere surmise that a party might find impeaching material in requested documents has been held not sufficient to justify production. 8 *Wright & Miller, Federal Practice and Procedure* § 2025; *see also, Republic Gear Company*, 381 F.2d at 557 (2d. Cir. 1967); *Spruill v. Winner Ford of Dover, Ltd.*, 175 F.R.D. 194, 202 (D. Del. 1997) ("[T]he possibility of impeachment does not satisfy the showing required by Rule 26.").

In the instant case, Plaintiff's pre-suit testing data were gathered solely for the purpose of establishing a reasonable basis on which to bring this action. These pre-suit data reflect only Plaintiff's *preliminary investigation* of Defendants' products and *will not be used at trial*. Since these pre-suit testing data are not to be used as trial evidence, it is inconceivable how these data could be essential to Defendants' case. *See Fletcher*, 194 F.R.D. at 670.

Moreover, Defendants have obtained all evidence supporting Plaintiff's allegations that Plaintiff intends to rely on at trial. (2nd Motion at 1, 4).

Defendants have also been offered ample opportunity to test Plaintiff's claims through the discovery process. These pre-suit testing data are merely corroborative evidence that the court has found unnecessary for Defendants' case. *See Fletcher*, 194 F.R.D. at 673- 4 (S.D. Cal., 2000). *See also, Hedrick*, 916 F. Supp. at 260-61 (W.D.N.Y. 1996).

Defendants rely on *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577 (7th Cir. 1981) in an attempt to mislead this Court by generalizing the Seventh Circuit's finding as "production of plaintiff's pre-Complaint testing results in patent case required as essential to the case". (2nd Motion at 5). But Defendants have conveniently neglected to tell the Court two critical facts underlying the *Loctite* decision: 1) that the "pre-Complaint testing results" in *Loctite* were *not* protected by the work product doctrine; and 2) Plaintiff could *not* provide any *other* evidence to establish the basis for its allegations. *Id.* at 579-580. Here, Plaintiff's pre-suit testing data are attorney work product and Plaintiff has furnished Defendants with *all facts* supporting its allegations, and on which it intends to rely at trial. (2nd Motion at 1 & 4). Thus, *Loctite* is not applicable here.

Defendants' contention that they *might* use these pre-suit testing data for impeachment or refutation is meritless as courts have found it an insufficient basis to justify disclosure of attorney's work product. 8 *Wright & Miller*, § 2025; *Republic Gear Company,* 381 F.2d at 557 (2d. Cir. 1967); *Spruill,* 175 F.R.D. at 202 (D. Del. 1997).

B.         **Defendants Have Failed To Show Their Inability To Obtain The Substantial Equivalent Of Pre-Suit Testing Data By Other Means**

Defendants also bear the burden to prove that they are unable to obtain the testing data derived from their own product. Defendants' argument is this: these pre-suit testing data are Plaintiff's internal testing results and Defendants have no access to these testing data so that they are unable to obtain the equivalent data elsewhere. (2nd Motion at 6). Yet Defendants have conceded that they "can obviously test their own products". (*Id.*). While such an argument is self-defeating, it is also important to note that Rule 26(b)(3) does not require defendants to prove their inability to obtain the *identical* information in the *same way* that Plaintiff did. Rather, Rule 26(b)(3) requires that they must show their inability to obtain, without undue hardship, the *substantially equivalent information by other means*. Defendants have not made this showing..

Where the requested materials dealt with information derived from defendant's own records, the Court was not convinced that defendant was unable without undue hardship to obtain the substantial equivalent through its own efforts. *See Hodgson v. Carl Roessler, Inc.*, 1973 WL 1102, 1103 (D. Conn. 1973) (*Motion denied.* "[T]o the extent that such materials deal with information derived from defendant's own records and personnel the Court is not convinced that defendant is and has been 'unable without undue hardship to obtain the substantial equivalent" through its own efforts."). The Court has also declined to find "inability to obtain without undue hardship the substantial equivalent" when defendant may use other materials culled through discovery coupled with ample

7

opportunity to test plaintiff's charges through interrogatories, deposition or cross-examination at trial. See *Gilhuly v. Johns-Manville Corp., et al.*, 100 F.R.D. 752, 754 (D. Conn. 1983).

In the instant case, the requested materials are test results of Defendants' own products, which cannot be unique to Plaintiff. Thus, Defendants obviously are in possession of these products and know what these products are. Plaintiff's pre-suit tests were designed to provide a *preliminary* determination of the properties of Defendants' products in the context of the patent-in-suit. All relevant properties are described in the patent  Thus, Defendants already know what tests are required. Indeed, they have conceded that they can conduct the tests on their own products. (2nd Motion at 6). Even if Defendants do not want to make any effort to test their own products, they cannot be short of the requested information, since Defendants must have retained all the manufacturing records of their own products, which will provide them with all technical aspects and properties of the products tested by Plaintiff. Thus, Defendants are able to obtain the equivalent pre-suit test results by either testing their own products or simply examining their own records. See *Hodgson*, 1973 WL at 1103 (D. Conn. 1973).

Accordingly, Defendants have failed to show their inability to obtain without undue hardship the substantial equivalent of the requested information by other means.

C.  **Plaintiff's Costs In Responding To This Motion Should Be Assessed Against Defendants**

While Defendants have requested costs in connection with this motion, it is Plaintiff who has been subjected to repeated harrassment and undue

8

expense in responding to this, the *fourth* motion brought by Defendants covering the *same* subject matter on which the Court has three times ruled against them. Defendants argue that "[a]n entire year has passed since basic discovery requests were served, and Ahlstrom continues to refuse to produce the results or associated data related to the pre-suit testing it performed and on which it claims to have based this lawsuit." Did Defendants really expect that Plaintiff would produce these documents in the exchange of information on May 27, 2004 when the Court had three times determined that they need *not* be produced? Clearly no. Nor should they have. The documents in question were not produced because they are privileged and are not being relied upon in support of Plaintiff's case. In view of Defendants' persistent refusal to abide by the Court's decision with respect to the privileged documents, Plaintiff should be awarded its costs and expenses in responding to this motion in accordance with Fed. R. Civ. P. 26 (g)(3).

### III. CONCLUSION

For the forgoing reasons, Defendants' Second Motion to Compel All Pre-Suit Testing Data should be denied. Plaintiff should be awarded its costs and expenses in responding to this motion as it is both repetitive, harrassing and contrary to prior rulings of the Court.

Respectfully submitted,

Date:  August 18, 2004        COHEN, PONTANI, LIEBERMAN & PAVANE

By /s/ Sidney R. Bresnick
Sidney R. Bresnick, Esq. (CT 16295)
Yunling Ren, Esq. (CT 21078)
551 Fifth Avenue
New York, NY 10176

Tel. 212-687-2770
Fax 212-972-5487
    -and-
McCarter & English, LLP
Basam E. Nabulsi, Esq. (CT 20897)
Alexandra Stevens, Esq. (CT 20300)
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902
Tel. 203-965-0601
Fax 203-323-6513

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Compel All Pre-Suit Testing Data and Counter-Request for Costs has been sent by first class mail, postage prepaid, this 18th day of August, 2004 to:

> Dina S. Fisher, Esq.
> Robinson & Cole LLP
> 280 Trumbull Street
> Hartford, CT 06103-3597
> -and-
> Marc J. Farrell, Esq.
> Buchanan Ingersoll PC
> One South Market Square
> 213 Market Street, 3rd Floor
> Harrisburg, PA 17101-2121

*/s/ Sidney R. Bresnick*
Sidney R. Bresnick