IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, Plaintiff, | : : : : |
| v. | : CASE NO. 3:03-CV-0169(AVC) : |
| SCHOELLER & HOESCH, NA, INC., and P.H. GLATFELTER COMPANY, Defendants. | : : : : AUGUST 23, 2004 |

**DEFENDANTS' REPLY
TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER
REGARDING PLAINTIFF'S SECOND RULE 30(b)(6) NOTICE OF DEPOSITION**

Defendants, P. H. Glatfelter Company and Schoeller & Hoesch, NA, Inc. (collectively "Defendants") hereby reply to the memorandum served by Plaintiff, Ahlstrom Windsor Locks LLC ("Plaintiff" or "Ahlstrom") on August 4, 2004, entitled "Opposition to Defendants' Motion for Protective Order Regarding Plaintiff's (2nd) Rule 30(b)(6) Notice of Deposition" (hereinafter "Pl. Opp.").

As set forth more fully below, the objections raised by the Plaintiff in its opposition memorandum lack merit and should be overruled. The first objection – that Defendants' motives and actions pre-dating the September 24, 1999 Settlement Agreement ("the '99 Agreement") are relevant, and that Plaintiff has been unable to obtain such information through deposed witnesses – is incorrect and illogical. Discovery as to the motives of parties entering into the '99 Agreement is unrelated to any claim or defense in this case, and while compliance with the terms of the '99 Agreement is fairly seen as within the subject matter of this action, the formation of the

'99 Agreement or motives in entering into the '99 Agreement are not the subject of this case, nor has Plaintiff made the requisite showing of good cause required by the federal rules for such discovery.

An additional argument made by Plaintiff in its memo is that none of the witnesses it has deposed thus far has been able to testify about the creation of the '99 Agreement. (Pl. Opp. at 5). This point has no bearing at all on the Plaintiff's burden. Plaintiff appears to have confused the "substantial need" doctrine relating to discovery of work product with the "good cause" showing required under Rule 26(b)(1). Either way, relevance is a threshold showing, and that showing has not been satisfied.

Finally, Plaintiff objects that Defendants have improperly raised their claim of privilege concerning post-'99 Agreement discussions about the agreement, and about the validity, enforceability and infringement of the '997 Patent. Plaintiff suggests a privilege log is required. (Pl. Opp. at 9.) Defendants disagree. First, the subject of this motion is a deposition, to which the rule relating to privilege logs does not apply. Regarding the production request within the deposition notice, if this Court denies Defendants' motion for protective order and rules that the subject matter of this 30(b)(6) Deposition Notice is appropriate for discovery, then Defendants will identify all pertinent documents withheld on the basis of privilege on a log (to the extent any exist which have not already been produced or otherwise identified[1]). At this juncture, however,

---

[1] Defendants continue to urge the Court to consider the agreement reached among counsel for the parties, limiting the scope of permissible pre-9/24/99 to matters having to do solely with the invalidity, unenforceability or non-infringement of the '997 Patent. Plaintiff has yet to explain what types of documents, if its recent interpretation of counsels' agreement is accepted, would remain in the category of properly excludible subject matter.

Defendants believe that the Court has good reason to grant their motion for protective order, thus obviating the need for a privilege log.

## I.   BACKGROUND

This case arises from Plaintiff's allegations that Defendants have infringed U.S. Patent No. 5,431,997 (the " '997 Patent"), which covers certain porous web materials suitable for use in making tea bags and processes for making the porous web materials. Plaintiff also alleges that Defendants have breached the '99 Agreement executed on September 24, 1999 ("9/24/99"), in which Plaintiff released any and all claims regarding infringement prior to that date, and Defendants agreed not to sell thereafter two specific grades of its tea bag papers (S&H paper grades 212/LEUT and 012/RLT).

