UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT 2004 APR 26 A II: 25

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | ) | |
| | ) | U.S. DISTRICT COURT |
| Plaintiff, | ) | HARTFORD, CT. |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |
| | ) | |
| SCHOELLER & HOESCH, N.A., INC. and | ) | |
| P.H. GLATFELTER COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff, Ahlstrom Windsor Locks LLC ("Ahlstrom" or "Plaintiff"),

hereby moves the Court, pursuant to Rule 37, Fed.R.Civ.P., for an order directing

defendants, Schoeller & Hoesch, N.A., Inc. ("S&H") and P.H Glatfelter Company

("Glatfelter") (collectively "Defendants"), to produce outstanding documents that have

3:03cv0169 (AVC). September 3, 2004. This is an action for a damages and declaratory relief. The plaintiff and counterclaim defendant, Ahlstrom Windsor Locks LLC (hereinafter "the plaintiff") alleges that the defendants and counterclaim plaintiffs, Schoeller & Hoesch, NA, Inc., and P.H. Glatfelter Company (hereinafter "the defendants") are infringing upon its rights to U.S. Patent No. 5,431,997 ("the '997 patent"). The '997 patent concerns a fibrous web material used in making infusion packages for brewing. By way of counterclaim, the defendants seek a declaration that the '997 patent is invalid and unenforceable. The plaintiff now moves for an order compelling the defendants to produce test records or test data sheets of water climb tests, bag bursting, infusion and wettability tests concerning the accused products as set forth in document requests numbers 32 and 33 served on May 6, 2003, and document requests numbers 43 and 46 served on July 28, 2003. At discussed at status conference held on August 13, 2004, the defendants maintained that they have supplied the requested information. The motion is therefore denied without prejudice to its refiling following the parties examination of materials to be requested of the defendants by the defendants' counsel in accordance with the agreement reached at the August 13 status conference.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.