UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF CONNECTICUT

2004 MAY 20 P 1: 26

AHLSTROM WINDSOR LOCKS LLC,　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　Plaintiff　)

U.S. DISTRICT COURT
HARTFORD, CT.

3:03cv0169 (AVC).  October 4, 2004.  This is an action for a damages and declaratory relief.  The plaintiff and counterclaim defendant, Ahlstrom Windsor Locks LLC (hereinafter "the plaintiff") alleges that the defendants and counterclaim plaintiffs, Schoeller & Hoesch, NA, Inc., and P.H. Glatfelter Company (hereinafter "the defendants") are infringing upon its rights to U.S. Patent No. 5,431,997 ("the '997 patent").  The '997 patent concerns a fibrous web material used in making infusion packages for brewing.  By way of counterclaim, the defendants seek a declaration that the '997 patent is invalid and unenforceable.  The plaintiff now claims that, based on reports from its experts, the defendants' have treated their infusion packages with a special chemical that, upon submersion in hot water, washes away, leaving a soaked tea bag that infringes the '997 patent.  Following this logic, the plaintiff maintains that the defendants - by marketing the infusion packages as tea bags- have induced consumers to directly infringe the '997 patent, and hence move pursuant to Rule 15 for leave to file an amended complaint adding claims for inducement of infringement under 35 U.S.C. § 271(b), contributory infringement under 35 U.S.C. § 271 (c) and in other minor respects to conform to the evidence.  In response, the defendants maintain that leave to amend should be denied because as a matter of fact, the proposed new claims are futile, in that they rest on "conditions [such as a pre-washing step] that are not disclosed in the '997 patent and that are illogical in light of the plain language of the claims and specifications of the '997 patent" and, moreover, fail as a matter of law because consumer use that causes a product to fall within the scope of a competing patented product cannot constitute direct infringement.  A motion to amend may be properly denied where it is "beyond doubt that the plaintiff can prove no set of facts in support of his claims."  Senich v. American-Republican, Inc., 215 F.R.D. 40, 41 (D. Conn. 2003). The court is not persuaded that the proposed amendment is futile. In the first instance, while pre-washing the paper at issue may not be a condition disclosed in the '997 patent, an action for infringement may not be avoided by simply adding additional elements.  SunTiger, Inc. V. Scientific Research Funding Group, 189 F.3d 1327, 1336 (Fed. Cir. 1999) ("If a claim reads merely on a part of an accused device, that is enough for infringement."). Secondly, consumer use that causes a product to fall within the scope of a competing patented product can constitute direct infringement if such use was the intended use of the infringing product.  See Stash, Inc. v. Palmgard Int'l Inc., 937 F. Supp. 531, 537 (D. Md. 1996).  The motion to amend is therefore GRANTED.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.