IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : | |
| Plaintiff | : | CASE NO. 3:03-CV-0169-AVC |
| v. | : | |
| SCHOELLER & HOESCH, NA, INC., | : | |
| and | : | |
| P. H. GLATFELTER COMPANY | : | |
| Defendants | : | JULY 30, 2004 |

## DEFENDANTS' MOTION TO COMPEL ALL PRE-SUIT TESTING DATA PURSUANT TO THE COURT'S APRIL 12, 2004 ORDER, AND A REQUEST FOR COSTS

In keeping with this Court's order of April 12, 2004, Defendants, Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Company (collectively, "Defendants"), respectfully seek an order compelling Plaintiff Ahlstrom Windsor Locks LLC ("Plaintiff or "Ahlstrom") to produce all Plaintiff's pre-suit testing data and related documents, including all facts relating to the so-called "Totonis Table." This information was previously requested by the Defendants, and was withheld by Plaintiff as attorney work product. The Court denied a motion to compel production

---

```
3:03cv0169 (AVC).  October 5, 2004.  The defendants move for
reconsideration of the court's order of April 12, 2004 denying
their motion to compel disclosure of pre-suit data.  On April 12,
2004, the court affirmed its earlier conclusion that the
information requested was protected by the work-product doctrine
but authorized the defendants to re-file the motion to compel if,
after the simultaneous discovery exchange, they could show
substantial need or inability to obtain equivalent information.
Having considered the contentions of counsel, the court concludes
that the defendants have failed once again to show substantial
need for the test data, as the data was generated pursuant to a
preliminary investigation and will not be used at trial.
Further, the defendants have failed to show that they cannot
obtain equivalent data by testing their own products or through
review of other materials culled through discovery.  The motion
to compel is therefore DENIED.

SO ORDERED.


                    Alfred V. Covello, U.S.D.J.
```