United States District Court
District of Connecticut
FILED AT                HARTFORD
                10/4/04                    19
                                    Kevin F. Rowe, Clerk

                                    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:03-CV-0169(AVC) |
| | : | |
| SCHOELLER & HOESCH, NA, INC., and | : | |
| P.H. GLATFELTER COMPANY, | : | |
| Defendants. | : | JULY 1, 2004 |

### DEFENDANTS' AMENDED REPLY
### TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION
### FOR LEAVE TO AMEND ANSWER AND COUNTERCLAIM

Defendants, P. H. Glatfelter Company and Schoeller & Hoesch, NA, Inc. (collectively "Defendants") hereby reply to the memorandum filed by Plaintiff, Ahlstrom Windsor Locks LLC ("Plaintiff" or "Ahlstrom") entitled "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Leave to Amend Answer and Counterclaim" (hereinafter "Pl. Mem.").

As set forth more fully below, both objections raised by the Plaintiff as to Defendants' motion lack merit. The first objection – that Defendants should not be allowed to amend their Answer and Counterclaim because they have failed to plead inequitable conduct with the necessary particularity (Pl. Mem. at pages 3-5) -- is simply incorrect. The proposed pleading identifies the time, place and substance of particular inequitable conduct with the same degree of particularity shown in many of the cases Plaintiff cited in its memorandum. The second objection, Plaintiff's attack on the *substance* of Defendants' proposed amendments to their Answer and Counterclaim -- which assert that the Yadlowsky Application is material prior art intentionally withheld from the United States Patent Office ("USPTO") by Plaintiff or its agents – misses the mark as well. The materiality of the Yadlowsky Application will be decided at a

later stage of this litigation; for now, the issue is simply one of pleading and notice. Defendants have sufficiently pled this issue to put the Plaintiff on notice thereof. As to the relevance of this prior art, the fact that it was the subject of a hearing by the European Patent Office on Ahlstrom's European Counterpart patent (as Plaintiff points out; Pl. Mem. at 8), underscores at the very least the <u>potential</u> relevance of the Yadlowsky Application, and the Defendants are entitled to take on the burden of proof as to this issue in this case.

### A. DEFENDANTS HAVE ADEQUATELY PLED INEQUITABLE CONDUCT.

In support of its claim that Defendants' affirmative defense of inequitable conduct should be disallowed for lack of particularity, Plaintiff erroneously cites inapposite cases which do nothing to advance its arguments. The cases cited either address a claim of inequitable conduct at a later stage of the proceedings (*e.g., Chiron Corp. v. Abbott Labs*, 156 F.R.D. 212 (N.D. Cal. 1994)[1] (Pl. Mem. at page 3), granting a motion to strike under Rule 12(f), not a request for leave to amend under Rule 15); or are examples of a court's finding a pleading much like Defendants' to be <u>properly</u> pled (*Videojet Sys. Int'l, Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998)[2]; or involve a pleading of inequitable conduct consisting simply of a one-sentence, conclusory allegation without grounding in facts (*e.g., Solarex v. Arco*, 121 F. R.D. 163, 178

---

[1] Notably, while striking a defective pleading, the *Chiron* court allowed the defendant to <u>replead</u> inequitable conduct with greater particularity. In this case, however, Ahlstrom is urging this Court to deny the Defendants from *ever* having the opportunity to plead inequitable conduct -- not because of claimed prejudice, but on the basis of boilerplate objections.

[2] The court in *Videojet* held that allegations "on information and belief" are only insufficient if the party also fails to state the grounds of suspicion of inequitable conduct. *Id.* at 1049. The following is instructive: "[Defendant] alleges Videojet inventors knew 'the compositions set forth in the [patent] were non-functional for the intended purpose. . . .' and that regardless of this knowledge, Videojet inventors represented to the United States Patent and Trademark Office that the compositions were functional with the intent that the Patent Office rely on the false representations in determining patentability." *Id.* The court found this to be sufficient particularity to meet the Rule 9(b) standard. "[Defendant] has specified the alleged fraudulent conduct, where it occurred, and when it occurred." *Id.* The same conclusion applies in this case as well.

(E.D.N.Y. 1988) (Pl. Mem. at 3.)), unlike Defendants' proposed amended pleading in this case.

