UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHOELLER & HOESCH, N.A., INC. and )<br>P.H. GLATFELTER COMPANY, )<br>)<br>Defendants. ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ahlstrom Windsor Locks LLC ("Plaintiff"), by and through its undersigned attorneys, brings this action for patent infringement and breach of contract against Defendants, Schoeller & Hoesch, N.A., Inc. ("S&H") and P. H. Glatfelter Company ("Glatfelter") (collectively, "Defendants"). Plaintiff further alleges as follows:

**THE PARTIES**

1.    Plaintiff is a limited liability corporation, organized under the laws of Delaware with its principal place of business at Two Elm Street, Windsor Locks, Connecticut 06096-2335. Among other businesses, Plaintiff is engaged in the business of manufacturing and marketing fibrous web material for making infusion packages for brewing beverages such as tea bags. Plaintiff is the successor in interest of the Non-Woven Division of The Dexter Corporation ("Dexter"), a Connecticut corporation, formerly having its principal place of business in Windsor Locks, Connecticut.

2.    Upon information and belief, Defendant Glatfelter is a Pennsylvania corporation with its principal place of business at 228 South Main Street, Spring Grove, Pennsylvania 17362. Glatfelter is engaged in the business of

manufacturing and marketing a variety of paper products including, through its wholly owned subsidiaries, Papierfabrik Schoeller & Hoesch GmbH in Germany and Papeteries de Cascadec SAS in France, fibrous web materials for making infusion packages for brewing beverages, such as tea bags.

3. Upon information and belief, Defendant S&H is a Delaware corporation having its principal place of business at 1 King Road, Pisgah Forest, North Carolina 28768. S&H is a wholly owned subsidiary of Glatfelter and is engaged in the business of marketing, distributing and selling a variety of fibrous web materials manufactured by Glatfelter and its subsidiaries for making infusion packages for brewing beverages, such as tea bags.

## JURISDICTION AND VENUE

4. This is an action against Defendants for patent infringement under the Patent Laws of the United States, 35 U.S.C. §§ 271(a), 271(b), 271(c) and 281-283. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

5. On July 11, 1995, the United States Patent and Trademark Office duly and lawfully issued to Dexter, U.S. Patent No. 5,431,997 ("the '997 patent"), entitled "Process of Producing Porous Web Materials Used for Making Infusion Packages for Brewing Beverages and the Web Materials thus Produced." A copy of the '997 patent is attached hereto as Exhibit A. The '997 patent will expire on July 1, 2013.

6. On June 20, 2000, the assets of the Non-Woven Division of The Dexter Corporation was acquired by Plaintiff, including all right, title and interest in and to said '997 patent, and a confirmatory assignment of the '997 patent to Plaintiff was duly

executed on August 31, 2000. Since the date of the acquisition, Plaintiff has been and remains the sole owner of the '997 patent.

## COUNT I - PATENT INFRINGEMENT

7. Plaintiff repeats and realleges Paragraphs 1-6 as if fully set forth herein.

8. Upon information and belief, Defendants, S&H and Glatfelter, collectively, individually, and through subsidiaries thereof, have manufactured, used, offered for sale or sold in the United States and in this judicial district certain fibrous web materials for making infusion packages for brewing beverages, such as tea bags, that infringe one or more claims of the '997 patent, and are continuing such infringing acts.

9. Defendants' infringement of the '997 patent has been and continues to be committed with full knowledge of the '997 patent and is intentional and willful.

10. As a result of Defendants' patent infringement, Plaintiff has suffered and will continue to suffer serious economic injury in an amount to be determined by this Court.

11. Plaintiff has been and continues to be irreparably injured by the continuing infringement of the '997 patent by Defendants.

