IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

AHLSTROM WINDSOR LOCKS LLC,     :
            Plaintiff,           :

                              :

v.                             :  CASE NO. 3:03-CV-0169(AVC)

                              :

SCHOELLER & HOESCH, NA, INC., and  :
P.H. GLATFELTER COMPANY,      :
            Defendants.       :  JULY 14, 2004

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER –
FILE UNDER SEAL AND NOT TO BE OPENED
EXCEPT BY ORDER OF THE COURT**

3:03cv0169 (AVC). October 15, 2004. The defendants move for a protective order concerning a June 30, 2004 notice of deposition of a Rule 30(b)(6) witness on grounds that: (1) the notice concerns materials that are outside the reasonable scope of discovery, i.e., materials that pre-date the September 24, 1999 settlement agreement; (2) the notice seeks inquiry into privileged matters concerning the settlement agreement; and (3) the notice concerns matters that are already the subject of other discovery demands. Having reviewed the contentions of counsel, the motion is denied without prejudice to the extent it seeks information that pre-date the September 24, 1999 settlement agreement. The objections raised herein may be renewed at the deposition, which shall be held at the United States courthouse, 450 Main Street, Hartford, Connecticut. Counsel are kindly asked to contact the courtroom deputy, Ms. Joann Walker, to schedule a a time and room for this proceeding. The motion is also denied to the extent it seeks to obtain a blanket shield covering allegedly privileged material. The defendant must offer specific objections that can be preserved for review by the court. The motion is granted, however, to the extent it seeks to shield from disclosure allegedly duplicate materials. Although the defendants need not produce duplicate materials, they must provide the plaintiffs with information that would enable them to identify those materials already in their possession as responsive to the allegedly duplicate demands.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.