IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 3:03-CV-0169-AVC |
| | : | |
| v. | : | |
| | : | |
| SCHOELLER & HOESCH, NA, INC., and | : | |
| P. H. GLATFELTER COMPANY, | : | |
| | : | |
| Defendants. | : | OCTOBER 21, 2004 |

### AMENDED ANSWER OF
### DEFENDANTS, SCHOELLER & HOESCH, NA, INC. AND
### P. H. GLATFELTER COMPANY, TO PLAINTIFF'S COMPLAINT,
### WITH AMENDED AFFIRMATIVE DEFENSES AND AMENDED COUNTERCLAIM

Defendants, Schoeller & Hoesch, NA, Inc. ("S&H") and P. H. Glatfelter Company ("Glatfelter") hereby submit the following responses to Plaintiff's Complaint with amended Affirmative Defenses and amended Counterclaim. The amendments add new paragraph 7 to the Affirmative Defenses and new paragraph 12 to the Counterclaim.

### THE PARTIES

1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and the same are therefore denied.

2.    Admitted in part and denied in part. It is denied that Defendant S&H is in the business of manufacturing a variety of fibrous web materials for making infusion packages for brewing beverages, such as tea bags. The remainder of the averments set forth in this paragraph are admitted.

3.      It is admitted that Glatfelter has *a* principal place of business at 228 South Main Street, Spring Grove, Pennsylvania 17362, and that Glatfelter, through its subsidiaries, is engaged in the business of manufacturing and marketing, *among other things*, a variety of fibrous web materials for making infusion packages for brewing beverages, such as tea bags.

## COUNT I
## PATENT INFRINGEMENT

4.      Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.

5.      Admitted in part and denied in part.  It is admitted that U.S. Patent No. 5,431,997, as shown in Exhibit A to Plaintiff's Complaint, indicates on its face that it was issued on July 11, 1995 and is entitled "Process of Producing Porous Web Materials Used for Making Infusion Packages for Brewing Beverages and the Web Materials Thus Produced."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments concerning the patent's expiration date, and the same are therefore denied.  The remainder of the averments set forth in this paragraph state conclusions of law to which no response is required, and the same are therefore denied.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and the same are therefore denied.

7.      Denied.

8.      Admitted in part and denied in part.  It is admitted that Defendants were aware of the '997 patent since at least as early as 1999.  The remainder of the averments set forth in this paragraph state conclusions of law to which no response is required.  In addition, to the extent

that the averments set forth in this paragraph do not state conclusions of law, Defendants deny same.

9.     Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.  To the extent that the averments in this paragraph state that Defendants committed a patent infringement, such averments are denied.  In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

10.     Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.  To the extent the averments in this paragraph state that Defendants committed a patent infringement, such averments are denied.  In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

11.     Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.  In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

WHEREFORE, Defendants request that Count I of Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs and attorneys fees incurred in defending against the Complaint.

## COUNT II
## **BREACH OF CONTRACT**

12.     Denied.  The averments set forth in this paragraph state conclusions of law to which no response is required.

13.     Admitted in part and denied in part.  It is denied that in 1999 Defendant S&H was engaged in manufacturing or using fibrous web materials for making infusion packages for brewing beverages, including the products designated as S&H Grade 012/RL-T and/or S&H Grade 212/LEUT.  It is admitted that in 1999 Defendant Glatfelter, through its subsidiaries, was engaged in manufacturing, offering for sale and selling fibrous web materials for making infusion packages for brewing beverages, including the products designated as S&H Grade 012/RL-T and/or S&H Grade 212/LEUT.  The remainder of the averments set forth in this paragraph are denied.

14.     Denied.

15.     Admitted in part and denied in part.  It is admitted that Exhibit B attached to Plaintiff's Complaint is a copy of an agreement dated September 24, 1999, between Dexter Corporation and Defendants.  It is further admitted that a portion of Paragraph 2 of the document attached as Exhibit B to Plaintiff's Complaint reads as set forth in paragraph 15 of Plaintiff's Complaint.  The remainder of the averments set forth in this paragraph are denied.

