IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

AHLSTROM WINDSOR LOCKS LLC,       :
                                  :
        Plaintiff,                :
                                  :
v.                                : CASE NO. 3:03-CV-0169-AVC
                                  :
SCHOELLER & HOESCH, NA, INC.,     :
P.H. GLATFELTER COMPANY,          :
                                  :
        Defendant.                : OCTOBER 20, 2004

## DEFENDANTS' MOTION FOR IN CAMERA REVIEW OF WITHHELD DOCUMENTS

The defendants, Schoeller & Hoesch, NA, Inc. ("S&H") and P. H. Glatfelter Company

3:03cv0169 (AVC). November 22, 2004. The defendants, Schoeller & Hoesch, NA, Inc., and P.H. Glatfelter Company, move for in camera review of certain documents withheld by the law firm of Alix, Yale & Ristas LLP on the basis of attorney-client privilege and/or work product doctrine. The defendants seek the review to determine whether the withheld information is, in fact, protected by a privilege and, if so, whether any information should nevertheless be disclosed on grounds that it constitutes evidence of inequitable conduct, that is, the reason why the so-called Yadlowsky reference was withheld from the USPTO's consideration during the '997 patent prosecution. The motion for in camera review (document no. 128) is GRANTED. Having conducted that review, the court concludes that all documents withheld were done so pursuant to a valid assertion of privilege/work-product. Further, because inequitable conduct is insufficient to vitiate the attorney-client privilege and there is no evidence of fraudulent intent, the protection accorded these documents will not be disturbed. See In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 807 (Fed. Cir. 2000) ("for an omission such as a failure to cite a piece of prior art to support a finding [capable of piercing the privilege], the withholding of the reference must show evidence of fraudulent intent. A mere failure to cite a reference to the PTO will not suffice"). The motion therefore is DENIED to the extent it seeks disclosure of any information.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.