**EXHIBIT 8**

**Farrell, Marc**

| | |
|---|---|
| From: | Yunling Ren [YRen@cplplaw.com] |
| Sent: | Thursday, August 07, 2003 5:53 PM |
| To: | Farrell, Marc J. |
| Cc: | Myron Cohen; bnabulsi@cl-law.com; astevens@cl-law.com; dfisher@rc.com |
| Subject: | Documents prior to 1999 Agreement |

Hi! Marc,

Mike was not feeling well yesterday so that he was not able to make the follow up call as discussed on Tuesday. Our apology.

As to the scope of the documents prior to the Settlement Agreement, we will request S&H/Glatfelter only to produce all documents and things dated between July 11, 1995 and September 2, 1999 relating to: a) the validity and /or enforceability of the '997 patent; b) the scope and/or content of any claim in the '997 patent, and/or c) the infringement or non-infringement of one or more claims of the '997 patent by any products.

Also, as we have agreed, we will exchange the privilege logs by 5:00pm tomorrow by fax, and you will send us the S&H's product samples as requested.

Have you given any thought about the issue Mike raised that our requested "fibrous web materials" will include the heatsealable materials that are used for making mechanically sealed tea bags?

Regards,

Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane (CPLP)
551 Fifth Avenue
New York, New York 10176
Tel: 212-687-2770
Fax: 212-972-5487
Email: YRen@CPLPLAW.com

1

**EXHIBIT 9**

# ReedSmith

213 Market Street
9th Floor
P.O. Box 11844
Harrisburg, PA 17108-1844
717.234.5988
Fax 717.236.3777

Marc J. Farrell
Direct Phone: 717.257.3044
Email: mfarrell@reedsmith.com

October 8, 2003

**VIA FACSIMILE: (212) 972-5487**

Yunling Ren, Esquire
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Re:  Discovery Issues Raised in Your October 3, 2003 Facsimile
     Ahlstrom Windsor Locks v. Schoeller & Hoesch, NA, Inc. and P. H. Glatfelter Co.
     Our File No.: 861266-20096

Dear Yunling:

This letter responds to points raised in your facsimile dated October 3.

First, your statement that "Defendants will produce only those products which Defendants believe infringing [sic] the '997 patent" is wholly inaccurate. There are **NO** products which we believe infringe the '997 patent.

Second, I have learned that samples of Grade 213/L can in fact be provided, and they are currently in transit to me. Upon receipt, they will be marked and sent along to you.

Third, I wish to make it clear that the only binder-containing non-heatsealable grades currently being sold or offered for sale in the U.S. by Defendants are Grades 212/L-TA and 212/RL-TA. The only other non-heatsealable grades currently being sold or offered for sale in the U.S. are Grades 213/L, 212/L, 012/RL and 212/LGU (also known as 212/LU), and **NONE** of those contain binder as called for by the claims of the '997 patent. To the extent any of Defendants' previous discovery responses do not reflect the foregoing, please consider such responses to be hereby amended accordingly. Further, if Defendants need to amend their previous discovery responses in order to make it clear that they do not consider Grades 212/L-TA, 212/RL-TA, 213/L, 212/L, 012/RL and/or 212/LGU (212/LU) to be at all relevant but are nonetheless willing to provide samples and other information related to such grades, then please consider all such discovery responses so hereby amended.

Fourth, your request to examine "all Defendants [sic] tea bag papers between 1999 and the present" is completely unreasonable and inappropriate for a number of reasons. Presumably, that request encompasses not only Defendants' non-heatsealable tea bag papers but its heatsealable papers as well. Unfortunately for your client, as I have stated on several previous occasions, the '997 patent simply has no applicability to heatsealable papers and as such, Defendants will not be producing any samples or documents relative to its heatsealable grades.

