IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | : | |
| | : | |
| Plaintiff | : | CASE NO. 3:03-CV-0169-AVC |
| | : | |
| v. | : | |
| | : | |
| SCHOELLER & HOESCH, NA, INC., | : | |
| | : | |
| and | : | |
| | : | |
| P. H. GLATFELTER COMPANY, | : | |
| | : | |
| Defendants | : | DECEMBER 21, 2004 |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS

Defendants, Schoeller & Hoesch N.A., Inc. and P. H. Glatfelter Company (collectively "Defendants") respectfully submit that they need additional time in which to file further dispositive motions, and that the objections raised by Plaintiff, Ahlstrom Windsor Locks LLC ("Plaintiff") in "Plaintiff's Opposition to Defendants' Motion to Extend the Deadline for Filing Dispositive Motions" misses several key points.

First, a pressing reason for extending the deadline for filing dispositive motions is the fact that on November 23, 2004, the Court ordered the continuation of the deposition of Attorney James Alix [Docket Entry No. 145]. The Court subsequently granted Plaintiff's request that, due to certain confidential health issues, the continuation of Attorney Alix's deposition be held some time after mid-January 2005 [Docket Entry No. 150]. Defendants still do not know when exactly it will be possible to schedule that deposition, given the aforementioned issues.

Second, the Court allowed the parties to continue fact discovery past the original October 15, 2004 deadline. Plaintiff and Defendants were in accord as to the scheduling of expert

**ORAL ARGUMENT REQUESTED**

depositions, and there has been no untoward delay. However, Plaintiff's three experts were deposed on December 8, 9 and 10; one of these depositions is still unfinished. Transcripts of these depositions, one of which was requested on an expedited basis, have not even been received.

The undersigned counsel for Defendants sought Plaintiff's agreement to a Joint Motion for Extension of Time on Friday, December 10, 2004. On Monday, December 13, 2004, Plaintiff indicated (by phone message from counsel, Sidney Bresnick) that it would not agree to an extension, and then filed an opposition brief on December 17, 2004. The argument made in Plaintiff's opposition is that the 1,000 pages of additional documents received from Plaintiff's experts are partially duplicative (Plaintiff's Opposition at p. 1) and that "no additional documents" will be produced when Attorney Alix is deposed in "mid January". (*Id*. at p. 2.) The fact that some of the 1,000 documents are duplicative does not obviate the need to review the remaining documents (many of which are of a technical nature) and address relevant ones, as applicable, in further dispositive motion(s).

The extension of time that Defendants seek allows two to three weeks for preparations of dispositive motions after the close of fact discovery (in this case, the completion of Attorney Alix's deposition, as yet unscheduled, but presumably to take place in the last two weeks of January). Notably, the Court's original schedule allowed two months after the close of discovery for filing of dispositive motions. Defendants submit that requesting two to three weeks is reasonable under the circumstances in which discovery is as yet incomplete. Certainly foreclosing the opportunity for the filing of any further dispositive motions, as Plaintiff urges, would be highly unfair and prejudicial in light of the important discovery which has only very recently taken place (the depositions of Plaintiff's three experts and the accompanying production of 1,000 additional documents) and the important discovery which remains to be conducted (including the resumption of Attorney Alix's deposition and the likely resumption of

the deposition of one of Plaintiff's experts, Dr. Earl Malcolm, not to mention the discovery which Plaintiff intends to conduct as outlined in its Opposition Brief).

Defendants are at least as anxious as Plaintiff to see this case resolved as soon as possible. Defendants have strongly contested Plaintiff's accusations of infringement and breach of contract, and continue to believe Plaintiff's allegations are and have been wholly without factual or legal merit. Plaintiff appears determined to see this case all the way through to trial regardless of whether or not it can be resolved in whole or in part via summary judgment - as evidenced by its opposition to Defendants' instant motion for extension of time. Defendants believe resolution of this case can indeed be achieved without the need for a trial, and therefore respectfully request that the Court grant their motion for extension of time filed December 16, 2004, extending the deadline for the filing of dispositive motions by either party until February 15, 2005.

                    Attorneys for Defendants,
                    Schoeller & Hoesch, NA, Inc. and
                    P. H. Glatfelter Company

                    By _____
                    Dina S. Fisher (ct 14896)
                    Brett J. Boskiewicz (ct 25632)
                    280 Trumbull Street
                    Hartford, CT 06103-3597
                    Tel. No.: (860) 275-8200
                    Fax No.: (860) 275-8299
                    dfisher@rc.com

                    Marc J. Farrell (ct 24539)
                    BUCHANAN INGERSOLL PC
                    One South Market Square
                    213 Market Street, 3rd Floor
                    Harrisburg, PA 17101-2121
                    Tel. No.: (717) 237-4820
                    Fax No.: (717) 233-0852
                    farrellmj@bipc.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by means of facsimile and first class mail, postage prepaid, on this the 21st[h] day of December, 2004, upon the following:

> Sidney R. Bresnick, Esquire
> Cohen, Pontani, Lieberman & Pavane
> 551 Fifth Avenue
> New York, NY 10176
>
> Basam E. Nabulsi, Esquire
> McCarter & English LLP
> Four Stamford Plaza
> 107 Elm Street, 9th Floor
> Stamford, CT 06902
>
> Eric E. Grondahl, Esquire
> McCarter & English LLP
> City Place I
> 185 Asylum Street, 36th Floor
> Hartford, CT 06103-3495

_____
Brett J. Boskiewicz