## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

AHLSTROM WINDSOR LOCKS LLC,                    :
                                               :
                **Plaintiff**        :        **CASE NO. 3:03-CV-0169-AVC**
                                               :
**v.**                                         :
                                               :
SCHOELLER & HOESCH, NA, INC.,                  :
                                               :
       **and**                            :        **DECEMBER 23, 2004**
                                               :
P. H. GLATFELTER COMPANY                       :
                                               :
         **Defendants**       :

## DEFENDANTS' OBJECTION S TO PLAINTIFF'S
## LOCAL RULE 56(a)(2) STATEMENT
## AND MOTION FOR SANCTIONS

### INTRODUCTION

Plaintiff's Local Rule 56(a)(2) Statement fails to comply with the requirements set forth in Local Rule 56(a), and warrants appropriate sanctions by this Court.

Local Rule 56(a)(3) states in part:

> Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, **and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.** The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e).

Rule 56(a)(3) of the Local Civil Rules of United States District Court for the District of Connecticut (emphasis added).

As set forth in detail below, Plaintiff's "Local Rule 56(a)(2) Statement in Opposition to Motion for Summary Judgment" falls far short of the requirements of the local rules. Plaintiff's Local Rule 56(a)(2) Statement is rife with bald conclusions bearing no citation whatsoever to affidavits, responses to discovery requests, deposition testimony or other documents (let alone

HART1-1226098-1

citations to specific pages or paragraphs within those sorts of supporting materials). Moreover, many of the "facts" do not actually amount to facts, but rather, expert opinion testimony which is insufficient to create a material factual dispute. In all such instances where Plaintiff has failed comply with Local Rules 56(a)(2) and (a)(3), Defendants' Statements of Fact must be deemed admitted pursuant to Local Rule 56(a)(1) ("All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.") and Rule 56(a)(3) ("... [F]ailure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including... an order granting the motion.")

I.    **BACKGROUND**

      A.    **PARTIES**

      1-4.    All admitted by Plaintiff without qualification.

      5.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 5, and therefore it should be deemed admitted in its entirety.

      6.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 6, and therefore it should be deemed admitted in its entirety.

            Moreover, the "evidence" cited by Plaintiff's qualified statement that "the alleged infringing product is also manufactured at S&H's sister company, Cascadec in France (Bonetti Depo., page 61)" does not support that statement. There is nothing at page 61 of the Bonetti deposition transcript that relates to an *allegedly infringing product* being manufactured at Cascadec in France. Mr. Bonetti was simply asked if Defendants manufacture "the paper" at Cascadec. *See* Bonetti Depo., at 61:11. For this additional reason, Defendants' Statement of Fact No. 6 should be deemed admitted in its entirety.

      7.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 5, and therefore it should be deemed admitted in its entirety.

**B.     THE PATENT-IN-SUIT.**

8-9.     Both admitted by Plaintiff without qualification.

10.     Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 10, and therefore it should be deemed admitted in its entirety.

Moreover, Defendants do not dispute that Plaintiff has accurately reproduced the text of paragraph 2 of the '99 Agreement in its entirety.

11-13.     All admitted by Plaintiff without qualification.

## II.     THE PROSECUTION OF THE '997 APPLICATION BEFORE THE USPTO

14-15.     Both admitted by Plaintiff without qualification.

16.     Unlike its responses to Defendants' Statement of Fact Nos. 5, 6, 7 and 10, Plaintiff's qualified response to Defendants' Statement of Fact No. 16 does at least identify a specific portion thereof which it denies ("…, but denies that the examiner at the PTO considered no other prior art during his examination of the '997 Application and leaves S&H to its proofs thereof."). However, Plaintiff does so without providing a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 16 should be deemed admitted in its entirety pursuant to Local Rule 56(a)(1).

