directed to "tea bags being made from Ahlstrom paper" as indicated in Plaintiff's response. The record speaks for itself, and Plaintiff fails to point to anything in the record that supports its statement.

41.     Plaintiff's generic reference to the declaration of Michael Donnan, without reference to any specific paragraph, in no way constitutes "a specific citation" as called for by Local Rule 56, and therefore is not an appropriate response. Nor is Plaintiff's does Plaintiff's objection on the basis of admissible hearsay constitute a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For these reasons alone, Defendants' Statement of Fact No. 41 should be deemed admitted in its entirety.

Furthermore, the portion of the EPO Opposition Division's decision which Mr. Donnan does not address relates to the statements at the bottom of the third page of the Minutes of the hearing held on May 6, 2004, wherein it indicates in pertinent part that:

> The technical expert [i.e., Inventor Helen Viazmensky, the only technical expert present at the hearing] alleged, that the material according to D3 [the Kelley Patent] and heat sealable materials in general may not be mechanically sealed as problems with the processing of the heat sealing material would occur (e.g., soiling of the equipment with adhesive). According to the technical expert, the processing of tea bags using heat sealable webs necessarily requires the presence of a "barrier layer" not disclosed in D3. It was further suggested that the disclosure of D3 could not be carried out because of the absence of any such barrier layer.

These statements evidence a concession that the heatsealable vs. non-heatsealable distinction was the only point of difference between Plaintiff's European Counterpart's claims and the Kelley Patent.

42.     Plaintiff's denial of Defendants' Statement of Fact No. 42, is made without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 42 should be deemed admitted in its entirety.

Moreover, it is inconceivable how Plaintiff cannot agree that the '997 Patent contains no claims directed to a "mechanically sealed infusion package" or processes for producing same. *See* Tab A, <u>Patent-in-Suit</u>. For Plaintiff to say that those claims "*relate* to tea bags" is not a denial of the fact that none of the claims are *directed* a "mechanically sealed infusion package," and as such Defendants' Statement of Fact No. 42 must be deemed admitted in its entirety.

43.   Plaintiff's denial of Defendants' Statement of Fact No. 43, is made without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 43 should be deemed admitted in its entirety.

Moreover, it is inconceivable how Plaintiff cannot agree that the '997 Patent contains no claims directed to a "mechanically sealed infusion package" or processes for producing same. *See* Tab A, <u>Patent-in-Suit</u>. For Plaintiff to say that those claims "*relate* to tea bags" is not a denial of the fact that none of the claims are *directed* a "mechanically sealed infusion package," and as such Defendants' Statement of Fact No. 43 must be deemed admitted in its entirety.

## V.   THE CLAIMS OF THE '997 PATENT AT ISSUE

44.   Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 44, and therefore it should be deemed admitted in its entirety. Moreover, Plaintiff does not cite to anything in the record for its qualified statement that Defendants' Statement of Fact No. 44 is "incomplete in failing to include infringing product manufactured for Defendants by Cascadec in France", let alone provide a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For that additional reason, Defendants' Statement of Fact No. 44 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

45.   Admitted by Plaintiff without qualification.

46-61.   Plaintiff's "objection" to Defendants' Statements of Fact Nos. 46-61 is not an

appropriate response under Local Rule 56(a), which calls for the non-movant to either admit or deny the statements of the movant. Plaintiff's subsequent qualified admission does not deny any portion of Defendants' Statements of Fact Nos. 46-61, and therefore they should be deemed admitted in their entireties. Moreover, neither Plaintiff's objection nor its qualified admission are supported by anything in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, and therefore fail to satisfy the requirements of Local Rule 56(a)(3). For this additional reason, Defendants' Statements of Fact Nos. 46-61 should be deemed admitted in their entireties.

