132 (in which the text of claims 4-16, respectively, is reproduced).

Nor can Plaintiff dispute that various passages reproduced from the Kelley Patent in the left-hand column of each table do indeed appear in the Kelley Patent, and do indeed appear at the locations in the Kelley Patent cited by Defendants.

If Plaintiff has a disagreement over whether or not certain elements or features disclosed in Kelley correspond to certain elements of the '997 Patent's claims (a correlation, notably, that is nowhere asserted in Defendants' Statements of Fact Nos. 118-132), then Plaintiff should address this in its opposition *brief*, not in its opposing *statement of facts*.

Plaintiff asserts that the information set forth in Defendants' Statements of Fact Nos. 118-132 is "taken out of context," but Plaintiff does not provide any factual support for this statement such as a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3).

Plaintiff also asserts that Defendants' Statement of Fact No. 118, for example, "ignores the fact that Claim 2 also contains all of the limitations included in Claim 1." However, there is nothing about Defendants' Statement of Fact No. 118 which suggests that the information provided therein is meant to convey anything one way or the other with respect to Claim 1. Defendants' Statement of Fact No. 118 does nothing more than (1) reproduce the text of Claim 2 of the '997 Patent in the right-hand column of a table, and (2) reproduce a sentence from the Kelley Patent in the left-hand column of the table. Therefore, Plaintiff's aforementioned objection -- aside from not being factual in nature -- is misplaced.

Plaintiff also makes the broad objection to all of Defendants' Statements of Fact Nos. 118-132 on the basis that "no specific feature alleged to be inherently disclosed in the Kelley Patent is identified in the Statement with the particularity required to admit or deny." This blanket objection is improper, inasmuch as none of the information provided from the Kelley Patent in the left-hand columns of the tables found at Defendants' Statements of Facts Nos. 118-125 and 127-132 (corresponding to claims 2-9 and 11-16 of the '997 Patent) relies in any way on the inherency

doctrine. The information provided in those Statements of Fact is all taken directly from Kelley. The lone of statement of fact which references inherency is Defendants' Statement of Fact No. 126(g), and as to that statement Defendants do indeed provide reference to the record (Plaintiff's admission made during its European Opposition proceeding against Crompton as to the inherent properties of webs made in accordance with the Kelley Patent vis-à-vis the properties possessed by webs made in accordance with the '997 Patent, as well as citation to the quotation of two specific passages from the Kelley Patent).

Plaintiff's objection is one based purely in law, not in fact, as evidenced by Plaintiff's statement in its response to Defendants' Statement of Fact No. 126 that "As a matter of law, to establish inherency, the party asserting inherency must establish that what is inherent necessarily flows from the machine or method each and every time." Aside from the fact that this statement is given without any support whatsoever, it is clear Plaintiff fails to separate the questions of law and its arguments (suitable for inclusion in its opposition brief) from the issues of pure fact (suitable for inclusion in an opposing statement of facts).

For the foregoing reasons, Defendants' Statements of Fact Nos. 118-132 should be deemed admitted in their entireties.

**B.   YADLOWSKY APPLICATION v. CLAIMS 2, 5, 8-11 AND 14-16 OF THE '997 PATENT**

133-141.   Plaintiff's denial of Defendants' Statements of Fact Nos. 133-141 is not made in good faith, for at a minimum Plaintiff cannot deny that the text of claim 2 from the '997 Patent is reproduced in the right-hand column of the table that appears at Defendants' Statement of Fact No. 133, that the text of claim 5 from the '997 Patent is reproduced in the right-hand column of the table that appears at Defendants' Statement of Fact No. 134, and so forth for Statements of Fact Nos. 135-141 (in which the text of claims 8-11 and 14-16, respectively, is reproduced).

Nor can Plaintiff dispute that various passages reproduced from the Yadlowsky Application in the left-hand column of each table do indeed appear in the Yadlowsky Application,

and do indeed appear at the locations in the Yadlowsky Application cited by Defendants.

If Plaintiff has a disagreement over whether or not certain elements or features disclosed in Yadlowsky correspond to certain elements of the '997 Patent's claims (a correlation which it should be noted is nowhere asserted in Defendants' Statements of Fact Nos. 133-141), that is something for Plaintiff to address in its opposition *brief*, not in its opposing *statement of facts*.

Plaintiff asserts that the information set forth in Defendants' Statements of Fact Nos. 133-141 is "taken out of context," but Plaintiff does not provide any factual support for this statement such as a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3).

Plaintiff also asserts that Defendants' Statement of Fact No. 133, for example, "ignores the fact that Claim 2 also contains all of the limitations included in Claim 1." However, there is nothing about Defendants' Statement of Fact No. 133 which suggests that the information provided therein is meant to convey anything one way or the other with respect to Claim 1. Defendants' Statement of Fact No. 133 does nothing more than (1) reproduce the text of Claim 2 of the '997 Patent in the right-hand column of a table, and (2) reproduce text from the Yadlowsky Application in the left-hand column of the table. Therefore, Plaintiff's aforementioned objection -- aside from not being factual in nature --is misplaced.

Plaintiff also makes the broad objection to all of Defendants' Statements of Fact Nos. 133-141 on the basis that "no specific feature alleged to be inherently disclosed in the Yadlowsky Application is identified in the Statement with the particularity required to admit or deny." This blanket objection is improper, inasmuch as none of the information provided from the Yadlowsky Application in the left-hand columns of the tables found at Defendants' Statements of Facts Nos. 133-141 relies in any way on the inherency doctrine. The information provided in those Statements of Fact is all taken directly from Yadlowsky.

