don't know. Legal question." Malcolm Depo., 61:23 to 62:1. It was only as a result of subsequent

questioning that Dr. Malcolm , claiming to have "misunderstood" the question, changed his answer

to agree that the '997 Patent does not describe heatsealable papers. Malcolm Depo., 62:2 to 63:14.

This is simply one example that highlights the overall unreliability that pervades the entire Malcolm

Declaration.

> **E.     DR. MALCOLM'S DECLARATION OUTRIGHT MISREPESENTS THE EXPLICIT DISCLOSURES OF THE PRIOR ART REFERENCE, AND IS CLEARLY NOT THE SORT OF OBJECTIVE EVIDENCE THAT CAN BE RELIED UPON.**

The fact that Dr. Malcolm is willing to deny the existence of information that no reasonable

person could question appears in the prior art places into question any sense of objectivity as to his

entire declaration. Perhaps one of the most blatant examples is his unqualified assertions that there

is "no teaching or suggestion" in either Yadlowsky, Kelley or Noiset of "a fibrous web suited for

making infusion packages for brewing beverages and exhibiting improved resistance to the failure of

a mechanical seam therein." Malcolm Decl., ¶ 52.

The unqualified nature of Dr. Malcolm's statement gives the impression that Yadlowsky, for

example, discloses none of the identified subject matter, i.e., does not disclose "a fibrous web", let

alone "a fibrous web suited for making for making packages", let alone "a fibrous web suited for

making infusion packages for brewing beverages." Yet clearly it cannot be disputed that at a

minimum Yadlowsky does expressly teach "a fibrous web suited for making infusion packages for

brewing beverages." Either Dr. Malcolm is taking an entirely untenable position with respect to

what is taught or suggested in Yadlowsky, or has chosen to present his testimony in a manner which

is highly misleading. If he believes there is no teaching or suggestion in Yadlowsky of solely that

portion related to "improved resistance in the failure of a mechanical seam therein," then he should have specified as much.

Even more troubling is Dr. Malcolm's assertion that the Noiset Patent contains no teaching or suggestion of "a fibrous web suited for making infusion packages for brewing beverages and exhibiting improved resistance to the failure of a mechanical seam therein." Noiset plainly and unequivocally states that one of the objectives of his invention is to "improve the rate of infusion of the liquid through the paper while minimizing the possible delamination of the seals provided therein," and explicitly states that the webs to which its invention related included **"the non-heatseal variety that require mechanical fastening for the formation of the tea bag."** Noiset Patent, col. 1, lines 63-65; col. 2, lines 46-47 (emphasis added). Such misleading assertions on Dr. Malcolm's part mark a significant underlying weakness in Dr. Malcolm's Declaration.

F.    DR. MALCOLM'S TESTIMONY AS TO INHERENCY IS MISPLACED AS
      IT RELATES TO ANTICIPATION.

A flawed approach to inherency analysis inheres in Dr. Malcolm's attempts to establish that none of the three prior art references relied on by Defendants inherently discloses the limitations of the '997 Patent's claims calling for a) "no appreciable water climb when measured using water at a temperature of about 100°C," b) "no substantial loss of infusion characteristics," and c) "less than 10 percent failure in the mechanical seam upon exposure to boiling water." Dr. Malcolm states:

> A person of ordinary skill would not infer that the "water resistance"
> referred in the Kelley patent necessarily leads to water repellency as
> referred to in the '997 patent.

Malcolm Decl., ¶ 32. This approach to inherency is not supported by established case law, and as such cannot be taken into consideration.

Specifically, the Court of Appeals for the Federal Circuit has held that "inherent anticipation does not require that a person of ordinary skill in the art at the time would have recognized the inherent disclosure." *Schering Corp. v. Geneva Pharmaceuticals*, 339 F.3d 1373, 1377 (Fed. Cir. 2003) (citations omitted). It is inappropriate, therefore, for Plaintiff to rely upon the expert testimony of Dr. Malcolm in this regard to refute Defendants' assertions of inherency, and for that reason Dr. Malcolm's testimony regarding inherency must be stricken.

## III.    CONCLUSION

For the foregoing reasons, the Defendants, Schoeller & Hoesch , NA, Inc. and P. H. Glatfelter Company, respectfully request that the Court enter an Order striking the declaration of Earl W. Malcolm.

**DEFENDANTS**
Schoeller & Hoesch, NA, Inc.
and P. H. Glatfelter Company

By _____

Dina S. Fisher (ct 14896)
dfisher@rc.com
Brett Boskiewicz (ct 25632)
bboskiewicz@rc.com
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

Marc J. Farrell (ct 24539)
farrellmj@bipc.com
BUCHANAN INGERSOLL, P.C.
One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121

## CERTIFICATION

This is to certify that a copy of the foregoing was served by means of facsimile and first class mail, on this the 23rd day of December, 2004, upon the following:

Sidney R. Bresnick, Esq.
Yunling Ren, Esq.
Cohen, Pontani, Lieberman & Pavane
551 Fifth Avenue
New York, NY  10176

Basam E. Nabulsi, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
Four Stamford Plaza
107 Elm Street, 9th Floor
Stamford, CT  06902

Eric E. Grondahl, Esq.
Alexandra Stevens, Esq.
McCarter & English LLP
City Place I
185 Asylum Street, 36th Floor
Hartford, CT  06103-3495


_____
Brett J. Boskiewicz

## EXHIBIT A

## FILED UNDER SEAL

**EXHIBIT B**

**FILED UNDER SEAL**

## EXHIBIT C

## FILED UNDER SEAL