IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2004 DEC 23 P 4: 51
DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, | |
| Plaintiff | CASE NO. 3:03-CV-0169-AVC |
| v. | |
| SCHOELLER & HOESCH, NA, INC., | |
| and | DECEMBER 23, 2004 |
| P. H. GLATFELTER COMPANY | |
| Defendants | |

**DEFENDANTS' OBJECTION S TO PLAINTIFF'S
LOCAL RULE 56(a)(2) STATEMENT
AND MOTION FOR SANCTIONS**

**INTRODUCTION**

Plaintiff's Local Rule 56(a)(2) Statement fails to comply with the requirements set forth in Local Rule 56(a), and warrants appropriate sanctions by this Court.

Local Rule 56(a)(3) states in part:

> Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, **and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial.** The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e).

Rule 56(a)(3) of the Local Civil Rules of United States District Court for the District of Connecticut (emphasis added).

As set forth in detail below, Plaintiff's "Local Rule 56(a)(2) Statement in Opposition to Motion for Summary Judgment" falls far short of the requirements of the local rules. Plaintiff's Local Rule 56(a)(2) Statement is rife with bald conclusions bearing no citation whatsoever to affidavits, responses to discovery requests, deposition testimony or other documents (let alone

HART1-1226098-1

[Margin note, left side, rotated:] January 21, 2005. SO ORDERED. The motion is denied to the extent it seeks an order imposing sanctions. Alfred V. Covello, U.S.D.J.

[Stamp:] FILED 2005 JAN 21 P 4:

[Handwritten bottom:] 03cv169 @ND171