175
176

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 JAN 13  A 10: 38

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| AHLSTROM WINDSOR LOCKS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 3:03-CV-0169 (AVC) |
| ) | |
| SCHOELLER & HOESCH, N.A., INC. and  ) | |
| P.H. GLATFELTER COMPANY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT, MEMORANDUM OF LAW IN SUPPORT THEREOF, AND OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiff, Ahlstrom Windsor Locks LLC ("Ahlstrom" or "Plaintiff"), hereby moves the Court for an order striking the statements made by defendants, Schoeller & Hoesch, N.A., Inc. ("S&H") and P.H. Glatfelter Company ("Glatfelter") (collectively "Defendants") pursuant to D. Conn. L. Civ. R. 56(a)(1) (the "Rule 56(a)(1) Statement") in support of Defendants' motion for summary judgment of invalidity of U.S. Patent No. 5,431,997 (the "'997 patent"). The basis for this motion is that Defendants have failed to comply with the requirements of Local Rule 56(a)(3) by failing to provide sufficient evidence to substantiate their Rule 56(a)(1) Statements. Accordingly, Defendants' unsupported Rule 56(a)(1) Statements should be struck.

**I.     INTRODUCTION**

On October 8, 2004, Defendants filed a motion for summary judgment asserting that the '997 patent is invalid under 35 U.S.C. §§ 102 and/or 103 (the "Summary Judgment Motion"), as being anticipated, or in the alternative rendered obvious, by each

[Margin notation, handwritten: "As this matter has been reported settled, the motion is denied as moot  /s/ Alfred V. Covello, U.S.D.J.   January 21, 2005. SO ORDERED."]

03cv169end175