Plaintiff has served Defendants with a notice of deposition under Federal Rule 30(b)(6) seeking to inquire into matters pre-dating the '99 Settlement Agreement, matters concerning the entry into the '99 Agreement, and post-9/24/99 discussions and activities related to the '99 Agreement and the restricted paper grades, as well as other paper development issues. Defendants have moved for protective order, arguing that there is no relevance whatsoever to pre-settlement discussions and activities, or discussions about the Agreement itself, or post-settlement discussions relating to it or the restricted paper grades. Plaintiff is fishing in the wrong waters.

II. **THERE IS NO RELEVANCE OF ANY SUBJECT THAT PREDATES THE '99 AGREEMENT, OR THAT CONCERNS THE FORMATION OF THE '99 AGREEMENT.**

Plaintiff argues, without citation to relevant authority, that it is entitled to discovery concerning events or discussions predating the '99 Agreement because "[a] party's considerations, intentions and reasons for entering into an agreement are as much of interest and relevant to the issue of its breach, particularly willful breach as alleged here, as those that occur after entering into an agreement." (Pl. Opp. at 4.)

First, whether matters are "of interest" is irrelevant, and conclusorily stating that matters are relevant does not make them so. *See Surles v. Air France,* 2001 U.S.Dist. LEXIS 15315 (S.D.N.Y. Sept. 26, 2001) (Berman, J.) (affirming magistrate order denying discovery requests, *inter alia*, as irrelevant and based purely on speculation, which do not rise to level of good cause required by Fed.R.Civ.P. 26(b)(1) (2001)). "Information sought by Defendant does not become relevant merely because Defendant speculates that it might reveal useful material." *Id.*

The controlling issue is whether (1) the request is relevant to a claim or defense that has been pled in this case (see Fed.R.Civ.P. 26(b)(1) (2001)); or (2) it is relevant to the "subject matter involved in the action" and Plaintiff has made the necessary showing of good cause. *Id.* As to the first prong of this test, a review of the operative complaint in light of the Rules of Evidence definition of "relevant evidence" demonstrates that the Plaintiff is not entitled to the requested discovery.

First, "relevant evidence" is defined in the Federal Rules of Evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Relevance is properly determined by reference to the complaint itself. *See, e.g., Rubin v. Hirschfeld*, 2002 U.S. Dist. LEXIS 26798, at *4 (D. Conn. Feb. 12, 2002) (Dorsey, J.) (sustaining objections to discovery, and restricting interrogatory to matters within scope defined by pleadings). Whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action. *See In re P.E. Corp. Sec. Litig.*, 221 F.R.D. 20, 23 (D. Conn. 2003) (Smith, Mag.J.), quoting 6 James Wm. Moore, et al., *Moore's Federal Practice* § 26.41[6][c] (3d ed. 2002), and citing Fed.R.Civ.P. 26(b)(1) advisory committee's note (2000)).

In the operative complaint, Plaintiff claims that Defendants have infringed the '997 Patent, and that Defendants have breached the '99 Agreement either by infringing the '997 Patent (Count One) or by selling one of two particular paper grades (012/RL-T or 212/LEUT) (Count Two) after the effective date of the Agreement. Given that on 9/2499, by Plaintiff's own admission, it waived any claim to infringement of the '997 Patent prior to that date, any evidence of allegedly-infringing activity prior to that date is on its face irrelevant. Even if there were, *arguendo*, evidence that Defendants infringed the '997 Patent prior to 1999, that evidence would not make it any more or less probable that it infringed the patent after September 1999. Therefore, evidence predating the '99 Agreement is by definition irrelevant to Count I of Plaintiff's Complaint.

As to the Plaintiff's claims that Defendants have breached the 1999 Settlement Agreement, the language of the complaint sets the boundaries of relevant subject matter. In para. 17 of the Second Count of the Complaint, Plaintiff alleges as follows:

> 17. Upon information and belief, despite above stated Settlement Agreement, S&H and Glatfelter are presently manufacturing, using, offering for sale and selling fibrous web materials for making infusion packages for brewing beverages that are substantially the same[2] as S&H Grade 012/RL-T and/or S&H Grade 212/LEUT products and/or are come within the scope of one or more claims of the '997 patent in the United States in breach of the Settlement Agreement.