The *Solarex* case, one of the only Second Circuit cases cited by Plaintiff, is an example of a misleading citation that does not address the matter at bar. The *Solarex* decision arises out of a discovery motion concerning a deposition purportedly relevant to defendant's inequitable conduct defense. In dictum, the court happened to quote the standard proof required for such a defense, which Plaintiff's quote in their brief (Pl. Mem. at p. 3). *Id.* at 177-78. By way of comment, however, the *Solarex* court observed that defendant's pleading of inequitable conduct was inadequate in that it consisted of only the following allegation: "The ...patents were each procured by inequitable conduct before the [USPTO] and each is therefore invalid." *Id.* at 178. The paucity of this pleading underscores the sufficiency of Defendants' pleading in the instant case, which has far greater particularity than the one-sentence assertion quoted in *Solarex*.

In fact, the sufficiency of Defendants' pleading of inequitable conduct is demonstrated by another of the cases cited by the Plaintiff in its opposition memorandum: *Astra Aktiebolag v. Genpharm Inc.*, 2000 U.S.Dist. LEXIS 2513 (S.D.N.Y. Mar. 8, 2000) (copy attached) (see Pl. Mem. p. 5). In the *Astra* case, the district court held that the defendants' pleading of inequitable conduct (which was strikingly similar to that of Defendants in this case) met the requirements of Rule 9(b): it identified the statements alleged to be fraudulent, where and when the statements were made; and why the statements were fraudulent. *See id.* at *3. An examination of the *Astra* pleading is instructive because it outlines the necessary particularity, all of which matches Defendants' pleading in this case.

First, the *Astra* court pointed out with approval that the Defendant claimed " 'The applicants and/or their agents knowingly withheld prior art more material than the prior art they

disclosed to the examiner during prosecution of the '230 patent . . . ." *Id.* This was held to be sufficient identification of the speakers – that is, the applicants and/or their attorneys – and sufficient identification of the time and place (that is, during the prosecution of the patent at issue). Further, the *Astra* court pointed out that the defendant in that case properly identified the non-disclosed statement by identifying the material art withheld to include "at least European Patent No. 124,495, 'Omeprazole Salts'." *Id.* at *4. The district court in *Astra* held that this pleading was sufficient as to the named patent, but insufficient as to <u>unnamed</u> others, and therefore struck the words "includes at least." *Id.* However, <u>the remainder of the pleading was held to be sufficient.</u> *Id.*

This same conclusion applies to Defendants' proposed amended pleading in this case. In that proposed pleading, Defendants identify the speakers alleged to have misled the USPTO – the patent applicant (Plaintiff) or its attorneys. Defendants identify place and time: the prosecution of the '997 patent. Defendants identify the non-disclosed statement: the Yadlowsky Application. Defendants identify the materiality of the Yadlowsky Application: its citation by the European Patent Office as a "particularly relevant" prior art reference in connection with the prosecution of Plaintiff's European Counterpart patent, and the fact that the Yadlowsky Application had not been uncovered by the USPTO itself during prosecution of Plaintiff's U.S. patent application or otherwise been brought to the USPTO's attention by Plaintiff. By alleging that the Yadlowsky Application was material prior art that would have affected the USPTO's decisionmaking, the Defendants have pled with the necessary particularity. Furthermore, like the defendant in the *Astra* case, Defendants have put Plaintiff sufficiently on notice of their

by its proposed amended pleading), and jumps right to the merits of the defense. This is highly premature.

Plaintiff's arguments suggest that Defendants must prove inequitable conduct <u>now</u>, simply to be permitted to amend their Answer/Counterclaim, which is obviously not the case. *See Senich v. American-Republic, Inc.*, 215 F.R.D. 40, 41 (D. Conn. 2003) (courts should freely allow amendments to pleadings unless the proposed amendments fail to state a claim upon which relief may be granted). Defendants are entitled to amass further proof of Plaintiff's inequitable conduct in ongoing discovery. However, the very information which Defendants seek to confirm that inequitable conduct was committed is entirely in Plaintiff's hands and/or the hands of the Alix, Yale & Ristas law firm. That information is being improperly withheld on the basis of attorney-client privilege and attorney work product, and is the subject of Defendants' currently-pending Motion to Compel Compliance With Subpoena Served on Alix, Yale & Ristas, LLP (filed June 4, 2004). Accordingly, further proof supporting Defendant's claims will be revealed down the road. For now, Defendants' allegation that Plaintiff withheld disclosure of the Yadlowsky Application knowingly and with the intent to mislead, based on circumstantial evidence, is sufficient from a pleading standpoint and should be allowed. *Astra* at *5.