12. Plaintiff has no adequate remedy at law.

## COUNT II - INDUCEMENT OF INFRINGEMENT

13. Plaintiff repeats and realleges Paragraphs 1-12 hereof as if fully set forth herein.

14. Upon information and belief, Defendants, through their manufacture, distribution and sale of certain fibrous web materials for infusion packages

for brewing beverages, such as tea bags, have knowingly and actively induced direct infringement of one or more claims of the '997 patent by others who use said tea bags in the manner for which they are intended.

16. Said active inducement of infringement was committed by Defendants with full knowledge of the '997 patent and with intent to induce infringement by others.

16. As a result of Defendants' inducement of infringement, Plaintiff has suffered and will continue to suffer serious economic injury in an amount to be determined by this Court.

17. Plaintiff has been and continues to be irreparably injured by Defendants' continuing active inducement of infringement of the '997 patent.

18. Plaintiff has no adequate remedy at law.

## COUNT III - CONTRIBUTORY INFRINGEMENT

19. Plaintiff repeats and realleges Paragraphs 1-18 hereof as if fully set forth herein.

20. Upon information and belief, Defendants, through their manufacture, distribution and sale of certain fibrous web materials for infusion packages for brewing beverages, such as tea bags, have knowingly contributed to the infringement of one or more claims of the '997 patent by others who use said tea bags in the manner for which they are intended.

21. Upon information and belief, Defendants, by their manufacture, distribution and sale of certain fibrous web materials for infusion packages for brewing beverages, such as tea bags, knowing the same to be especially made or especially

adapted for use in an infringement of one or more claims of the '997 patent by others who use said tea bags in the manner for which they are intended, and not a staple article of commerce suitable for substantial noninfringing use, have contributed to said infringement by others.

22. Said contributory infringement was committed by Defendants with full knowledge of said '997 patent and of the infringement thereof by others.

23. As a result of Defendants' contributory infringement, Plaintiff has suffered and will continue to suffer serious economic injury in an amount to be determined by this Court.

24. Plaintiff has been and continues to be irreparably injured by Defendants' continuing contributory infringement of the '997 patent.

25. Plaintiff has no adequate remedy at law.

## COUNT IV - BREACH OF CONTRACT

26. Plaintiff repeats and realleges Paragraphs 1-25 as if fully set forth herein.

27. This breach of contract action is related to the patent infringement claims such that supplemental subject matter jurisdiction is proper under 28 U.S.C. §§1367(a) and 1338(b). Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

28. Upon information and belief, in 1999, Defendants S&H and Glatfelter were engaged in manufacturing, distributing, using, offering for sale and selling certain fibrous web materials for making infusion packages for brewing beverages, such as tea bags, including the products designated as S&H Grade 012/RL-T and/or S&H Grade 212/LEUT.

29. Upon information and belief, S&H's and Glatfelter's manufacture, distribution and sale in 1999 of certain fibrous web materials for brewing beverages, such as tea bags, had infringed one or more claims of the '997 patent, which was then owned by Dexter, Plaintiff's predecessor in interest.

30. To avoid litigation, the parties, in 1999, engaged in settlement discussions which culminated in a settlement agreement on September 24, 1999 ("Settlement Agreement"), a copy of which is attached hereto as Exhibit B. In paragraph 2 of said Settlement Agreement, S&H and Glatfelter agreed that:

> "…until the Dexter patent expires or is held invalid or unenforceable by a court of competent jurisdiction, it will not make, have made, use or sell in the United States of America
>
> (a)  "S&H Grade 012/RL-T" and/or "S&H Grade 212/LEUT" products, either under the present designation or any other designation; or
>
> (b)  fibrous web materials for making infusion packages for brewing beverages as covered by one or more claims of the Dexter patent."

31. All rights in and to said Settlement Agreement were transferred to Plaintiff on June 20, 2000 through the asset sale from the Non-Woven Division of The Dexter Corporation.