16.     It is denied that Exhibit B to Plaintiff's Complaint is a settlement agreement.  As to the remainder of the averments set forth in this paragraph, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

17.     Denied.

- 4 -

18.    Denied.

19.    Denied. The averments set forth in this paragraph state conclusions of law to which no response is required. To the extent the averments of this paragraph state that Defendants committed a breach of contract, such averments are denied. In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

20.    Denied. The averments set forth in this paragraph state conclusions of law to which no response is required. In addition, to the extent that the averments set forth in this paragraph do not state conclusions of law, Defendants are without knowledge or information sufficient to form a belief as to the truth of those averments, and the same are therefore denied.

WHEREFORE, Defendants request that Count II of Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Defendants and against Plaintiff, and that Defendants be awarded their costs and attorneys fees incurred in defending against the Complaint.

## AFFIRMATIVE DEFENSES

Further answering, Defendants allege as follows:

1.    Plaintiff's Complaint fails to state a cause of action on which relief can be granted against Defendants under any theory.

2.    Defendants do not infringe any valid claim of U.S. Patent No. 5,431,997 (the "'997 Patent") as correctly construed, either directly or as inducing or contributory infringers.

3.    Each of the claims of the '997 Patent is invalid, void, and/or unenforceable, inter alia, because the patent fails to comply with the requirements of the patent laws of the United States as set forth, inter alia, in 35 U.S.C. §§ 101, 102, 103 and/or 112.

4.    Plaintiff's claims for damages and/or other relief are barred by the doctrine of prosecution history estoppel. On information and belief, during prosecution of the '997 Patent, the named inventors and/or persons acting on their behalf and on the behalf of Plaintiff and/or its predecessor in interest, as assignee of the application, made arguments, admissions, representations, and concessions that limited the claims and/or defined the specification such that Plaintiff is now estopped and cannot seek or maintain any constructions of the claims of the '997 Patent that are sufficiently broad to cover literally or under the doctrine of equivalents any product made, used, offered for sale or sold by Defendants.

5.    Upon information and belief, Plaintiff has suffered no damages due to the actions of Defendants alleged in the Complaint.

6.    Plaintiff's claims for damages and/or other relief under all counts are barred by the equitable doctrines of unclean hands, laches and/or estoppel.

7.    All of the claims of the '997 Patent are invalid and unenforceable due to inequitable conduct the occurred during its prosecution. Plaintiff's predecessor-in-interest, The Dexter Corporation ("Dexter"), filed the application which led to the '997 Patent on July 1, 1993 (the "Underlying U.S. Application"). On May 23, 1994, Dexter filed a corresponding European patent application (the "European Counterpart"), claiming priority to the Underlying U.S. Application. The European Patent Office issued a European Search Report in connection with its examination of the European Counterpart on or about September 23, 1994 and identified

- 6 -

European Patent Application EP-A-0 170 461 (the "Yadlowsky Application") as being a "particularly relevant" prior art reference. The Yadlowsky Application was material to the patentability of the invention disclosed and claimed in the Underlying U.S. Application. At the time, the European Search Report was issued, the Underlying U.S. Application remained pending; the '997 Patent had not yet been allowed or issued. Dexter had a duty to disclose this "particularly relevant" material prior art reference, the Yadlowsky Application, to the United States Patent and Trademark Office ("USPTO"). Despite becoming aware of the Yadlowsky Application prior to the USPTO's allowance of the '997 Patent in February of 1995, Dexter did not disclose it to the USPTO. On information and belief, Dexter intentionally withheld and/or concealed the existence of the Yadlowsky Application with the purpose of deceiving the USPTO.

## COUNTERCLAIM

As their Counterclaim, Defendants allege:

1.      Defendants incorporate by reference herein their responses in Paragraphs 1 through 20 of their Answer above.

2.      This Counterclaim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 arises under the Patent Laws of the United States, United States Code, Title 35, and seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02 that Defendants do not infringe a patent purportedly owned by Plaintiff and that the claims of this patent are invalid.