LONDON ♦ NEW YORK ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND ♦ PRINCETON
FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ HARRISBURG ♦ LEESBURG ♦ WESTLAKE VILLAGE

reedsmith.com

HBGUB-0048597.01-MJFARREL
October 8, 2003 6:23 PM

Yunling Ren, Esquire
October 8, 2003
Page 2

**ReedSmith**

    Nor does the '997 patent extend to cover all non-heatsealable tea bag papers of any sort. Rather, each claim requires a specific type of non-heatsealable tea bag paper, namely, one that includes, *inter alia*, a "hydrophobic treating system comprising a cured hydrophobic treating agent selected from the group consisting of high molecular weight cross-linked acrylic polymers, silicones, fluorohydrocarbons, paraffins, alkyl ketene dimers and stearylated materials." Thus, Defendants would have been fully justified in not producing samples and documents related to its Grades 213/L, 212/L, 012/RL and 212/LGU (212/LU), which are as equally irrelevant to this case as are Defendants' heatsealable papers. It was only over Defendants' strong objections and reservations, and solely to avoid needlessly involving the Court in a discovery dispute, that Defendants agreed to provide Plaintiff with samples and documents regarding those four grades. This, however, was in no way an admission that those or any other of Defendants' tea bag papers (past or present) were in any way relevant, or in any way properly discoverable subject matter. *See, also*, Objection No. 8 in each of Defendants' discovery responses, wherein Defendants explicitly stated that its discovery responses "should not be deemed as an admission that the information is relevant to the case."

    Fifth, as to the grades of paper identified on page 1 of your October 3 letter, Fed. R. Civ. P. 26(g) requires a party to make a "reasonable inquiry" before seeking discovery, and parallels the thrust of Rule 11 with respect to making allegations in a complaint. Yet Plaintiff has put forth not a shred of evidence regarding the allegedly infringing nature of those grades (or for that matter, any of Defendants' grades). Do you have such evidence? If so, it should have been produced long ago. If you do not have such evidence, then the only basis upon which you must believe the grades listed on page 1 of your letter to be relevant is Defendants' identification of them during discovery simply as being other non-heatsealable grades of tea bag paper. Clearly that alone is not enough to establish their relevancy, particularly in light of the claims of the '997 patent which call for much, much more than just the presence of a non-heatsealable tea bag paper.

    The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim. Fed. R. Civ. P. 26(b)(1) requires discovery requests, at a minimum, to be "relevant to the subject matter involved in the pending action." Requested information is not relevant to "subject matter involved in the pending action" if the inquiry is based on the party's mere suspicion or speculation. Your requests are precisely that: wholly speculative inquiries in the guise of relevant discovery.

    Plaintiff's unfounded suspicions regarding infringement owing to the grades identified on page 1 of your October 3 letter does not support discovery into that subject matter. At best, that is exactly what you appear to have in this case. As the Federal Circuit has held, "that the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request." If you need case citations directly on point, please let me know and I would be happy to provide them to you.

    Defendants sell and offer for sale six - and only six - grades of non-heatsealable paper, four of which do not even contain the hydrophobic binder element as called for by the claims of the '997 patent. Yet in the spirit of cooperation, Defendants have produced samples and documents relative to five of those six grades, with the sixth one on its way. No documents or samples will be forthcoming for any other grades. Further, even assuming samples of the grades identified on page 1 of your letter (excluding 213/L) were available, production of same – to the extent possible – would be unduly burdensome given the fact that, *inter alia*, none of those grades are even available for sale (let alone being sold).

Yunling Ren, Esquire
October 8, 2003
Page 3

**ReedSmith**

     <u>Sixth</u>, I disagree with your characterization of the August 8, 2003 e-mail agreement as extending to the sales information of Defendants' products prior to 1999. No such documents will be forthcoming.

     <u>Seventh</u>, purchase orders and invoices are covered by the Judge's August 8 Order granting bifurcation. No such documents will be forthcoming.

     While the expression "fishing expedition" has been generally denigrated as a reason for objecting to discovery, in some situations, such as the one at hand, it appears apt.

     Please file whatever motions you deem necessary.

                                         Very truly yours,

                                         Reed Smith LLP

                                         By
                                              Marc J. Farrell

MJF

cc:    Dina S. Fisher, Esquire (via facsimile)
       Basam E. Nabulsi, Esquire (via facsimile)