Moreover, the file history[1] of the '997 Application speaks for itself as far as identifying the prior art considered by the USPTO Examiner. Defendants have therefore satisfied their burden. To put Statement of Fact No. 16 properly in dispute, the burden rested with Plaintiff to come forward with factual evidence to support its denial, such as, for example, by identifying any prior art which does not appear on Plaintiff's Information Disclosure Statement that *was* in fact considered by the USPTO Examiner.

17.     Plaintiff's outright denial of Defendants' Statement of Fact No. 17 is frivolous for

---

[1]     *See* Defendants' Appendix of Exhibits, Tab B, File Wrapper, submitted with Defendants' Motion for Summary Judgment.

several reasons, and is illustrative of the entire manner in which Plaintiff has responded to all of Defendants' Statement of Facts. First, the explanation for Plaintiff's denial begins by stating "While the words 'high molecular weight' did not appear in the specification or claims of the '997 application as filed ...." *That statement literally encompasses the entirety of Defendants' Statement of Fact No. 17*, which reads as follows: "The term 'high molecular weight' appeared nowhere in the specification or claims of the '997 Application as originally filed. *See* Tab B-1, '997 Application. For Plaintiff to respond to this Statement of Fact No. 17 with anything but the word "Admitted" is highly questionable. For Plaintiff to go so far as to say "Denied" is downright bad faith. For that reason alone, Defendants' Statement of Fact No. 17 should be deemed admitted in its entirety.

Second, Plaintiff's denial is supported in part by the statement that: "... the '997 application disclosure fully disclosed to the person of ordinary skill the use of a group of polymers, all of which are high molecular weight." This bald assertion is made without even the slightest hint of support from the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3). For this additional reason, Defendants' Statement of Fact No. 17 should be deemed admitted in its entirety.

Third, Plaintiff compounds its non-compliance with Local Rule 56 by making the wholly inaccurate and unsupported additional statement that "The examiner agreed with this ...", which is a reference back to Plaintiff's statement that "the '997 application disclosure fully disclosed to the person of ordinary skill the use of a group of polymers, all of which are high molecular weight." There is absolutely no support for this statement anywhere in the record, and certainly there is no support found at the location suggested by Plaintiff, namely, the '997 Patent, at col. 3, lines 49-53; col. 4, lines 4-8, 15-23; and col. 6, lines 35-39. Those passages read as follows:

> Column 3, lines 49-53: "According to the preferred aspect of the present invention, the continuous infuser webs are treated throughout their extent with a suitable hydrophobic agent which,

when set or cured, is insoluble in aqueous solutions and unaffected by boiling water."

Column 4, lines 4-8: "Those found to be particularly effective as hydrophobic binders are the materials generally categorized as acrylic polymers and, more particularly, as latex dispersions or emulsions of alkyl acrylate polymers and copolymers."

Column 4, lines 15-23: "The preferred materials are alkyl acrylates such as ethyl acrylate and butyl acrylate polymers, copolymers and interpolymers, such as the ethyl acrylate copolymer and butyl acrylate copolymer sold by B. F. Goodrich Company under the respective tradename designations HYCAR 26-315 and 26-373 as well as the copolymer of ethyl acrylate and butyl acrylate sold by Rohm & Haas under the designation 'Rhoplex NW-1715'."

Column 6, lines 35-39: "In accordance with this embodiment of the invention, the hydrophobic treating agent may be any of a number of fluid repellent materials, such as silicones, fluorohydrocarbons, parafins, alkyl ketene dimmers, stearylated materials and the like."

It is unfathomable how Plaintiff can possibly connect these four passages with anything related to what the USPTO Examiner may or may not have agreed to, let alone cite to these four passages as the *lone* support for Plaintiff's assertion that the Examiner agreed "the '997 application disclosure fully disclosed to the person of ordinary skill the use of a group of polymers, all of which are high molecular weight".