Furthermore, nowhere in Defendants' Statements of Fact Nos. 46-61 is it suggested that the preamble does not comprise an element of the claim. Defendants agree with Plaintiff that the preamble to the claims of the '997 Patent must be considered when making an anticipation analysis. Defendants do not agree, however, that the issue of whether or not the preamble should be considered is factual in nature, and as such submit that Plaintiff's assertions related thereto as well as the other topics addressed in Plaintiff's "objection" is not appropriate for inclusion in a non-movant's opposing statement of facts.

## VI. INTERPRETING THE CLAIMS OF THE '997 PATENT

62-74. Plaintiff's "objection" to Defendants' Statements of Fact Nos. 62-74 is not an appropriate response under Local Rule 56(a), which calls for the non-movant to either admit or deny the statements of the movant. Plaintiff's subsequent explanation for its objection does not deny any portion of Defendants' Statements of Fact Nos. 62-74, and therefore they should be deemed admitted in their entireties. Moreover, neither Plaintiff's objection nor its explanation thereof are supported by anything in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, and therefore fail to satisfy the requirements of Local Rule 56(a)(3). For this additional reason, Defendants' Statements of Fact Nos. 62-74 should be deemed admitted in their entireties.

Furthermore, nowhere in Defendants' Statements of Fact Nos. 62-74 is it suggested

that the preamble does not comprise an element of the claim. Defendants agree with Plaintiff that the preamble to the claims of the '997 Patent must be considered when making an anticipation analysis. Defendants do not agree, however, that the issue of whether or not the preamble should be considered is factual in nature, and as such submit that Plaintiff's assertions related thereto as well as the other topics addressed in Plaintiff's "objection" is not appropriate for inclusion in a non-movant's opposing statement of facts.

With regard to Plaintiff's denials of Defendants' Statements of Fact Nos. 62 and 65, Defendants prefaced any partial quotation of the '997 Patent or the prior art references by indicating, as Defendants did in No 62 for example, that "the specification of the Patent-in-Suit states **in part**: ...." (emphasis added). Therefore, Defendants were in no way misleading. Nor does Plaintiff point out what specifically was misleading about any of the partial quotes provided by Defendants. Nor does Plaintiff explain how its inclusion of what it views to be the complete changes anything with regard to Plaintiff's position on whether or not the particular Statement of Fact is admitted or denied. For all of the foregoing reasons, Defendants' Statements of Fact Nos. 62 and 65 should be deemed admitted in their entireties.

67.   Plaintiff's one-word response ("Denied") to Defendants' Statement of Fact No. 67 is not made in good faith, as it would have been extremely easy for Plaintiff to refute Defendants' Statement by pointing to the specific place within Plaintiff's Claim Construction that a specific numeric value or range of molecular weights that Plaintiff construes to constitute "high molecular weight," as Plaintiff's one-word denial would seem to suggest is in fact that case. Plaintiff's failure to do so is telling, and must be deemed an admission.

72.   It is bad faith for Plaintiff not to at least admit that Defendants' Statement of Fact No. 72 accurately sets forth the steps of the water climb test as recited in the '997 Patent. But because of Plaintiff's failure to comply with Local Rule 56, the way the record stands Plaintiff has in fact refused to admit to even that much of Defendants' Statement of Fact No. 72, leaving the Court to wonder why there would be any dispute over an issues such as that. For that reason alone,

Defendants' Statement of Fact No. 72 should be deemed admitted in its entirety.

73.     It is bad faith for Plaintiff not to at least admit that Defendants' Statement of Fact No. 73 accurately sets forth the steps of the seam failure test as recited in the '997 Patent. But because of Plaintiff's failure to comply with Local Rule 56, the way the record stands Plaintiff has in fact refused to admit to even that much of Defendants' Statement of Fact No. 73, leaving the Court to wonder why there would be any dispute over an issues such as that. For that reason alone, Defendants' Statement of Fact No. 73 should be deemed admitted in its entirety.