Plaintiff's objection is one based purely in law, not in fact, as evidenced by Plaintiff's repeated statement in its response to Defendants' Statements of Fact Nos. 133-141 that "As a matter

of law, to establish inherency, the party asserting inherency must establish that what is inherent necessarily flows from the machine or method each and every time." Aside from the fact that this statement is given without any support whatsoever, it is clear Plaintiff fails to separate the questions of law and its arguments (suitable for inclusion in its opposition brief) from the issues of pure fact (suitable for inclusion in an opposing statement of facts).

For the foregoing reasons, Defendants' Statements of Fact Nos. 118-132 should be deemed admitted in their entireties.

### C.    NOISET PATENT v. CLAIMS 2, 5, 8-11 AND 14-16 OF THE '997 PATENT

142-150.    Plaintiff's denial of Defendants' Statements of Fact Nos. 142-150 is not made in good faith, for at a minimum Plaintiff cannot deny that the text of claim 2 from the '997 Patent is reproduced in the right-hand column of the table that appears at Defendants' Statement of Fact No. 142, that the text of claim 5 from the '997 Patent is reproduced in the right-hand column of the table that appears at Defendants' Statement of Fact No. 143, and so forth for Statements of Fact Nos. 144-150 (in which the text of claims 8-11 and 14-16, respectively, is reproduced).

Nor can Plaintiff dispute that various passages reproduced from the Noiset Patent in the left-hand column of each table do indeed appear in the Noiset Patent, and do indeed appear at the locations in the Noiset Patent cited by Defendants.

If Plaintiff has a disagreement over whether or not certain elements or features disclosed in Noiset correspond to certain elements of the '997 Patent's claims (which correlation is nowhere asserted in Defendants' Statements of Fact Nos. 142-150), that is something for Plaintiff to address in its opposition *brief*, not in its opposing *statement of facts*.

Plaintiff asserts that the information set forth in Defendants' Statements of Fact Nos. 142-150 is "taken out of context," but Plaintiff does not provide any factual support for this statement such as a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial, as required by Local Rule 56(a)(3).

Plaintiff also asserts that Defendants' Statement of Fact No. 142, for example,

"ignores the fact that Claim 2 also contains all of the limitations included in Claim 1." However, there is nothing about Defendants' Statement of Fact No. 142 which suggests that the information provided therein is meant to convey anything one way or the other with respect to Claim 1. Defendants' Statement of Fact No. 142 does nothing more than (1) reproduce the text of Claim 2 of the '997 Patent in the right-hand column of a table, and (2) reproduce two passages from the Noiset Patent in the left-hand column of the table. Therefore, Plaintiff's aforementioned objection -- aside from not being factual in nature --is misplaced.

Plaintiff also makes the broad objection to all of Defendants' Statements of Fact Nos. 142-150 on the basis that "no specific feature alleged to be inherently disclosed in the Noiset Patent is identified in the Statement with the particularity required to admit or deny." This blanket objection is improper, inasmuch as none of the information provided from the Noiset Patent in the left-hand columns of the tables found at Defendants' Statements of Facts Nos. 142-145, 147-148 and 150 (corresponding to claims 2, 5, 8, 9, 11, 14 and 16 of the '997 Patent) relies in any way on the inherency doctrine. The information provided in those Statements of Fact is all taken directly from Noiset. The lone of statements of fact which reference inherency are Defendants' Statement of Fact No. 146(c), 146(g) and 149(a), and as to those statements Defendants do indeed provide reference to the record (specific passages to the deposition testimony of Peter Scott, an employee of Plaintiff and one of the named inventors on the '997 Patent).

Plaintiff's objection is based purely in law, not in fact, as evidenced by Plaintiff's statement in its response to Defendants' Statements of Fact Nos. 142-146 that "[a]s a matter of law, to establish inherency, the party asserting inherency must establish that what is inherent necessarily flows from the machine or method each and every time." Aside from the fact that this statement is given without any support whatsoever, Plaintiff is clearly failing to separate the questions of law and its arguments (suitable for inclusion in its opposition brief) from the issues of pure fact (suitable for inclusion in an opposing statement of facts).

For the foregoing reasons, Defendants' Statements of Fact Nos. 142-150 should be

deemed admitted in their entireties.

**CONCLUSION**

For the foregoing reasons, the following statements in Defendants' Local Rule 56(a)(1) Statement of Facts should be deemed admitted: 5-7, 10, 16-24, 28-32, 34, 35, 38-44, 46-61, 62-74, 76, 79-88, 90, 92-99, 101-112, 114, 114 (second occurrence), 115-117, 118-132, 133-141, and 142-150. In addition, due to the Plaintiff's failure to comply with the express provisions of Local Rule 56(a), the Defendants respectfully request that this Court enter appropriate sanctions.

Defendants, Schoeller & Hoesch, NA, Inc.
and P. H. Glatfelter Company

By _/s/ Brett Boskiewicz_
Dina S. Fisher (ct 14896)
dfisher@rc.com
Brett Boskiewicz (ct 25632)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Marc J. Farrell (ct 24539)
farrellmj@bipc.com
BUCHANAN INGERSOLL, P.C.
One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by means of facsimile and first class mail, on this the 23rd day of December, 2004, upon the following:

Sidney R. Bresnick, Esq.
Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY 10176

Basam E. Nabulsi, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT 06902

Eric E. Grondahl, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
City Place I
185 Asylum Street, 36th Floor
Hartford, CT 06103-3495

_____
Brett J. Boskiewicz