Complaint, Count II ("Breach of Contract").

Plainly, Plaintiff claims that Defendants "are presently manufacturing..." (etc.). The time frame of the allegation is thus clearly post-9/24/99. To prove it, Plaintiff will be able to rely on evidence concerning paper sold or offered for sale after 9/24/99. To establish breach Plaintiff must prove by objective evidence that Defendants have violated the '99 Agreement, which evidence will come from hard facts about <u>products</u> sold or offered for sale in the U.S. after 9/24/99. Information about the formation of the '99 Agreement will not make any fact about those <u>products</u> more or less probable. The "motives and reasons why Defendants entered into the Settlement Agreement as well as those that caused them to breach it" (Pl. Opp. at 4) are not, therefore, relevant to any claim or defense in the case related to Count II of Plaintiff's Complaint.

Rule 26(b)(1) does provide that "[f]or good cause shown, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* The Plaintiff in this case

---

[2] It is important that nowhere in the '99 Agreement does it state that Defendants are prohibited from making, using, selling, etc. paper that is "substantially the same as" the two prohibited grades, 012/RLT and 212/LEUT. It plainly states that Defendants are prohibited only from making, etc. those two grades under the designations "012/RLT" or "212/LEUT", or under any other designations.

has failed to establish good cause for delving into matters concerning the Defendants' actions leading up to the '99 Agreement, including its development or sale of paper that became the subject of the '99 Agreement; or the Defendants' thought processes or objectives in entering into the '99 Agreement (of no imaginable probative value in this case); or any of the other subjects that Plaintiff now wishes to explore. (*See* Exhibit A Plaintiff's June 30, 2004 Notice of Deposition, at Tab A of Defendants' Motion for Protective Order.)

Plaintiff's statement that it wishes to ascertain Defendants' motives for entering into the '99 Agreement (see Pl. Opp. at 4) and that "[n]o area is more important" (Pl. Opp. at 6) falls far short of its burden under Rule 26(b)(1) to establish good cause for its overbroad discovery request. Granted, the scope of discovery is broad under the federal rules of civil procedure. However, once an objection has been raised on relevancy grounds, "the party seeking discovery must demonstrate that the request is within the scope of Fed.R.Civ.P. 26(b)." *Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 631 (M.D. Pa. 1997). The 2000 Amendment to Federal Rule 26(b) plainly suggests that "the fact must be germane to a claim or defense alleged in the pleading for information concerning it to be a proper subject of discovery." 6 James Wm. Moore, et al. *Moore's Federal Practice* § 26.41 [6][c] (3d ed. 2002). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

There has been no such showing in this case.

### III.  CONCLUSION

For the foregoing reasons, the Defendants ask this Court to overrule the objections raised by Plaintiff, and grant its motion for protective order as to the Plaintiff's Second 30(b)(6) Notice of Deposition, served on June 30, 2004, in its entirety.

Attorneys for Defendants,
Schoeller & Hoesch, NA, Inc. and
P. H. Glatfelter Company

By _____
Dina S. Fisher (ct 14896)
dfisher@rc.com
Brett J. Boskiewicz (ct 25632)
bboskiewicz@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Marc J. Farrell (ct 24539)
farrellmj@bipc.com
BUCHANAN INGERSOLL PC
213 Market Street, 3rd Floor
Harrisburg, PA  17101-2121
Tel. No.: (717) 237-4820
Fax No.: (717) 233-0852

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by means of facsimile and the United States mail, first class, postage prepaid, on this the 23rd day of August, 2004, upon the following:

Sidney R. Bresnick, Esq.
Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Basam E. Nabulsi, Esq.
McCarter & English LLP
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902

Eric E. Grondahl, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
City Place I
185 Asylum Street, 36th Floor
Hartford, CT 06103-3495

_____
Brett J. Boskiewicz