The issue at bar is <u>either</u> whether Defendants have sufficiently pled its defense of inequitable conduct, <u>or</u> whether it is too late in the day for the new pleading. The issue is <u>not</u> whether there is evidence to prove this claim (contrary to Plaintiff's argument at page 8 of its brief). That issue must wait for a later day. *See Senich*, 215 F.R.D. at 41.

Furthermore, since Plaintiff has raised the issue, Defendants wish to point out that the outcome of the European opposition proceeding does not in any way alter Yadlowsky's

materiality to Plaintiff's patent claims directed to infusion paper or processes for making infusion paper, despite Plaintiff's protestations to the contrary. In its opposition brief, Plaintiff suggests that the decision in the European opposition proceeding supports its assertions that the Yadlowsky Application "neither teaches nor suggests any element of the claims in the '997 Patent," and dismisses Yadlowsky as "immaterial" and "a very weak reed upon which to base a claim of inequitable conduct." (Pl. Mem. at pages 8-9). However, the Yadlowsky Application was only discussed in the European opposition proceeding in relation to Plaintiff's Auxiliary Request No. 3 set of claims, directed to *tea bags*. Whether the Yadlowsky Application anticipated Plaintiff's claims directed to *infusion paper* (and processes for making infusion paper) was not addressed, the EPO having determined all such claims[4] to be invalid on the basis of U.S. Patent No. 3,616,166 to Kelley ("Kelley" or the "Kelley Patent"). The '997 Patent in suit is directed to *infusion paper*, not to tea bags, and as such the EPO's decision in the opposition proceeding cannot be read as an endorsement of the patentability of claims directed to infusion paper vis-à-vis the Yadlowsky Application.

Nevertheless, as stated earlier, the ultimate question of the materiality of the Yadlowsky Application is not before the Court at this time. The issue before the Court is simply Defendants' right to amend their pleadings to more explicitly state the claims that they wish to prove at trial - claims which, from the very beginning of this case, even Plaintiff acknowledged as being "on the table." *See supra* note 3, quoting from the parties' joint report of a planning filed April 18, 2003, in which Plaintiff stated its intention "to seek discovery on … all patent-

---

[4] The 21 claims as issued in the European Counterpart patent (directed to "a porous fibrous web material" and a "process for producing porous fibrous web materials") were all held invalid in view of Kelley, as were alternate sets of claims identified as Auxiliary Request 1 and Auxiliary Request 2 submitted by Plaintiff during the European opposition proceeding.

related defenses advanced by Defendants, e.g., purported patent invalidity and <u>inequitable conduct</u>" (emphasis added).

## II. **CONCLUSION**

The Yadlowsky Application is at the very least colorably relevant to the '997 Patent, and Defendants are entitled to have the opportunity to prove that it was a material reference and that Plaintiff's failure to disclose it to the USPTO was a willful attempt to deceive the USPTO in order to secure the granting of its application. For the foregoing reasons, Defendants respectfully submit that Plaintiff's arguments in opposition to Defendants' Motion for Leave to File Amended Answer and Counterclaim lack merit, and the Motion should be granted.

Attorneys for Defendants,
Schoeller & Hoesch, NA, Inc. and
P. H. Glatfelter Company

By _____
Dina S. Fisher (ct 14896)
dfisher@rc.com
Brett J. Boskiewicz (ct 25632)
bboskiewicz@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Marc J. Farrell (ct 24539)
farrellmj@bipc.com
BUCHANAN INGERSOLL PC
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121
Tel. No.: (717) 237-4820
Fax No.: (717) 233-0852

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served by means of facsimile and the United States mail, first class, postage prepaid, on this the 1st day of July, 2004, upon the following:

Sidney R. Bresnick, Esq.
Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY  10176

Basam E. Nabulsi, Esq.
McCarter & English LLP
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT  06902

Eric E. Grondahl, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
City Place I
185 Asylum Street, 36th Floor
Hartford, CT  06103-3495

_____
Dina S. Fisher