32. Upon information and belief, despite said Settlement Agreement, S&H and Glatfelter are presently offering for sale and selling in the United States certain fibrous web materials for making infusion packages for brewing beverages, such as tea bags, that are substantially the same as S&H Grade 012/RL-T and/or S&H Grade

212/LEUT products in breach of the Settlement Agreement, and are continuing such acts in breach of said Settlement Agreement.

33.     Upon information and belief, despite said Settlement Agreement, S&H and Glatfelter are presently offering for sale and selling in the United States certain fibrous web materials for making infusion packages for brewing beverages, such as tea bags, that infringe one or more claims of the '997 patent, and are continuing such infringing acts in breach of said Settlement Agreement.

34.     Defendants' breach of contract was willful and intentional and has caused serious economic injury to Plaintiff's business in an amount to be determined by this Court.

35.     Plaintiff has been and continues to be irreparably injured by Defendants' breach of contract.

36.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

(a)     A finding that Defendants have directly infringed one or more claims of the '997 patent by manufacturing, distributing, using, offering for sale and selling certain fibrous web materials for making infusion packages for brewing beverages, such as tea bags;

(b)     A finding that Defendants have knowingly and actively induced infringement by others of one or more claims of the '997 patent by manufacturing, distributing, using, offering for sale and selling certain fibrous web materials for making

infusion packages for brewing beverages, such as tea bags, which when used by others in the manner for which they are intended.

(c) A finding that Defendants have knowingly contributed to the infringement by others of one or more claims of the '997 patent by manufacturing, distributing, using, offering for sale and selling certain fibrous web materials for making infusion packages for brewing beverages, such as tea bags, said fibrous web materials constituting a material part of the invention claimed therein, and not a staple article of commerce suitable for substantial noninfringing use.

(d) A finding that Defendants have breached the Settlement Agreement;

(e) A finding that said patent infringement and said breach of contract (the Settlement Agreement) were willful and intentional;

(f) An order granting injunctive relief against Defendants, prohibiting the manufacture, distribution, use, offer for sale, sale or importation into the United States of any products that are substantially the same as "S&H Grade 012/RL-T" and/or "S&H Grade 212/LEUT" or other products that directly or indirectly infringe the '997 patent in the United States until the expiration of the '997 patent on July 1, 2013.

(g) Awarding damages to Plaintiff under 35 U.S.C. § 284 in an amount to be determined by this Court, said damages to be trebled in accordance with 35 U.S.C. § 284;

(h) Awarding Plaintiff its attorney's fees pursuant to 35 U.S.C. § 285 and the costs of suit; and

      (i)    Awarding Plaintiff such further and additional relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues properly triable to a jury.

        Respectfully submitted,
        AHLSTROM WINDSOR LOCKS LLC

By: _____
        Myron Cohen, Esq.
        Sidney R. Bresnick (ct 16295)
        Yunling Ren, Esq. (ct 21078)
        COHEN, PONTANI, LIEBERMAN & PAVANE
        551 Fifth Avenue
        New York, NY 10176
        Tel. 212-687-2770
        Fax 212-972-5487
        -and-
        McCARTER & ENGLISH LLP
        Basam E. Nabulsi, Esq. (ct 20897)
        Eric E. Grondahl, Esq. (ct 08988)
        Four Stamford Plaza
        107 Elm Street, 9th Floor
        Stamford, CT 06902
        Tel. 203-965-0601
        Fax 203-323-6513

        Attorneys for Plaintiff,
        Ahlstrom Windsor Locks LLC

## CERTIFICATE OF SERVICE

   This is to certify that a copy of the foregoing First Amended Complaint And Demand For Jury Trial has been sent by first class mail, postage prepaid, this 8th day of October, 2004 to:

   Dina S. Fisher, Esq.
   Robinson & Cole LLP
   280 Trumbull Street
   Hartford, CT 06103-3597
     -and-
   Marc J. Farrell, Esq.
   Buchanan Ingersoll PC
   One South Market Square, 3rd Floor
   Harrisburg, PA 17101-2121

_____

HARTFORD: 615334.01