3.      By filing the within action, Plaintiff has submitted itself to the personal jurisdiction of this Court.

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a) and venue is proper under the doctrine of pendant jurisdiction.

5.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) and § 1400(b).

6.     Plaintiff has alleged in Paragraph 6 of the Complaint that it is the owner of United States Patent No. 5,431,997 (hereinafter the "'997 Patent"). A copy of the '997 Patent is attached to the Complaint as Exhibit A.

7.     There exists an actual and justifiable controversy between the parties with respect to the alleged infringement of the '997 Patent by Defendants and the validity of the claims of the '997 Patent.

8.     Defendants have not infringed any valid claim of the '997 Patent as correctly construed.

9.     Each and every claim of the '997 Patent are invalid pursuant to one or more of the provisions of 35 U.S.C. §§ 101, 102, 103 and 112.

10.     On information and belief, by virtue of the proceedings in the United States Patent and Trademark Office ("USPTO") during prosecution of the '997 Patent and by virtue of the admissions, representations and concessions made on behalf of the named inventors, Plaintiff is estopped from construing any claims of the '997 Patent to remain valid and at the same time to cover any product made, used or sold by Defendants.

11.     Plaintiff is precluded by virtue of unclean hands, laches and/or equitable estoppel from asserting that Defendants infringe or have infringed any claims of the '997 Patent.

12.     All of the claims of the '997 Patent are invalid and unenforceable due to inequitable conduct the occurred during its prosecution. Plaintiff's predecessor in interest, The

- 8 -

Dexter Corporation ("Dexter"), filed the application which led to the '997 Patent on July 1, 1993 (the "Underlying U.S. Application"). On May 23, 1994, Dexter filed a corresponding European Patent application (the "European Counterpart") claiming priority to the Underlying U.S. Application. The European Patent Office issued a European Search Report in connection with its examination of the European Counterpart on or about September 23, 1994 and identified European Patent Application EP-A-0 170 461 (the "Yadlowsky Application") as a "particularly relevant" prior art reference. The Yadlowsky Application was material to the patentability of invention disclosed and claimed in the Underlying U.S. Application. At the time, the European Search Report was issued, the Underlying U.S. Application remained pending; the '997 Patent had not yet been allowed or issued. Dexter had a duty to disclose this "particularly relevant" material prior art reference, the Yadlowsky Application, to the United States Patent and Trademark Office ("USPTO"). Despite becoming aware of the Yadlowsky Application prior to the USPTO's allowance of the '997 Patent in February of 1995, Dexter did not disclose it to the USPTO. On information and belief, Dexter intentionally withheld and/or concealed the existence of the Yadlowsky Application, with the purpose of deceiving the USPTO.

WHEREFORE, DEFENDANTS pray for relief as follows:

      A.     That PLAINTIFF take nothing by reason of its Complaint;

      B.     That the Complaint in this action be dismissed with prejudice;

      C.     That the Court adjudge and declare that Defendants do not infringe and have not infringed, in any way, any valid claim of United States Patent No. 5,431,997;

      D.     That each and every claim of United States Patent No. 5,431,997 be declared invalid;

E.    That DEFENDANTS be granted their costs of suit in this matter, including

reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F.    For such other and further relief as the Court deems just and proper.

Attorneys for Defendants,
Schoeller & Hoesch, NA, Inc. and
P. H. Glatfelter Company

By _____

Dina S. Fisher (ct 14896)
e-mail: dfisher@rc.com
Brett J. Boskiewicz (ct25632)
e-mail: bboskiewicz@rc.com
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Marc J. Farrell (ct 24539)
e-mail: farrellmj@bipc.com
BUCHANAN INGERSOLL, P.C.
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121
(717) 237-4820

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mail via first class mail, postage

prepaid, on this the 21st day of October, 2004, to the following counsel of record:

Sidney R. Bresnick, Esq.
Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Basam E. Nabulsi, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902

Eric E. Grondahl, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
City Place I
185 Asylum Street, 36th Floor
Hartford, CT 06103-3495


_____
Brett J. Boskiewicz