Fourth, Plaintiff ends its response to Defendants' Statement of Fact No. 17 with an outright fiction, stating that the examiner "withdrew his objection to the use of the term 'high molecular weight'." *Nowhere* in the file history is there *any* indication that the USPTO Examiner ever objected to the use of the term "high molecular weight." If that were true, certainly one would expect Plaintiff to be able to cite to the exact point in the file history where such objection (and the subsequent alleged withdrawal thereof) transpired. Yet Plaintiff provides no such citation to the file history. Instead, Plaintiff's lone support is the above-identified four passages from the '997 Patent.

It is a travesty that Defendants are forced to go to all this trouble to unwind Plaintiff's numerous misstatements and deceptions. This is particularly egregious when, in actuality, Defendants' Statement of Fact No. 17 was short, straightforward, and *actually admitted to by*

*Plaintiff in its entirety to begin with.*

18.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 18, and therefore it should be deemed admitted in its entirety.

Moreover, Plaintiff's qualified statement that "the Examiner withdrew the rejection and allowed the claims" is made without any reference to the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3). For this additional reason, Defendants' Statement of Fact No. 18 should be deemed admitted in its entirety.

Furthermore, Plaintiff's qualified statement conveniently omits the fact the Examiner's rejection[2] on the basis, *inter alia*, that all of the claims were obvious in light of the Kelley and Noiset Patents, was "withdrawn" only after Plaintiff made *amendments* to those claims and submitted the *amended* claims to the USPTO along with arguments as to why in Plaintiff's belief the *amended* claims were patentable over Kelley and Noiset.[3]

19.    Plaintiff's outright denial of Defendants' Statement of Fact No. 19 is another example of a frivolous, unsupported, highly misleading response.

First, Plaintiff states that "[a]s a matter of law high molecular weight was always in the application." By Plaintiff's own words, this does not amount to a factual assertion, but rather, a "matter of law." Moreover, this statement is directly contrary to the response given by Plaintiff to Defendants' Statement of Fact No. 17, wherein Plaintiff stated "While the words 'high molecular weight' **did not appear in the specification or claims of the '997 application as filed,** . . ." (emphasis added). How then can Plaintiff now in good faith state in response to Defendants' Statement of Fact No. 19 that the phrase "high molecular weight" was "always in the application"?

Plaintiff goes on to state that "Applicant added to the description of the listed

---

[2]    *See* Defendants' Appendix of Exhibits, Tab B-3, <u>Office Action</u>, pp. 2-3, submitted with Defendants' Motion for Summary Judgment.
[3]    *See* Defendants' Appendix of Exhibits, Tab B-4, <u>Response</u>, pg. 11, submitted with Defendants' Motion for Summary Judgment..

polymers the term 'high molecular weight' as a convenient generic term for the group, ….." This statement is made, as throughout Plaintiff's submission, without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3). For this additional reason, Defendants' Statement of Fact No. 19 should be deemed admitted in its entirety.

Third, Plaintiff compounds its non-compliance with Local Rule 56 by making the wholly inaccurate and unsupported additional statement that "… the added term was ultimately accepted by the Examiner because it added no new matter to the application." There is absolutely nothing in the record which indicates the Examiner ever affirmatively considered whether Plaintiff's addition of the phrase "high molecular weight" was appropriate or not. To suggest he not only considered it, but also that he "ultimately accepted it" is beyond misleading. To then go yet one step further and *attribute a basis* for the Examiner's supposed consideration and acceptance of the phrase "high molecular weight", by stating that he accepted because "it added no new matter to the application," – again, without even the slightest supporting citation – simply adds insult to injury. As with Plaintiff's response to Defendants' Statement of Fact No. 17, one would certainly expect Plaintiff to be able to cite to the exact point in the file history where the Examiner indicates (a) his consideration of the appropriateness (or lack thereof) of Plaintiff's addition of the phrase "high molecular weight", (b) his acceptance thereof, and (c) his indication that the addition of the phrase was acceptable because it added no new matter. Obviously Plaintiff did not, and cannot, provide any such citations to the file history.