75.     Admitted by Plaintiff without qualification.

76.     Plaintiff does not cite to anything in the record for its qualified and cryptic denial that the calculation set forth in Defendants' Statement of Fact No. 76 "has any validity or meaning in the context of the '997 Patent." Nor obviously does Plaintiff provide a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For these reasons, Defendants' Statement of Fact No. 76 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

## VII.    THE INVALIDATING PRIOR ART

### A.    THE KELLEY PATENT

77-78.  Both admitted by Plaintiff without qualification.

79.     Plaintiff's denial of Defendants' Statement of Fact No. 79 is not made in good faith, for it cannot be denied that the passage quoted by Defendants ("particularly valuable as a binder for nonwoven webs or fleeces or fibers or filaments") does indeed appear in the Kelley Patent, and does indeed appear at the location in Kelley where Defendants indicated it appears (col. 4, line 44). Nor can it be denied that the other information attributed by Defendants to the Kelley Patent ("comprises two components: (1) an aqueous dispersion of a polymer of ethyl acrylate having a low molecular weight ('Component 1'); and (2) an aqueous dispersion of an emulsion polymer having a minimum film-forming temperature ('MFT') of about 50° C or higher ('Component 2')") is in fact disclosed in Kelley, and does indeed appear at the location in Kelley where Defendants indicated in appeared

(col. 1, lines 36-45). At least that much must be admitted, yet Plaintiff refuses to do so.

Moreover, Plaintiff does not provide any support or explanation as to why or how the addition of the words "The adhesive" to the first passage quoted by Defendants alters the fact that the quoted passage does indeed appear in Kelley, or alters the fact that the quoted passage appears where Defendants say it appears in Kelley. Plaintiff simply has failed to cite to any evidence which in any way places in dispute whether the passage and information cited by Defendants appears in Kelley at the locations indicated by Defendants.

80. Unlike Plaintiff's response to Defendants' Statement of Fact No. 79, Plaintiff is able to simply admit that "the quoted portions [from the Kelley Patent set forth in Defendants' Statement of Fact No. 80] are found where indicated in the Kelley Patent." Given that Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 80, it should therefore be deemed admitted in its entirety.

81. Unlike Plaintiff's response to Defendants' Statement of Fact No. 79, Plaintiff is able to simply admit that "the quoted portions [from the Kelley Patent set forth in Defendants' Statement of Fact No. 81] are found where indicated in the Kelley Patent." Given that Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 81, it should therefore be deemed admitted in its entirety.

82. Unlike Plaintiff's response to Defendants' Statement of Fact No. 79, Plaintiff is able to simply admit that "the quoted portions [from the Kelley Patent set forth in Defendants' Statement of Fact No. 82] are found where indicated in the Kelley Patent." Given that Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 82, it should therefore be deemed admitted in its entirety.

83. Unlike Plaintiff's response to Defendants' Statement of Fact No. 79, Plaintiff is able to simply admit that "the quoted portions [from the Kelley Patent set forth in Defendants' Statement of Fact No. 83] are found where indicated in the Kelley Patent." Given that Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 83, it should therefore be

deemed admitted in its entirety.

84. Plaintiff's "objection" to Defendants' Statement of Fact No. 84 is not an appropriate response under Local Rule 56(a), which calls for the non-movant to either admit or deny the statements of the movant. Plaintiff's subsequent explanation for its objection does not deny any portion of Defendants' Statement of Fact No. 84, and therefore it should be deemed admitted in its entirety. Moreover, neither Plaintiff's objection nor its explanation thereof are supported by anything in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, and therefore fail to satisfy the requirements of Local Rule 56(a)(3). For this additional reason, Defendants' Statement of Fact No. 84 should be deemed admitted in its entirety.