Once again Defendants must devote unnecessary time and resources to bringing the Plaintiff's egregious behavior to the Court's attention, lest they risk the Court deeming Statement of Fact No. 19 to be in dispute (or worse yet, deem it undisputed in favor of Plaintiff's version of the "facts") -- all over another fairly straightforward statement which no reasonable party could dispute.

20.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of

Fact No. 20, and therefore it should be deemed admitted in its entirety.

21.    Plaintiff's denial of Defendants' Statement of Fact No. 21 is not factual, does not address the actual statement of fact that was made, and is not supported by the evidence on which Plaintiff relies.

Plaintiff states that "The molecular weight of the second component of the polyblend of Kelley is implicitly referred to by comparison with the reference to the low molecular weight of the first component. (Kelley patent, col. 1, lines 36-46; col. 2, lines 57-62)." Defendants disagree that Plaintiff's statement is in the nature of a "fact". Even assuming for the sake of argument it does constitute a "fact," it does not put Defendants' Statement of Fact No. 21 in dispute. Plaintiff's statement in no way establishes that during the prosecution of the '997 Application either the Plaintiff or the USPTO did in fact discuss or otherwise address the molecular weight of Component 2 of the Kelley Patent's two-part binder composition. If that were true, surely Plaintiff would be able to cite to something in the file history which evidences such discussion or consideration by either the USPTO or Plaintiff of Component 2 of Kelley. The absence of any such citation is telling.

Moreover, citing only to the Kelley patent itself – a patent that was issued in 1971 – as support for what was considered or addressed by either the USPTO or Plaintiff 22 years later during prosecution of the '997 Application, is clearly nonsensical. The passages from Kelley upon which the Plaintiff relies in support of its denial are as follows:

> Column 1, lines 36-46: "In order to accomplish the objectives of the present invention, a binder of adhesive composition is provided which comprises two essential components. The first of these components (sometimes referred to hereinafter as component 1) is an aqueous dispersion of a polymer of ethyl acrylate having a low molecular weight. The second component (sometimes hereinafter referred to as component 2) is an aqueous dispersion of an emulsion polymer having an MFT of about 50°C or higher. Both dispersions are of such character that they can be mixed together to form what is sometimes herein referred to as a 'polyblend' without effecting coagulation."

> Column 2, lines 57-62: "The monomeric components of the ethyl acrylate are so chosen that the polymer has an MFT at room temperature or lower and the proportion of chain transfer agent,

examples of which are given hereinafter, is controlled to provide molecular weights in the range of about 150,000 to 300,000 viscosity average."

A simple reading of these passages plainly reveals that they in no way relate to, let alone place in doubt, whether or not the Plaintiff or the USPTO "discussed or otherwise addressed the molecular weight of Component 2 of the Kelley Patent's two-part binder composition during prosecution of the '997 Application, as set forth in Defendants' Statement of Fact No. 21.

For the foregoing reasons, Defendants' Statement of Fact No. 21 should be deemed admitted in its entirety.

22.     Plaintiff's one-word response ("Denied.") to Defendants' Statement of Fact No. 22, without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3).  For that reason alone, Defendants' Statement of Fact No. 22 should be deemed admitted in its entirety.

If the USPTO did indeed make mention of the statement from the Kelley Patent (col. 1, lines 5-10) set forth in Defendants' Statement of Fact No. 22, it would be simple enough for Plaintiff to point to the location in the file history or otherwise where such mention appears.  Its failure to do so is telling, and must be deemed an admission.

23.     Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 23, and therefore it should be deemed admitted in its entirety.  If in fact the quoted portion in Defendants' Statement of Fact No. 23 does contain a "minor error," it would have been simple enough for Plaintiff to point out the specific error, and indicate what correction was needed in order to make the quoted portion completely accurate.

24.     Plaintiff's denial of Defendants' Statement of Fact No. 24, is made without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3).  For that reason alone, Defendants'

-9-

Statement of Fact No. 24 should be deemed admitted in its entirety.