Plaintiff states that the quoted portion of Kelley does not apply to folded and crimped seals, and does so without any support therefore. More importantly perhaps, even assuming Plaintiff had supported its statement, Plaintiff fails to explain what difference it makes in terms of establishing whether or not what is set forth in Defendants' Statement of Fact No. 84 is in dispute or not. That is, it is not enough to say that Kelley relates to heatsealable papers only (a fact which Defendants dispute), and the '997 Patent relates to non-heatsealable papers only, and since heatsealable is different than non-heatsealable, Kelley does not anticipate the claims of the '997 Patent. Plaintiff has to explain what specifically it is about the differences between heatsealable and non-heatsealable that somehow makes the Kelley patent irrelevant to anticipation vis-à-vis the '997 Patent. Moreover, Plaintiff must do so by via specific citations to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3). Telling, Plaintiff has not done anything even remotely resembling this, and as such Defendants' Statement of Fact No. 84 must be deemed admitted in its entirety.

85. Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 85, and therefore it should be deemed admitted in its entirety. Moreover, Plaintiff does not cite to anything in the record in support of its qualified admission, let alone provide a specific

-21-

citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For that additional reason, Defendants' Statement of Fact No. 85 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

86. Plaintiff's denial is not supported by anything in the record, let alone include a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For that reason alone, Defendants' Statement of Fact No. 86 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

87. Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 87, and therefore it should be deemed admitted in its entirety. Moreover, Plaintiff does not cite to anything in the record in support of its qualified admission, let alone provide a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For that additional reason, Defendants' Statement of Fact No. 87 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

88. Plaintiff admits that the quoted portions are found where indicated in the Kelley Patent, which is all that Defendants' Statement of Fact No. 88 conveys. It is inappropriate for Plaintiff to then include arguments("But this has nothing to do with the reliability of a folded and crimped seal") in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 88 should be deemed admitted in its entirety.

**B.    THE YADLOWSKY APPLICATION**

89. Admitted by Plaintiff without qualification.

90. Plaintiff's response does not expressly admit or deny Defendants' Statement of Fact

No. 90. Clearly Plaintiff does not specifically deny any identified portion of Defendants' Statement of Fact No. 90, and therefore it should be deemed admitted in its entirety.

91. All admitted by Plaintiff without qualification.

92. Plaintiff's denial does not deny any specific portion of Defendants' Statement of Fact No. 92, and therefore it should be deemed admitted in its entirety. Moreover, Plaintiff does not cite to anything in the record in support of its denial, let alone provide a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For that additional reason, Defendants' Statement of Fact No. 92 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

93. Plaintiff admits that the quoted portions are found where indicated in the Yadlowsky Application, which is all that Defendants' Statement of Fact No. 93 conveys. It is inappropriate for Plaintiff to then include arguments ("deny that Yadlowsky has any relevance to reducing failure in a folded and crimped seam of a tea bag") in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 93 should be deemed admitted in its entirety.

94. Plaintiff does not in fact deny that the portion of Defendants' Statement of Fact No. 94 which does not find support at the location in Yadlowsky cited by Defendants nevertheless is in fact disclosed elsewhere in Yadlowsky. Nor does Plaintiff deny any other specific portion of Defendants' Statement of Fact No. 94, and therefore it should be deemed admitted in its entirety. Moreover, Plaintiff does not cite to anything in the record in support of its denial, let alone provide a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For that additional reason, Defendants' Statement of Fact No. 94 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

95. Plaintiff admits that the quoted portions are found where indicated in the Yadlowsky Application, which is all that Defendants' Statement of Fact No. 95 conveys. It is inappropriate for Plaintiff to then include arguments (Yadlowsky "is silent about reducing seam failure in folded and crimped seams") in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 95 should be deemed admitted in its entirety.

96. Plaintiff admits that the quoted portions are found where indicated in the Yadlowsky Application, which is all that Defendants' Statement of Fact No. 99 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. Plaintiff further fails to explain what specifically about Defendants' partial quote from Yadlowsky was misleading, and what difference Plaintiff's inclusion of what it feels is the more complete quote changes in any way its position as to whether or not what is set forth in Defendants' Statement of Fact No. 96 is in dispute. For these reasons, Defendants' Statement of Fact No. 99 should be deemed admitted in its entirety.