If Plaintiff or the USPTO did indeed address or otherwise make mention of the four sample webs referred to in Table 1 of the Noiset Patent during the prosecution of the '997 Application, it would be simple enough for Plaintiff to point to the location in the file history or otherwise where such Table 1 was mentioned or addressed.  Plaintiff's failure to do so is telling, and must be deemed an admission.

Moreover, Plaintiff's "Denied" is followed immediately afterwards by an admission as to at least a portion of Defendants' Statement of Fact No. 24, namely, as Plaintiff states, that "the so-called samples referred to in Table 1 [of Noiset] are for papers 'for which the entire surface area was treated.'"  Importantly, nothing in Plaintiff's response denies that Table 1 provides data for "**tea bags** in which the entire surface area was treated."  Noiset Patent, col. 4, lines 30-31 (emphasis added).  That sentence clearly indicates, therefore, that tea bags could indeed be physically formed from the webs whose entire surface area was treated with a hydrophobic silicone compound as disclosed by Noiset.

Lastly, Plaintiff makes the statement that the papers referenced in Table 1 of Noiset "were not useful in tea bags according to Noiset", and provides as the lone citation in support of that statement a reference to column 3, lines 27-29, which states:

> The water repellent material may be applied to the infuser web by
> well-known techniques used to produce selective or discontinuous
> coating.

How that sentence could possibly support Plantiff's assertion that the papers referenced in Table 1 of Noiset "were not useful in tea bags according to Noiset", is beyond comprehension.

For all of these reasons, Defendants' Statement of Fact No. 24 should be deemed admitted in its entirety.

25-26.  Both admitted by Plaintiff without qualification.

### III.   THE EUROPEAN COUNTERPART TO THE '997 APPLICATION

27.    Admitted by Plaintiff without qualification.

28.    Plaintiff's response does not expressly admit or deny Defendants' Statement of Fact No. 28. Clearly Plaintiff does not specifically deny any portion of Defendants' Statement of Fact No. 28, and therefore it should be deemed admitted in its entirety.

Moreover, Plaintiff adds the qualification that "there is no evidence that Dexter's U.S. attorney learned of or saw the European Search Report prior to the filing of the IDS in the PTO." Nowhere, however, does Defendants' Statement of Fact No. 28 contain any allegation as to whether Dexter's U.S. attorney did or did not learn of or see the European Search Report prior to September 28, 1994.

In any event, Plaintiff fails to mention the fact that (a) entries on the Alix, Yale & Ristas privilege log strongly indicate that the European Search Report was in fact in the hands of Dexter's U.S. patent attorney prior to the filing of the IDS, and in any event certainly well prior to the USPTO's issuance of the Notice of Allowance, and (b) Plaintiff and AYR have vigorously resist Defendants' attempts to obtain the very information which Plaintiff not accuses Defendants of being deficient in not producing. Defendants intend to establish once and for all the circumstances surrounding the European Search Report and the Yadlowsky Application at the resumption of Attorney Alix's deposition. For the time being, however, focusing only on what is contained in Defendants' Statement of Fact No. 28, there is nothing therein that is in dispute.

29.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 29, and therefore it should be deemed admitted in its entirety.

Moreover, Plaintiff's statement that "Nevertheless, the EPO allowed the Dexter European counterpart to issue and the EPO Opposition Division ruled that the European patent remained in force with amended claims," in no way places anything contained in Defendants' Statement of Fact No. 29 in dispute. Moreover, Plaintiff's statement is made without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to

-11-

testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 29 should be deemed admitted in its entirety.

      30.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 30, and therefore it should be deemed admitted in its entirety.

      Moreover, the portion of Plaintiff's response which states "this was effectively overruled by the EPO, which issued a patent thereon," in no way places anything contained in Defendants' Statement of Fact No. 30 in dispute. Moreover, Plaintiff's statement is made without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 30 should be deemed admitted in its entirety.