97. Unlike Plaintiff's responses to Defendants' Statements of Fact Nos. 92, 95 and 96, Plaintiff is able to simply admit that "the quoted portions [from the Yadlowsky Application set forth in Defendants' Statement of Fact No. 97] are found where indicated in the Yadlowsky Application." Given that Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 97, it should therefore be deemed admitted in its entirety.

98. Plaintiff admits that the quoted portions are found where indicated in the Yadlowsky Application, which is all that Defendants' Statement of Fact No. 98 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without

providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 98 should be deemed admitted in its entirety.

99.     Plaintiff admits that the quoted portions are found where indicated in the Yadlowsky Application, which is all that Defendants' Statement of Fact No. 99 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 99 should be deemed admitted in its entirety.

### C.     THE NOISET PATENT

100.    Admitted by Plaintiff without qualification.

101.    Plaintiff admits that the quoted portions are found where indicated in the Noiset Patent, which is all that Defendants' Statement of Fact No. 101 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 101 should be deemed admitted in its entirety.

102.    Plaintiff's one-word denial of Defendants' Statement of Fact No. 102, with the lone supporting reference being the identical passage from Noiset relied upon by Defendants to support their Statement of Fact in the first instance, in no way places in dispute the statements made by Defendants in a manner consistent with Local Rule 56. As such, Defendants' Statement of Fact No. 102 must be deemed admitted in its entirety.

103.    Plaintiff's denial is not supported by anything in the record, let alone include a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For that reason alone, Defendants' Statement of Fact No. 103 should be deemed admitted in its entirety due to Plaintiff's failure to satisfy the requirements of Local Rule 56(a)(3).

104. Plaintiff admits that the quoted portions are found where indicated in the Noiset Patent, which is all that Defendants' Statement of Fact No. 104 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 104 should be deemed admitted in its entirety.

105. Plaintiff admits that the quoted portions are found where indicated in the Noiset Patent (as properly corrected by Plaintiff), which is all that Defendants' Statement of Fact No. 105 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 105 should be deemed admitted in its entirety.

106. Plaintiff admits that the quoted portions are found where indicated in the Noiset Patent, which is all that Defendants' Statement of Fact No. 106 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 106 should be deemed admitted in its entirety.

107. Plaintiff admits that the quoted portions are found where indicated in the Noiset Patent, which is all that Defendants' Statement of Fact No. 107 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 107 should be deemed admitted in its entirety.

108. Plaintiff's one-word response ("Denied.") to Defendants' Statement of Fact No. 108,

without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 108 should be deemed admitted in its entirety.

At a minimum, it is bad faith for Plaintiff not to at least admit that the passages quoted from the Noiset Patent in Defendants' Statement of Fact No. 108 are found where indicated in Noiset. In fact, Defendants' Statement of Fact No. 108 amounts to nothing more than just that: restatements and direct quotes from the disclosure of the Noiset Patent. Defendants cannot imagine which portion of their Statement of Fact No. 108 might even arguably be deniable, let alone comprehend how Plaintiff can simply deny the Statement in its entirety. Because of its failure to satisfy its obligations under Local Rule 56, Defendants (and the Court) have no basis on which to evaluate Plaintiff's denial. As such, it should be deemed admitted in its entirety.

109.   Plaintiff admits that the quoted portions and silicone percentages are found where indicated in the Noiset Patent, which is all that Defendants' Statement of Fact No. 109 conveys. It is inappropriate for Plaintiff to then include arguments in its responsive Statement of Facts that address issues never even alluded to let alone affirmatively raised in Defendants' Statement of Fact. To do so without providing any factual foundation whatsoever to support such arguments is even more egregious. For these reasons, Defendants' Statement of Fact No. 109 should be deemed admitted in its entirety.