      31.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 30, and therefore it should be deemed admitted in its entirety. Furthermore, the portion of Plaintiff's response which states that "Plaintiff has no information as to whether the examiner ever saw or considered it" is not sufficient to create a issue of disputed fact as to Defendants' Statement of Fact No. 31. Plaintiff's statement is made without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 31 should be deemed admitted in its entirety.

      32.    Plaintiff's denial cannot be made in good faith, for it is evident from Plaintiff's response that it admits much of the actual substance of Defendants' Statement of Fact No. 32, and specifically nothing in Plaintiff's response places into dispute (a) that the EPO rejected the Plaintiff's European Counterpart Application claims on more than one occasion (two times, according to Plaintiff), (b) that the rejections were based in part on the Yadlowsky Application, and (c) the EPO

-12-

eventually granted Dexter's European Counterpart Application, which issued as European Patent No. 0 632 163 B1 on August 29, 2001.  Given Plaintiff's failure to admit any portion of Defendants' Statement of Fact No. 32, and given Plaintiff's failure to point to any support in the record for its response, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3), is reason enough to deem Defendants' Statement of Fact No. 32 admitted in its entirety.

33.    Admitted by Plaintiff without qualification.

34.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 34, and therefore it should be deemed admitted in its entirety.

35.    Plaintiff's "objection" to Defendants' Statement of Fact No. 35 is not an appropriate response under Local Rule 56(a), which calls for the non-movant to either admit or deny the statements of the movant.  Plaintiff's subsequent explanation for its objection does not deny any portion of Defendants' Statement of Fact No. 35, and therefore it should be deemed admitted in its entirety.  Moreover, neither Plaintiff's objection nor its explanation thereof are supported by anything in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, and therefore fail to satisfy the requirements of Local Rule 56(a)(3).  For this additional reason, Defendants' Statement of Fact No. 35 should be deemed admitted in its entirety.

## IV.    CROMPTON'S OPPOSITION TO THE EUROPEAN COUNTERPART

36-37.  Both admitted by Plaintiff without qualification.

38.    Plaintiff's one-word response ("Denied") to Defendants' Statement of Fact No. 38, without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3).  For that reason alone, Defendants' Statement of Fact No. 38 should be deemed admitted in its entirety.

Moreover, there are at least portions of Defendants' Statement of Fact No. 38 which cannot possibly be denied, such as whether or not the Opposition Division of the EPO issued as decision in the Crompton Opposition, and whether or not that decision was issued on June 1, 2004. Nor can it be understood how the remainder of Defendants' Statement of Fact No. 38, which find clear support where indicated by Plaintiff, can possibly be denied. Nevertheless Plaintiff's one-word denial falls so clearly short of its obligations under Local Rule 56 that Defendants' Statement of Fact No. 38 must summarily be deemed admitted in its entirety.

39.    Plaintiff's denial of Defendants' Statement of Fact No. 39, is made without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 39 should be deemed admitted in its entirety.

If Plaintiff disagrees that the portion of the record (Tab K of Defendants' Appendix in Support of Summary Judgment Motion, EPO Opposition Decision, pp. 6, 7, 20-22 and 34-37) relied upon by Defendants in making the statement that "[t]he EPO's Opposition Division also deemed two auxiliary sets of claims submitted by Ahlstrom during the course of the Crompton Opposition as being unpatentable in view of the Kelley Patent, each set directed generally to a 'porous fibrous web material of the non-heat seal type suited for making infusion packages,' before the EPO ultimately allowed a third set of auxiliary claims directed to a 'mechanically sealed infusion package' (not to a 'porous fibrous web material')", Plaintiff was under an obligation to explain why that portion did not stand for the proposition suggested by Defendants. Plaintiff's failure to do so is telling, and must be deemed an admission.

40.    Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 34, and therefore it should be deemed admitted in its entirety.

Moreover, no where in Defendants' Statement of Fact No. 40 does it indicate, as suggested by Plaintiff's response, that the claims that were ultimately allowed by the EPO were