110.   Plaintiff admits that Table 1 reports a decrease in porosity of 1.60% for sample 1. Plaintiff then denies that any sample tested was disclosed for use with tea bags or to reduce failure of folded and crimped tea bag seams. This, despite the explicit language immediately preceding Table 1 in the Noiset Patent, which states in pertinent part: "... the results given in Table 1 being for **tea bags** ...." Noiset Patent, col. 4, lines 29-30 (emphasis added). To make these added statements without any factual foundation whatsoever to support them is even more egregious. For these reasons, Defendants' Statement of Fact No. 110 should be deemed admitted in its entirety.

111.    Plaintiff responds to Defendants' Statement of Fact No. 111 ("Table 3 in the Noiset Patent sets forth test results showing that seams in webs treated with a water-repellent silicone material took longer to come apart than comparable untreated webs. *Id.* at 5:5-35.") with one word – "Denied". This one-word response, without even the least bit of support in the record, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, is in direct contravention of the requirements of Local Rule 56(a)(3). For that reason alone, Defendants' Statement of Fact No. 111 should be deemed admitted in its entirety.

112.    Plaintiff admits that the portion of Peter Scott's deposition testimony reproduced in Defendants' Statement of Fact No. 112 is accurately quoted. Therefore, Defendants' Statement of Fact No. 112 can be deemed admitted in its entirety.

113.    Due to an inadvertent oversight, there was no Statement No. 113 and two Statement Nos. 114, as correctly pointed out by Plaintiff.

114.    As with Defendants' Statement of Fact No. 112, Plaintiff admits that the portion of Peter Scott's deposition testimony reproduced in Defendants' Statement of Fact No. 114 is accurately quoted, which is all that Statement of Fact No. 112 conveys. Nevertheless, Plaintiff adds to its response in this instance the outlandish and completely unsupported qualification that "the question was ambiguous and, therefore, the answer is meaningless." It is unclear what specific "question" Plaintiff is referring to, as there are three questions reproduced in the quoted passage of deposition testimony, as set forth below. Nor does Plaintiff even attempt to explain what about the question (whichever one it may be) was in its view ambiguous, and moreover failed to explain how such ambiguity translated into an answer (whichever one it may be) that was meaningless.

Q:    Now, would paper made according to the Noiset patent have any water climb.

A:    I don't believe so.

Q:    It would be inherent in the chemical properties of the paper; correct?

A:    If it's covering the entire surface, yes.

-28-

Q: It would have no water climb?

A: Yes.

See Tab S, Scott Dep., Vol. 1, at 210:15-22. [Tab S of Defendants' Appendix of Exhibits submitted in connection with their Motion for Summary Judgment

Nor does Plaintiff provide even the least bit of support in the record for its statement, let alone a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. For those reasons, Defendants' Statement of Fact No. 114 should be deemed admitted in its entirety in light of Plantiff's failure to comply with the requirements of Local Rule 56(a)(3).

## VIII. OTHER RELEVANT PRIOR ART

114 (second occurrence).  Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 114, and therefore it should be deemed admitted in its entirety.

115.  Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 115, and therefore it should be deemed admitted in its entirety.

116.  Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 116, and therefore it should be deemed admitted in its entirety.

117.  Plaintiff's qualified admission does not deny any portion of Defendants' Statement of Fact No. 117, and therefore it should be deemed admitted in its entirety.

## IX. DISCLOSURE OF THE PRIOR ART VS. THE CLAIMS OF THE '997 PATENT

### A. KELLEY PATENT v. CLAIMS 2-16 OF THE '997 PATENT

118-132.  Plaintiff's denial of Defendants' Statements of Fact Nos. 118-132 is not made in good faith, for at a minimum Plaintiff cannot deny that the text of claim 2 from the '997 Patent is reproduced in the right-hand column of the table that appears at Defendants' Statement of Fact No. 118, that the text of claim 3 from the '997 Patent is reproduced in the right-hand column of the table that appears at Defendants' Statement of Fact No. 119, and so forth for Statements of Fact Nos. 120-